IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETHYPHARM S.A. FRANCE & <br> ETHYPHARM S.A. SPAIN, <br> <br> Plaintiffs <br> <br> v. <br> <br> BENTLEY PHARMACEUTICALS, INC. <br> <br> Defendant. | ) <br> ) <br> ) <br> ) C.A. No. 04-1300 (SLR) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT BENTLEY PHARMACEUTICALS, INC.'S
SUPPLEMENTAL MEMORANDUM REGARDING
NEW FACTS RELEVANT TO BENTLEY'S MOTION TO DISMISS**

OF COUNSEL:

Craig E. Stewart
Marc J. Goldstein
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
Telephone: (617) 239-0100

Dated: June 30, 2005

Richard L. Horwitz (#2246)
David E. Moore (#3898)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*

## TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDING.................................................................1

ETHYPHARM'S NEW ACTION AGAINST BELMAC FOR PATENT
    INFRINGEMENT..................................................................................................2

ARGUMENT .....................................................................................................................3

    1. ETHYPHARM'S CLAIMS ARISE FROM THE ALLEGED
       WRONGFUL CONDUCT OF BELMAC. ............................................................4

    2. ETHYPHARM'S SPANISH ACTION DEMONSTRATES THAT IT
       HAS A CONVENIENT FORUM TO LITIGATE ITS CLAIMS. ........................5

    3. THE RISK OF INCONSISTENT JUDGMENTS AND/OR
       MULTIPLE OBLIGATIONS FAVORS DISMISSAL OF THE
       PRESENT ACTION..............................................................................................6

CONCLUSION..................................................................................................................8

# TABLE OF AUTHORITIES

## CASES

*Dou Yee Enterprises PTE v. Advantek, Inc.*,
    149 F.R.D. 185 (D. Minn. 1993)......................................................................................6

*Japan Petroleum Co. (Nigeria), Ltd. v. Ashland Oil Co.*,
    456 F. Supp. 831 (D. Del. 1978)......................................................................................5

*Johnson & Johnson v. Coopervision, Inc.*,
    720 F. Supp. 1116 (D. Del. 1989)................................................................................5, 7

*Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*,
    201 F.R.D. 337 (D. Del. 2001), *rev'd on other grounds*,
    65 Fed. Appx. 803 (3rd Cir. 2003)..................................................................................5

## RULES

Fed. R. Civ. P. 12(b)(7)..........................................................................................................5

Fed. R. Civ. P. 19..............................................................................................................1, 5

Fed. R. Civ. P. 19(a) ..............................................................................................................7

Fed. R. Civ. P. 19(b) ..............................................................................................................5

## NATURE AND STAGE OF THE PROCEEDING

On November 9, 2004, Bentley Pharmaceuticals, Inc. ("Bentley") moved to dismiss the complaint in this action pursuant to Fed. R. Civ. P. 19 ("Rule 19") because the plaintiffs Ethypharm S.A. France and Ethypharm S.A. Spain ("Ethypharm") failed to join Bentley's wholly-owned subsidiary, Laboratorios Belmac S.A. ("Belmac"), a necessary and indispensable party. In its Memorandum in Support of the Motion to Dismiss, Bentley pointed out: (i) that it was Belmac who entered into the Manufacturing Contract with Ethypharm on March 23, 2000[1]; (ii) that it was Belmac who began manufacturing omeprazole in Spain using Ethypharm's machinery and, at first, Ethypharm's patented technology; (iii) that it was Belmac who declined to renew the Manufacturing Contract which expired by its terms on March 22, 2002; and (iv) that the plaintiffs' complaint alleges that "after approximately March 23, 2002," it was Belmac who "wrongfully appropriated Ethypharm's technology, trade secrets, machinery, processes, and know-how." (Complt. ¶ 88).

Bentley also called this Court's attention to the fact that in October 2002 Ethypharm brought a proceeding against Belmac in Spain asking the Court of First Instance No. 72 (Madrid) and the Court of First Instance No. 14 (Zaragoza) to investigate whether Belmac was infringing Ethypharm's omeprazole manufacturing patent in violation of Spanish intellectual property law and/or Spanish legislation on unfair competition. (App. A-2-3, Palencia Decl., ¶¶ 4,6).

---

[1] See Exhibits E and F to Affidavit of Adolpho Herrera, Defendant's Appendix at A-92-97. For ease of reference, a copy of the exhibits are attached as Ex. A hereto. See also, Bentley's Memorandum in Support of its Motion to Dismiss ("Memorandum") at 2-7.

Based on these facts, as well as the additional facts and law cited in its briefs and appendix, Bentley argued that Belmac was the crucial participant in the alleged wrongful conduct and was a necessary and indispensable party. Bentley argued further that allowing Ethypharm's claims of misappropriation of nonspecific and undefined technology and trade secrets to proceed in this Court, without the presence of Belmac, would prejudice Belmac's ability to protect its interests in its own omeprazole technology and would run the risk of Belmac being subjected to inconsistent judgments or multiple obligations should Ethypharm initiate a new action against Belmac in Spain. *See* Bentley's Memorandum in Support of its Motion to Dismiss at 17.

Bentley has filed this memorandum to bring to this Court's attention new facts that it believes will assist this Court in ruling on its motion to dismiss.

### ETHYPHARM'S NEW ACTION AGAINST BELMAC FOR PATENT INFRINGEMENT

On or about April 11, 2005, Ethypharm S.A. (Spain) filed suit in the Mercantile Court of Madrid against Belmac alleging infringement of its Spanish omeprazole Patent No. ES 9301319 (the "Spanish Action"). A certified translated copy of the complaint is attached as Ex. B hereto (the "Spanish Complaint").

In the Spanish Action, Ethypharm alleges that since March 2002, Belmac has infringed its Spanish patent 9301319 (the "'319 Patent") in the manufacture of omeprazole at Belmac's facility in Zaragoza, Spain. The complaint specifically alleges:

- That Ethypharm and Belmac entered into a Manufacturing Contract of "23rd March 2000 and the purchase commitment contract of the same date." (Ex. B, "Third (B)");

- That on November 14, 2001 Belmac gave notice to Ethypharm of its intention to "unilaterally" terminate the contract effective March 23, 2002. (Ex. B, "Fourth (A)")[2];

- That the decision by Belmac to "unilaterally terminate the contract gave rise to the corresponding conflict between the parties." (*Id.*);

- That from and after March 23, 2002, Belmac was making its own omeprazole and was "using [Ethypharm's] own machinery and patent to do so." (Ex. B, "Fifth (A)");

- That Belmac's own omeprazole patents which was/were applied for on April 6, 2001 and recently granted are "irrelevant." (Ex. B, "Sixth (C)");

- That Ethypharm is entitled to damages from the manufacture and sale of omeprazole by Belmac from March 23, 2002 "until the date on which the sentence to this suit is issued." (Ex. B, "Seventh. (B)").

**ARGUMENT**

Ethypharm's Spanish Action lends further support to Bentley's motion to dismiss for three reasons. First, the Spanish Complaint makes clear that it is the alleged wrongdoing of Belmac, not Bentley, nor "Belmac-as-the- agent-of-Bentley," that gives rise to Ethypharm's cause of action. Second, the filing of Ethypharm's complaint in the Mercantile Court of Madrid underscores that Ethypharm has a forum in which it can fully adjudicate all of its claims. Third, the presence of two parallel actions, one against

---

[2] Which Belmac was explicitly permitted to do under the terms of the contract: "The present agreement will remain in force for the period of two (2) years, being tacitly extendible for the same term except where one of the parties should claim otherwise in writing before expiry, with prior notice of four (4) months." Defendant's App. A-94.

3

Belmac and one against Bentley, both of which allege the unlawful use of Ethypharm's patented technology and both of which seek damages for the same time period, as well as injunctive relief and punitive damages, present the substantial risk to Belmac and Bentley of inconsistent judgments and multiple obligations.

### 1. Ethypharm's Claims Arise From the Alleged Wrongful Conduct of Belmac.

Despite Ethypharm's repeated allegations that Belmac is merely the agent of Bentley in the parade of misdeeds alleged in its complaint in the U.S. action, Ethypharm's complaint in the Spanish Action fails even to mention Bentley, let alone allege that Belmac was acting as the "agent" of Bentley with respect to its alleged misconduct. If there were any basis in fact for Ethypharm's claim in the U.S. action that Belmac was acting as Bentley's agent when, for example, it informed Ethypharm that it would not renew the March 23, 2000 Manufacturing Agreement, or when it allegedly continued to manufacture omeprazole using Ethypharm's proprietary and confidential technology, one reasonably would have expected Ethypharm to make the same claim with regard to the substantially similar allegations of wrongdoing asserted in the Spanish Action. The fact that it did not do so is telling.

Further, in the Spanish Action Ethypharm has only pursued a claim for patent infringement against Belmac. The fact that Ethypharm asserts no claims against Belmac for misappropriation of its "know-how, trade secrets, technology, processes, formulae, and analytical methods," which is the core of its U.S. Action, strongly suggests that Ethypharm's "secret technology" and its '319 Patent are one and the same. Alternatively, Ethypharm has deliberately decided to split its cause of action so that it can have a second bite at proving liability, in a different forum, if the first bite doesn't succeed.

4

As stated in Bentley's Memorandum, this Court has previously found that subsidiary corporations are necessary parties when the subsidiary was the primary participant in the alleged wrongful conduct. *See, e.g., Johnson & Johnson v. Coopervision, Inc.*, 720 F. Supp. 1116, 1119-20, 1122 (D. Del. 1989); *Japan Petroleum Co. (Nigeria), Ltd. v. Ashland Oil Co.*, 456 F. Supp. 831, 836 (D. Del. 1978). Ethypharm's Spanish Complaint demonstrates that Belmac was the primary, if not the only, participant in the alleged wrongful appropriation of Ethypharm's patented technology.

### 2. Ethypharm's Spanish Action Demonstrates that it has a Convenient Forum to Litigate its Claims.

Courts have repeatedly dismissed actions under Rule 19 where the plaintiff can sue the necessary party in an alternative forum. In *Japan Petroleum*, this Court granted a motion to dismiss for failure to join the defendant's subsidiary. 456 F.Supp. at 847-48. The court reasoned that the plaintiff had an "adequate remedy if the action is dismissed" because it had the option to sue the subsidiary in Nigeria. *Id.* at 847. This factor helped persuade the court that the subsidiary was indispensable under Rule 19(b) and that dismissal was proper. *Id.* Likewise, in *Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*, this Court granted a Rule 12(b)(7) motion to dismiss because, *inter alia*, "[a] judgment in Defendant's favor would not be "adequate" because Plaintiffs *could* subsequently sue the Subsidiaries in a different forum based on essentially the same facts . . ." 201 F.R.D. 337, 340-41 (D. Del. 2001) (emphasis added), *rev'd on other grounds by* 65 Fed. Appx. 803 (3d Cir. 2003).

This case presents stronger facts favoring a finding of indispensability under Rule 19(b) than did *Japan Petroleum* or *Jurimex*. In this case, Ethypharm does not merely

5

have the option of suing Belmac in a different forum – it has actually availed itself of three different Spanish courts in pursuit of its claims against Belmac: the Court of First Instance No. 72 (Madrid), the Court of First Instance No. 14 of Zaragoza, Spain, and now the Mercantile Court of Madrid. It is therefore abundantly clear that the U.S. District Court for the District of Delaware is neither the only forum available to adjudicate Ethypharm's claims nor the most convenient.[3]

### 3. The Risk of Inconsistent Judgments and/or Multiple Obligations Favors Dismissal of the Present Action.

Proceedings both here and in Spain on essentially the same claims could lead to two conflicting outstanding judgments regarding essentially the same allegedly wrongful conduct. For instance, the Spanish court could find that Belmac developed its own technology and did not infringe on Ethypharm's patented technology and know-how. In such a case, inconsistent judgments would ensue if this court finds that Bentley misappropriated Ethypharm's alleged trade secrets based on the same patented technology, know-how, and occurrences that underlie the Spanish suit. Moreover, there is a substantial risk that Bentley and Belmac would be subjected to multiple obligations.

---

[3] The conduct of Belmac is central to Ethypharm's claims and Spain provides a convenient and far superior forum for adjudicating this dispute. One of the plaintiffs in this action is Ethypharm's Spanish subsidiary (Compl. p. 1, D.I. 1.), which is the plaintiff in the Spanish Action. Belmac is a Spanish corporation, headquartered in Madrid, with a manufacturing facility in Zaragoza where the alleged misappropriation occurred. (App. A-2, Palencia Decl., ¶ 3.) All of the underlying events occurred, and most of the underlying individuals are located, in Spain. (App. A-46 – A-54, Herrera Decl., ¶¶ 12-29.) Belmac was the only contracting party to the agreements with Ethypharm regarding the production of omeprazole, including the confidentiality and nondisclosure agreements. (App. A-47 – A-48, *Id.* ¶¶ 15, 18; App. A-106 – A-107, Murphy Decl., ¶ 18-19.) Thus, concerns for judicial economy also favor trial in the alternate Spanish forum and dismissal of the present suit. *See Dou Yee Enters. PTE v. Advantek, Inc.*, 149 F.R.D. 185, 189 (D. Minn. 1993).

Ethypharm's request for an injunction and damages against Bentley in the current action and its request for the same relief against Belmac in Spain could lead to multiple injunctions and obligations that both Bentley and Belmac pay damages for essentially the same allegedly wrongful conduct. Even worse, the overlapping requests for relief could lead to *inconsistent* judgments and multiple obligations if Bentley is enjoined by this Court from allowing Belmac to produce omeprazole in Spain while the Spanish court enters judgment in Belmac's favor and reaffirms Belmac's right to market the drug in Spain. This substantial risk of multiple obligations or inconsistent judgments is a factor which strongly supports a finding that Belmac is a necessary party to this action. *See* Fed. R. Civ. P. 19(a); *Coopervision*, 720 F.Supp. at 1121-22.

In addition, multiple actions frustrate the principle of judicial economy and are unfair to Belmac and Bentley. Belmac could be subject to double obligations for discovery, including document production and production of witnesses for deposition. In addition, given that most of the evidence relevant to this litigation is in Spain – Belmac's manufacturing facility for omeprazole is in Zaragoza, Spain, and its main offices are located in Madrid (App. A-45, Herrera Decl., ¶ 10; App. A-3, Palencia Decl., ¶ 3.) – it is considerably less expensive and time-consuming for Ethypharm to pursue its Spanish Action rather than this action in the United States, where little of the discovery materials exist and few of the witnesses reside. Because the Spanish Action provides further proof that Belmac is a necessary and indispensable party, Ethypharm's complaint should be dismissed.

## CONCLUSION

In its Response to Defendant's Motion to Dismiss, Ethypharm asks this Court to require Bentley to undergo extensive and expensive discovery that would amount to nothing more than a fishing expedition regarding the alleged agency relationship between Bentley and Belmac. Meanwhile, Ethypharm's Spanish Action has demonstrated (i) that Belmac is the central figure in Ethypharm's claims and that the claimed wrongful conduct of Belmac, both its alleged infringement of Ethypharm's '319 Patent and the other misconduct of which it is accused in the U.S. action, was not committed in its capacity as Bentley's agent; (ii) that Ethypharm has a more convenient forum where it can pursue all of its substantive claims against both Belmac and Bentley; and (iii) allowing the U.S. action to proceed in the absence of Belmac would subject Belmac and Bentley to potentially inconsistent judgments and multiple obligations.

For the foregoing reasons, the plaintiffs' complaint should be dismissed.

Respectfully Submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Craig E. Stewart
Marc J. Goldstein
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
Telephone: (617) 239-0100

Dated: June 30, 2005

By: *Richard L. Horwitz* / *W. H. Drane #1023*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*

688745

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, W. Harding Drane, hereby certify that on June 30, 2005, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Francis J. Murphy, Jr.
Murphy, Spadaro & Landon
1011 Centre Road
Suite 210
Wilmington, DE 19805

I hereby certify that on June 30, 2005, I have Federal Expressed the documents to the following non-registered participants:

Dwight P. Bostwick
Bruce R. Grace
Baach, Robinson & Lewis PLLC
1201 F Street, NW
Suite 500
Washington, DC 20004

By: /s/ W. Harding Drane
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

688783