UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
                                                      )
**ETHYPHARM S.A. France and**                         )
**ETHYPHARM S.A. Spain,**                             )
                                                      )    C.A. No.: 04-1300 (SLR)
          **Plaintiffs,**   )
                                                      )    ORAL ARGUMENT REQUESTED
    **v.**                                  )
                                                      )
**BENTLEY PHARMACEUTICALS, INC.,**                    )
                                                      )
          **Defendant.**    )
_____)


**PLAINTIFF ETHYPHARM'S RESPONSE TO
DEFENDANT'S SUPPLEMENTAL MEMORANDUM**


                            Francis J. Murphy, Esquire (No. 223)
                            MURPHY SPADARO & LANDON
                            1011 Centre Road, Suite 210
                            Wilmington, DE 19805
                            Tel: (302) 472-8100
                            Fax: (302) 472-8135

                            *Attorneys for Plaintiffs*

OF COUNSEL:

Dwight P. Bostwick, Esquire
Bruce R. Grace, Esquire
BAACH ROBINSON & LEWIS PLLC
1201 F Street, NW, Suite 500
Washington, DC 20004
Tel: (202) 833-8900
Fax: (202) 466-5738


Dated:  July 18, 2005

**TABLE OF CONTENTS**

Page

**TABLE OF AUTHORITIES** ................................................................................................ ii

**INTRODUCTION** ..................................................................................................................1

**ARGUMENT** ..........................................................................................................................2

I.   **The Existence of a Patent Suit in Spain Against a Non-Party Provides Absolutely No Basis to Dismiss this U.S. Lawsuit against Bentley**............................2

    A.   This Lawsuit is Separate and Distinct from the Spanish Patent Suit ....................2

    B.   The Filing of the Spanish Patent Action Does Not Demonstrate that an Alternative Forum Exists to Sue Bentley .............................4

    C.   Bentley Cannot Demonstrate That There is Any Real Risk of Inconsistent Judgments and Multiple Obligations ..............................................5

II.  **Bentley's Current Arguments Obscure the Only Relevant Issue Presented** ........................................................................................................6

**CONCLUSION** .......................................................................................................................8

# TABLE OF AUTHORITIES

## FEDERAL CASES
**Page**

*Boesch v. Graff,* 133 U.S. 697 (1890) ..................................................................................4

*Canavan v. Beneficial Finance Corp.,* 553 F.2d 860 (3d Cir. 1977) ....................................8

*Dou Yee Enterprises PTE v. Advantek, Inc.,* 149 F.R.D. 185 (D. Minn. 1993) ..................8

*Federal Ins. Co. v. Bear Indus., Inc.,* No. 03-251 (SLR), 2004 WL 2434303 (D. Del.) .....6

*Janney v. Shepherd Niles, Inc.,* 11 F.3d 399 (3d Cir. 1993) ..................................................6

*Japan Petroluem Co. (Nigeria), Ltd. v. Ashland Oil Inc.,* 456 F. Supp. 831 (D. Del. 1978) ............6

*Johnson & Johnson v. Coopervision, Inc.*, 720 F. Supp. 1116 (D. Del. 1989) ....................8

*Jurimex Kommerz Transit G.m.b.H. v. Case Corp.,* 201 F.R.D. 337 (D. Del. 2001), *rev'd on other grounds*, 65 Fed. Appx. 803 (3rd Cir. 2003) ....................................................8

*Migra v. Warren City School District Bd. Of Educ.*, 465 U.S. 75 (1984) .........................3

*Nottingham v. Gen. Am. Comm. Corp.,* 811 F.2d 873 (5th Cir. 1987) ...............................6

*Publicker Indus. Inc. v. Roman Ceramics Corp.,* 603 F.2d 1065 (3d Cir. 1979) ................6

*Royal Industries Ltd. v. Kraft Foods, Inc.,* 926 F. Supp. 407 (S.D.N.Y. 1996) ..................6

*Western Electric Company v. Milgo Electronic Company,* 450 F. Supp. 835 (S.D.Fla. 1978) ....................................................................................................4

## MISCELLANEOUS

7 Wright et al., *Fed. Prac. & Proc.* § 1613 (3d ed. 2001) .....................................................6

**INTRODUCTION**

In this case, Ethypharm's Complaint alleges that Bentley, a U.S. company incorporated in Delaware, directed and controlled its agents in Spain to misappropriate valuable trade secrets, to commit fraud, and to tortiously interfere with Ethypharm's business relationships.[1] The Complaint clearly and repeatedly alleges that Bentley was a joint tortfeasor and acted as the principal in an agency relationship with Bentley's Spanish subsidiary with respect to each cause of action. Ethypharm has made no claim for patent infringement against Bentley.

Bentley responded to the Complaint by filing a motion to dismiss. Bentley argued that Bentley's subsidiary (Belmac) is a necessary and indispensable party under Rule 19 whose joinder would destroy diversity jurisdiction. Bentley's Rule 19 argument completely ignores the clear and unambiguous law of the Third Circuit which gives Ethypharm the right to: (1) sue a principal and joint tortfeasor such as Bentley alone in the U.S.; and (2) take full discovery on the issue of agency at this stage of the proceedings.

Facing the prospect that a straightforward application of Third Circuit law will result in the denial of its motion to dismiss, Bentley has filed a supplemental memorandum in support of its motion to dismiss obscuring the simple issue before the Court. Bentley argues that Ethypharm's filing of a patent infringement action in the Spanish Courts between Ethypharm's Spanish subsidiary and Bentley's Spanish subsidiary supports dismissal of this U.S. lawsuit. But the existence of a Spanish patent case that does not name Bentley provides absolutely no support for dismissal of this U.S. action under Rule 19. Bentley invites clear error in suggesting otherwise.

---

[1] The parties are referenced herein as in previous filings, i.e. Ethypharm S.A. France and Ethypharm S.A. Spain collectively as "Ethypharm," Bentley Pharmaceuticals, Inc. as "Bentley." Laboratorios Belmac S.A. Spain is referenced as "Belmac."

**ARGUMENT**

I. **The Existence of a Patent Suit in Spain Against a Non-Party Provides Absolutely No Basis to Dismiss this U.S. Lawsuit against Bentley.**

Bentley sets forth three arguments in its supplemental memorandum in support of its argument that the Spanish patent action against Bentley's subsidiary supports immediate dismissal of the Complaint. Not one of these arguments has any merit.

A. **This Lawsuit is Separate and Distinct from the Spanish Patent Suit.**

Bentley first argues that the fact that the Spanish patent suit "fails to even mention Bentley, let alone allege that Belmac was acting as the 'agent' of Bentley" helps demonstrate that the U.S. lawsuit should be dismissed. Bentley Pharmaceutical's Supplemental Memorandum ("Bentley Supplement") at 4. There is no logic to this argument.

In its Supplemental Memorandum, Bentley acknowledges that:

- Bentley is not a party to the Spanish patent suit;

- Bentley is not mentioned in the Spanish patent suit;

- The Spanish suit relates solely to the alleged infringement of a Spanish patent and asserts no claim for "misappropriation of [Ethypharm's] 'know-how, trade secrets, technology, processes, formulae and analytical methods' which is at the core of [Ethypharm's] U.S. action". (Bentley Supplement at 4)

Far from demonstrating that the U.S. and Spanish suits assert "essentially the same claims" (Bentley Supplement at 4), these facts demonstrate precisely the reverse. The claims brought in the U.S. are separate and distinct from the patent infringement claim in Spain.

2

In this present lawsuit, Ethypharm has sued only Bentley, a U.S. corporation, for Bentley's own participation as a joint tortfeasor and a principal, in a principal agent relationship for fraud, misappropriation and unjust enrichment. In contrast, the Spanish action is limited solely to infringement of specific claims of Ethypharm's Spanish patent ES 9301319. As noted, Bentley is not a party to this Spanish patent suit, is not mentioned in the action, and the Spanish suit does not allege fraud, misappropriation or unjust enrichment. It is irrelevant that some of the facts of the U.S. and Spanish actions overlap; overlapping facts can support separate causes of action against two different entities. *See*, *e.g.*, *Migra v. Warren City School District Bd. Of Educ.*, 465 U.S. 75, 79, 85 (1984). That is the case here.

Moreover, there is no basis for dismissing the Complaint against Bentley based upon Bentley's assertion that the facts alleged in the Spanish patent case "demonstrate[] that Belmac was the primary, if not the only participant in the alleged wrongful appropriation of Ethypharm's ***patented technology***." Belmac, not Bentley, has been sued for "wrongful appropriation of Ethypharm's ***patented technology***" in Spain. Bentley has only been sued in the U.S. as a principal that directed its agent to commit fraud and misappropriate trade secrets. Trade secrets and patented technology are by definition different forms of intellectual property.[2]

The proper legal analysis at the motion to dismiss stage focuses on the allegations in *the Complaint in this case* and accepts those allegations as true. If the proper standard of review is followed, the allegations of the Spanish patent case are irrelevant to this motion to dismiss.

---

[2] "Trade secrets" must be kept <u>secret</u>. Patented technologies, in absolute contradistinction, must be <u>disclosed</u>. A patented technology, having been disclosed, cannot be a trade secret. A trade secret cannot be patented without disclosing, and necessarily nullifying, the trade secret. These two types of intellectual property are, as a matter of law, mutually exclusive. Del. Stat. 6 § 2001(4); Article 5, Patent Cooperation Treaty (to which Spain and the United States are signatories.)

3

### B. The Filing of the Spanish Patent Action Does Not Demonstrate that an Alternative Forum Exists to Sue Bentley.

Next, Bentley argues that the existence of the Spanish patent action demonstrates that an alternative, convenient forum exists to sue Bentley. This argument also lacks merit.

It is the plaintiff, not the defendant, who has the choice of where to bring suit. Ethypharm's decision to pursue its separate causes of action against different parties in different Courts is in complete harmony with the law of both jurisdictions. Spain is the only forum in the world where Ethypharm is permitted to bring a claim for the infringement of its Spanish patent.[3] Ethypharm has filed a suit against Bentley's subsidiary in Spain to protect its rights under its Spanish patent. The existence of this Spanish patent suit **does not** support the dismissal of Ethypharm's previously filed suit in this Court against Bentley, a U.S. company, for Bentley's own role directing a fraud and the theft of trade secrets in Spain. The logical forum to sue Bentley for its role as a principal in an agency relationship that directed a fraud and the theft of trade secrets is in Delaware, where Bentley is incorporated. This is precisely what Ethypharm has done.

Accepting the allegations of the plaintiff's Complaint as true, as one must at the motion to dismiss stage, the implication of Bentley's argument is that it can safely operate from its home base in the U.S., accepting the benefits of corporate citizenship in Delaware, in order to directly manage the theft of extremely valuable corporate assets through an agent in Spain and enjoy absolute immunity from a lawsuit. No law supports this proposition.

---

[3] Legal rights under a patent are "controlled by the country granting the right." *Western Electric Company v. Milgo Electronic Company*, 450 F. Supp. 835, 838 (S.D.Fla. 1978), citing *Boesch v. Graff*, 133 U.S. 697 (1890).

4

### C. Bentley Cannot Demonstrate That There is Any Real Risk of Inconsistent Judgments and Multiple Obligations.

Bentley's final argument is that "Proceedings both here and in Spain on essentially the same claims could lead to two conflicting outstanding judgments regarding essentially the same allegedly wrongful conduct". (Bentley Supplement at 6) The major flaw in this argument is that the proceedings are not based "on essentially the same claims" regarding "essentially the same allegedly wrongful conduct". Bentley is not a party to the Spanish proceeding and has not even been accused of wrongful conduct in that case. The parties to each of the actions are different, the causes of action are different and the relief sought is different.

Bentley suggests that there is a deliberate attempt to gain an unlawful tactical advantage by bringing two actions to gain two bites at the same apple. (Bentley Supplement at 4) What Bentley ignores is that the causes of actions in the U.S. case are separate and distinct from the patent infringement claims asserted in Spain. Both lawsuits have been brought legitimately and in accordance with the laws of two distinct jurisdictions against two distinct entities. There are, in effect, two separate and distinct "apples" and Ethypharm is entitled to take a single bite into each one.

Moreover, commonly applied legal principals such as collateral estoppel and res judicata exist to protect Bentley's rights. To the extent applicable, Bentley is free to argue for the application of these common legal protections. Furthermore, any adjudication in Ethypharm's favor on the merits of a particular claim that provides Ethypharm with complete relief would moot the possibility of further litigation as to that claim, and an adjudication in Bentley's favor on the merits of a claim would bind Ethypharm and preclude successive litigation on the same claim.

5

**II.     Bentley's Current Arguments Obscure the Only Relevant Issue Presented.**

Obscured by the irrelevant focus on the existence of the Spanish patent suit is the basis for Bentley's motion to dismiss. Bentley's motion to dismiss is based on its position that this case must be dismissed before any discovery or substantive review because of a jurisdictional defect. Bentley claims that its subsidiary (Belmac) is a necessary and indispensable party whose joinder would destroy diversity jurisdiction. The response to Bentley's argument is simple, straightforward and has nothing to do with the existence of a patent suit in Spain against a non-party to this lawsuit.

The law is abundant and clear that an agent, such as Belmac in this case, need not be joined in a suit against a principal. *Publicker Indus. Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065, 1070 (3d Cir. 1979); *See also*, *Nottingham v. Gen. Am. Comm. Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) (Rule 19 "does not require the joinder of principal and agent"); *Royal Industries Ltd. v. Kraft Foods, Inc.*, 926 F. Supp. 407, 414 (S.D.N.Y. 1996) (given Plaintiff's allegation that absent party acted as agent of Defendant, the absent party "cannot be considered necessary under Rule 19(a)"). The same principle applies to joint tortfeasors. *Janney v. Shepherd Niles, Inc.*, 11 F.3d 399, 409 (3d Cir. 1993); *Nottingham*, 811 F.2d at 880 ("It is well established that Rule 19 does not require the joinder of joint tortfeasors."); 7 Wright *et al*., Fed. Prac. & Proc. § 1613, at 189 (3d ed. 2001). *See also*, *Federal Ins. Co. v. Bear Indus., Inc.,* No. 03-251 (SLR), 2004 WL 2434303 (D. Del.) (Chief Judge Robinson). This is true even where the alleged agent is a subsidiary of the principal as in this case. 603 F.2d at 1070; *Japan Petroleum Co. (Nigeria), Ltd. v. Ashland Oil Inc.*, 456 F. Supp. 831, 837 (D. Del. 1978),

Ethypharm's Complaint clearly sets forth the allegation that Bentley acted as a principal in directing its agent in Spain (Belmac) to engage in fraud, to misappropriate trade secrets and to

6

tortiously interfere with Ethypharm's business relationships.  In fact, Ethypharm's Complaint specifically alleges that Mr. Murphy, the Chairman, President and CEO of Bentley, confirmed in written correspondence that: (1) Belmac acted as an agent for Bentley; (2) Bentley had a direct relationship with Ethypharm; and (3) Bentley controlled and/or ratified Belmac's actions. (Complaint at ¶¶ 11; 15)  In this correspondence, Mr. Murphy wrote to Ethypharm's Chief Executive Officer on Bentley letterhead and expressly acknowledged that Mr. Murphy had "assumed control" of Belmac.  Complaint at ¶ 44.

Taking the plaintiffs' allegations regarding Bentley's agency relationship as true, the only relevant question for the Court presented by Bentley's motion to dismiss is whether Ethypharm has the right: (1) to bring an action solely against Bentley without joining its agent; and (2) to take full discovery on the issue of agency.  Under Third Circuit law, Ethypharm clearly possesses these rights.  *Japan Petroleum*, 456 F. Supp. 831.  Bentley's mischaracterization of the Spanish patent suit is simply irrelevant to these questions.

Bentley's citation of cases where certain subsidiaries have been held to be necessary and indispensable parties under Rule 19 does not support Bentley's position, and, in fact, these cases demonstrate that Bentley's position is just plain wrong.  For example, Bentley cites *Japan Petroleum*, 456 F. Supp. 831, for the proposition that a subsidiary is a necessary party, and that if an alternative forum exists, dismissal is proper.  Bentley's Supplemental Memo at 5.  Bentley fails to mention, however, that before the *Ashland Oil* court made those rulings "the Court granted leave for further discovery with respect to the theory of agency." *Id*. at 837.  This is exactly what Ethypharm is asking of the court here – to permit full discovery on agency.  The court in *Ashland Oil* ruled only after the parties "had full opportunity for discovery on the question of agency," and treated the motion to dismiss as a motion for summary judgment. *Id*.

7

Only after discovery and briefing on the issue, and the court's finding that there was "no agency relationship," was the case dismissed. *Id*. at 847-848.[4]

Bentley also persists in its misplaced reliance on *Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*, 201 F.R.D. 337 (D. Del. 2001) *reversed and remanded by* 65 Fed.Appx 803 (3d Cir. 2003). Bentley again cites this case for the proposition that subsidiaries are necessary parties, despite the fact that the case was reversed and remanded by the Third Circuit for failing to permit amending of the complaint to allege agency. *Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*, 65 Fed.Appx. at 804.[5] Allegations of agency totally changed the outcome of that case. The Third Circuit in *Jurimex* stated that: "we have held that discovery is necessary when an agency relationship is alleged, thereby implicitly allowing allegations of agency to survive a facial attack." *Id*. at 808, citing *Canavan v. Beneficial Finance Corp.*, 553 F.2d 860, 865 (3d Cir. 1977). The Third Circuit concluded that by amending to add allegations of agency, "Jurimex has alleged sufficient facts to survive a 12(b)(6) motion." *Id*. Here, Ethypharm's allegations of agency as pleaded, under *Jurimex*, *Canavan* and other Third Circuit cases are easily sufficient to withstand the facial attack of Bentley's motion and to justify full discovery on the issue of agency.

---

[4] Bentley cites *Johnson & Johnson v. Coopervision, Inc.*, 720 F. Supp. 1116 (D. Del. 1989) for the (irrelevant) point that subsidiaries are necessary parties. Bentley's Supplemental Memo at 5, 7. The issue here is not parent/subsidiary, but rather principal/agent, and the *Coopervision* case, not involving agency, is entirely inapposite on this issue (as well as entirely distinct factually from this case). *Dou Yee Enters. PTE v. Advantek, Inc.*, 149 FRD 185 (D.Minn. 1993) which also addresses the irrelevant issue of the necessity of joining subsidiaries (as distinct from agents) is similarly unrelated to the issue at hand.

[5] The Third Circuit's decision in *Jurimex* was attached for ease of reference to Plaintiffs' Response to Defendant's Motion to Dismiss which was filed on December 15, 2004.

8

## **CONCLUSION**

Bentley argues that even assuming all of the well-pleaded allegations in the Complaint to be true – that even if Bentley engineered and committed a multimillion dollar fraud through its agent Belmac from its home office in the U.S. – it simply cannot be held accountable for its actions in the U.S. or anywhere else in the world. Bentley argues that Ethypharm must sue another party, in another jurisdiction, for fraud committed by this U.S. corporation. Bentley maintains that no matter the degree of wrongfulness of their actions, they are simply not subject to suit – anywhere. Neither law nor logic supports Bentley's position.

Respectfully submitted,

MURPHY SPADARO & LANDON

OF COUNSEL:

Dwight P. Bostwick, Esquire
Bruce R. Grace, Esquire
BAACH ROBINSON & LEWIS PLLC
1201 F Street, NW, Suite 500
Washington, DC 20004
Tel: (202) 833-8900
Fax: (202) 466-5738

/s/ Francis J. Murphy
Francis J. Murphy, Esquire (No. 223)
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel: (302) 472-8100
Fax: (302) 472-8135
E-Mail: Fmurphy@msllaw.com

*Attorneys for Plaintiffs*

Dated: July 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2005, true and correct copies of Plaintiff Ethypharm's Response to Defendant's Supplemental Memorandum were served via electronic filing, on counsel of record below:

        Richard L. Horwitz (#2246)
        David E. Moore (#3898)
        POTTER ANDERSON & CORROON LLP
        Hercules Plaza, 6th Floor
        1313 North Market Street
        P.O. Box 951
        Wilmington, DE 19899-0951
        Tel: (302) 984-6000

        Craig E. Stewart
        Marc J. Goldstein
        PALMER & DODGE LLP
        111 Huntington Avenue
        Boston, MA 02199
        Tel: (617) 239-0100

        *Attorneys for Defendant*

        Respectfully submitted,

        MURPHY SPADARO & LANDON

OF COUNSEL:

        /s/ Francis J. Murphy
Dwight P. Bostwick, Esquire     Francis J. Murphy, Esquire (No. 223)
Bruce R. Grace, Esquire     1011 Centre Road, Suite 210
BAACH ROBINSON & LEWIS PLLC     Wilmington, DE 19805
1201 F Street, NW, Suite 500     Tel: (302) 472-8100
Washington, DC 20004     Fax: (302) 472-8135
Tel: (202) 833-8900     E-Mail: Fmurphy@msllaw.com
Fax: (202) 466-5738

        *Attorneys for Plaintiffs*

Dated: July 18, 2005