# EXHIBIT B

Westlaw.

104 Fed.Appx. 218
104 Fed.Appx. 218
(Cite as: 104 Fed.Appx. 218)

Page 1

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

NOT PRECEDENTIAL

Please use FIND to look at the applicable circuit court rule before citing this opinion. Third Circuit Local Appellate Rule 28.3(a) and Internal Operating Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3 IOP APP I 5.3.)

United States Court of Appeals,
Third Circuit.
GUTHRIE CLINIC, LTD., Appellant,
v.
TRAVELERS INDEMNITY COMPANY OF ILLINOIS; Ellen Thurston; AON Corp; AON Risk Ser, Now known as AON Risk Services Inc., of Maryland.
No. 02-3502.

Argued Jan. 15, 2004.
Decided June 29, 2004.

**Background:** Insured brought action alleging that insurer made unilateral changes in renewal excess liability insurance policies without notice. The United States District Court for the Middle District of Pennsylvania, James M. Munley, J., dismissed action, and insured appealed.

**Holding:** The Court of Appeals held that district court did not abuse its discretion in finding that resident insurance broker was indispensable party.
Affirmed.

West Headnotes

**Federal Civil Procedure** ⚖ 211
170Ak211 Most Cited Cases

**Federal Courts** ⚖ 289
170Bk289 Most Cited Cases
District court did not abuse its discretion in finding that resident insurance broker was indispensable party in insured's action alleging that insurer made unilateral changes in renewal excess liability insurance policies without notice, and thus that federal diversity jurisdiction did not exist, even though broker was involved in only one of policies in question, where insured's complaint predicated liability and relief on policy in effect in year in question, state forum was available to insured, it would be impossible to accord complete relief with respect to insured's claim against policy in effect in year in question without prejudicing broker, and it would be difficult to fashion adequate relief without broker. Fed.Rules Civ.Proc.Rule 19, 28 U.S.C.A.

*219 Appeal from the United States District Court for the Middle District of Pennsylvania. (D.C. Civil No. 00-cv-01173). District Judge: Honorable James M. Munley.

Stephen J. Mathes [Argued], Jan F. Call, Hoyle, Fickler, Herschel & Mathes, Philadelphia, PA, for Appellant.

Todd B. Narvol [Argued], Thomas, Thomas & Hafer, Harrisburg, PA, for Appellee, Travelers Indemnity Company of Illinois.

J. David Smith [Argued], McCormick, Reeder, Nichols, Bahl, Knecht & Person, Williamsport, PA, for Appellees, AON Corp and AON Risk Ser, Now known as AON Risk Services Inc., of Maryland.

Before SLOVITER, RENDELL and ALDISERT, Circuit Judges.

OPINION OF THE COURT

This appeal comes to us from an order of the United States District Court for the Middle District of Pennsylvania dismissing an action brought by Guthrie Clinic, Ltd. ("Guthrie"), a Pennsylvania entity, against several entities purportedly responsible for providing Guthrie with excess liability insurance coverage for certain years. In particular, Guthrie alleges that renewal insurance policies it retained for 1998 and 1999 were, contrary to its expectations, materially different from its previous insurance policies. Because of the resulting gaps in coverage, Guthrie alleges that it suffered losses which it urges it had reasonably assumed were covered. Guthrie filed a diversity suit in federal court against the insurance carrier for the 1998 and 1999 policies, Travelers Indemnity Company of Illinois ("Travelers"), and certain entities that brokered the relevant insurance

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

104 Fed.Appx. 218                                                                                                       Page 2
104 Fed.Appx. 218
(Cite as: 104 Fed.Appx. 218)

policies. Upon a motion filed by Travelers, the District Court concluded that Guthrie had failed to join the particular insurance broker, a Pennsylvania entity that it alleged had been instrumental in securing Guthrie's 1999 renewal policy. Having determined that broker to be a necessary and indispensable party pursuant to Fed.R.Civ.P. 19, the District Court dismissed the action because the joinder of a non-diverse party would destroy its subject matter jurisdiction. We have jurisdiction over the District Court's final order under 28 U.S.C. § 1291. We will affirm.

I.

Guthrie purchased a $5 million excess insurance policy from Travelers covering the period between September 1, 1996 and September 1, 1997 (the "1996 policy"). An excess insurance policy provides secondary insurance after the primary insurers' coverage, here $1.2 million, has been exhausted. Travelers issued a renewal policy identical to the 1996 policy in 1997. The 1998 renewal policy was, by contrast, materially different. The changes allegedly included a new definition of covered claims and modified notification procedures. Guthrie alleges that because these changes to the insurance policy were made unilaterally and without any notice, it was under the belief that the coverage was identical *220 to the 1996 and 1997 policies. In August of 1999, Guthrie signed a 1999 renewal policy that was identical to the 1998 renewal policy in all material respects, again assuming the provisions mirrored those of the 1996 and 1997 policies.

In June of 1998, Ellen Thurston filed a medical malpractice claim against various defendants including Guthrie. Aware that the suit was likely to reach the limits of its primary coverage and implicate its excess liability coverage, Guthrie notified Travelers of the Thurston claim. Citing the changed portions of the 1998 policy, Travelers rejected coverage of the claim on September 17, 1999. The Thurston suit eventually settled for $6.1 million, $2.5 million of which was in excess of Guthrie's primary coverage, and which Guthrie contends Travelers should have paid. In addition to Thurston's lawsuit, twenty-seven other medical malpractice claims have been since brought against Guthrie, but these claims have yet to implicate any excess insurance coverage policy.

Each of these Travelers policies, from 1996 to 1999, was brokered by various entities related to Aon Corporation, a Delaware corporation. Guthrie learned through discovery that Aon Corporation was merely a parent holding company for specific entities that brokered the relevant insurance policies to Guthrie. One such entity was Aon Risk Services, Inc. of Pennsylvania (hereinafter "ARS PA I"), [FN1] a Pennsylvania corporation, which sold Guthrie the 1996 and 1997 policies. In March of 1998, ARS PA I merged with Alexander & Alexander, Inc. to form an entity called Aon Risk Services, Inc. U.S., a Maryland corporation. [FN2] In June 1999, Aon Risk Services, Inc. U.S. changed its name to Aon Risk Services, Inc. of Maryland (hereinafter "ARS US/MD"). ARS US/MD brokered the 1998 policy, which was implicated in the settlement following the Thurston lawsuit. In February of 1999, a new Pennsylvania corporation was formed, Aon Risk Services, Inc. of Pennsylvania (hereinafter "ARS PA III"). [FN3] ARS PA III sold Guthrie the 1999 policy.

> FN1. For the sake of convenience, we will retain the abbreviations used by the District Court.
>
> FN2. The District Court expressly declined to consider Travelers' challenges to the propriety of this merger in support of its Rule 19 motion. Likewise, we need not entertain this issue on appeal as it was not considered by the District Court and is unnecessary to our disposition.
>
> FN3. In June of 1998, Aon Risk Services, Inc. U.S. sought to register itself in Pennsylvania under the fictitious name of Aon Risk Services, Inc. of Pennsylvania (hereinafter "ARS PA II"), but then canceled this name not long thereafter.

After Travelers rejected secondary insurance coverage of the Thurston claim, Guthrie sued under various theories seeking *inter alia* compensatory damages with respect to the Thurston claim and declaratory relief ensuring that the twenty-seven other malpractice claims would be covered by Travelers. Guthrie filed the action in federal court, invoking diversity jurisdiction under 28 U.S.C. § 1332. The complaint named Travelers (a Connecticut company), Aon Corporation (a Delaware company and the parent company of the various brokerage entities), and ARS US/MD (a Maryland company). Travelers moved the District Court to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(7) and 19, contending that a non-diverse (Pennsylvania) entity, ARS PA III, was an indispensable party to the action. The District Court

104 Fed.Appx. 218
104 Fed.Appx. 218
(Cite as: 104 Fed.Appx. 218)

Page 3

agreed that Guthrie's complaint could not go forward without the joinder of ARS PA III, which divested the Court of diversity jurisdiction and required *221 dismissal for lack of jurisdiction. Guthrie timely appealed.

II.

A Rule 19 inquiry is bifurcated. [FN4] First, under Rule 19(a), a district court considers whether a party is necessary to an action. If a party is deemed necessary, then joinder must occur if feasible. If, as here, the addition of a necessary party would divest a court of subject matter jurisdiction, then a court must determine whether in "equity and good conscience" the action should proceed without that party, or whether the action should be dismissed, "the absent person being thus regarded as indispensable." Accordingly, a finding of indispensability under Rule 19(b) necessitates dismissal for lack of subject matter jurisdiction.

> FN4. Rule 19 provides in part that:
> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if
> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
> (i) as a practical matter impair or impede the person's ability to protect that interest or
> (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.
> (b) Determination by the Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
> Fed.R.Civ.P. 19.

We review a district court's determination as to Rule 19(a) *de novo,* while reviewing subsidiary findings of fact under a clear error standard. *Gardiner v. V.I. Water & Power Auth.,* 145 F.3d 635, 640 (3d Cir.1998). We review a court's ruling under Rule 19(b) for abuse of discretion. *Id.*

A.

The District Court concluded that ARS PA III was a necessary party under Rule 19(a), holding that absent ARS PA III "complete relief [could not] be accorded among those already parties." Fed.R.Civ.P. 19(a)(1). We agree.

The District Court held that while Guthrie sought relief with respect to the 1999 policy, it did not name the necessary party responsible for brokering that policy, ARS PA III. Initially, along with Travelers, Guthrie sued Aon Corporation, the parent entity based in Delaware, but upon discovering that it was but a holding company, Guthrie amended its complaint to "add[ ] the Aon corporate entity responsible for procuring the 1998 Renewal Policy," which was ARS US/MD.App. Br. at 10. But the allegations and relief requested in Guthrie's complaint were not limited to the 1998 *222 policy, but indeed referenced the 1999 policy as well.

Guthrie argues that any mention of the 1999 policy in the complaint was just a "factual statement" and not an allegation as such. But even a cursory reading of the complaint reveals specific allegations concerning the 1999 policy. Guthrie does not just set out facts but seeks to attach liability with respect to the brokerage of the 1999 policy. *See* Pl. Compl.¶ 128 ("[A]t no time during the 1999 renewal process did AON inform Guthrie that the terms and conditions of the proposed 1999 Renewal Policy

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

104 Fed.Appx. 218                                                                                                                         Page 4
104 Fed.Appx. 218
(Cite as: 104 Fed.Appx. 218)

differed materially from the terms and conditions of the 1997 Renewal Policy or that the 1999 Renewal Policy would create a significant gap in Guthrie's Insurance Coverage.") [FN5] For the gaps in coverage in both the 1998 and 1999 policies, Guthrie "demand [ed] that judgment be entered against AON for compensatory damages in excess of $75,000 plus exemplary damages, interest and attorneys' fees, together with such relief as the Court deems just and appropriate." Pl. Compl.¶ 209 As noted above, the specific corporate entity that brokered the 1999 policy was not ARS US/MD but ARS PA III. We agree with the District Court that, as the complaint predicated liability and relief on the 1999 policy, complete relief cannot be accorded without the joinder of ARS PA III as per Rule 19(a)(1).

> FN5. Guthrie further averred that "[b]ut for AON's conduct, Guthrie would have procured excess layer insurance policies for the 1998 and 1999 policy period which provided coverage for the claims at issue in this litigation and which would not have created the gap in coverage created by the 1998 and 1999 Travelers policies." Id. ¶ 204, 655 A.2d 549.

Having determined that Rule 19(a)(1) applies, we need not labor over the remaining factors. See *Angst v. Royal Maccabees Life Insur. Co.*, 77 F.3d 701, 706 (3d Cir.1996) ("Under Rule 19(a), we need only find that the party's absence results in any of the problems identified in the rule." (citing *Estrella v. v. & G Mgmt. Corp.*, 158 F.R.D. 575, 579 (D.N.J.1994))). Our conclusion that ARS PA III is a necessary party under Rule 19(a) brings us to the indispensability inquiry under Rule 19(b), to which we turn next.

B.
While not exhaustive, the four factors listed under Rule 19(b) are "the most important considerations" in deciding whether a party is indispensable. See *Gardiner*, 145 F.3d at 640-41. The District Court focused its Rule 19(b) inquiry on the fourth factor listed under the Rule, namely, the availability of an adequate remedy for the plaintiff if the matter were dismissed. The District Court observed that Guthrie has an alternative forum in state court, a conclusion which Guthrie has not seriously contested. [FN6] Rather, Guthrie takes issue with the District Court's statement that the fourth factor was dispositive of the Rule 19(b) inquiry.

> FN6. Guthrie acknowledges that it has filed a Writ of Summons in state court against ARS PA III and ARS US/MD.

To support its reasoning that one Rule 19(b) factor was sufficient, the District Court cited to our opinion in *Angst,* where we indeed reasoned that the fourth factor was dispositive of the inquiry. But we limited the holding in *Angst* to the facts of that case. 77 F.3d at 706 ("*In this case,* the fourth factor listed in Rule 19(b), whether the plaintiff will have an adequate remedy if the action is dismissed, is dispositive." (emphasis supplied)). Ordinarily, however, the availability of a state forum cannot alone support a finding of indispensability. See *223Bank of Am. Nat'l Trust & Sav. Assoc. v. Nilsi*, 844 F.2d 1050, 1055 (3d Cir.1988) ("surely the availability of an alternative forum cannot be the sole basis for dismissing a suit commenced in the federal courts." (quoting J. Moore, Moore's Federal Practice ¶ 19.07-2[4], at 19-161 (2d ed.1979))). Regardless of the fourth factor, the District Court nevertheless went on to briefly consider the three remaining factors.

Rule 19(b)'s first factor involves the extent to which "a judgment rendered in the person's absence might be prejudicial to the person or those already parties." Fed.R.Civ.P. 19(b). We have observed that this factor is closely related to the "inability to accord complete relief" test under 19(a)(1). *Gardiner*, 145 F.3d at 641 n. 4 ("The first factor under Rule 19(b) overlaps considerably with the Rule 19(a) analysis."). We conclude that it would be impossible to accord complete relief with respect to Guthrie's claim against the 1999 policy without prejudicing ARS PA III.

We agree with the District Court that the interest of ARS PA III was also "great" because of the specific allegations against it in the complaint, against which ARS PA III if not present could not defend. Any adverse judgment or finding as to liability could, as Travelers suggests, be held to bind ARS PA III in another forum, if it were considered to be in privity with the related AON entity, ARS US/MD, the named party that sold Guthrie its 1998 policy. See, e.g., *Delaware Port Auth. v. Fraternal Order of Police*, 290 F.3d 567, 572 (3d Cir.2002). If, based on such privity, Guthrie were to seek to preclude ARS PA III from relitigating a judgment or related issues found in this case, it is likely that the law of Pennsylvania would govern. While we express no opinion here as to the Pennsylvania courts' understanding of privity, or predict the outcome of any privity analysis, we note that there are some indications in the record that could arguably support a finding of privity. For instance, the various Aon entities share the same counsel, a factor which, while

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

104 Fed.Appx. 218
104 Fed.Appx. 218
**(Cite as: 104 Fed.Appx. 218)**

Page 5

not necessarily dispositive, is considered by some courts to be indicative of privity. *Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665, 677* (5th Cir.2003). Further, despite the various corporate forms, the record indicates that the same insurance agent, using the same office in Pennsylvania, brokered each of the relevant policies. These and other relevant factors might compel a court to later find an identity of interest between ARS MD and the absent ARS PA III. See *Ammon v. McCloskey, 440 Pa.Super. 251, 655 A.2d 549, 554 (1995)*. Accordingly, the attendant possibility of claim or issue preclusion further supports the conclusion that ARS PA III is likely to be prejudiced absent its joinder.

The second and third factors listed under Rule 19(b) are closely linked and, in this case, also weigh in favor of finding indispensability. The second factor involves the extent to which a court can shape the relief awarded in such a manner as to mitigate prejudice, and the third factor ensures that any such relief will be adequate. As noted above, Guthrie's complaint sought to attach liability with respect to the brokerage of the 1999 policy; specifically Guthrie averred, and sought a ruling, that intentional or negligent misrepresentation of the contents of the 1999 policy led to a gap in its coverage. For this harm, Guthrie "demand[ed] that judgment be entered against AON for compensatory damages in excess of $75,000 plus exemplary damages, interest and attorneys' fees, together with such relief as the Court deems just and appropriate." Pl. Compl.¶ 209. However, in the absence of ARS PA III in this litigation, it would have been difficult to fashion *any* adequate remedy with respect to the 1999 policy.

*224 On appeal, Guthrie lamely argues that because it does not yet face any lawsuits that have implicated the excess liability coverage in the 1999 policy, no damages have yet accrued under that policy, and it only seeks declaratory relief regarding the broker's liability. But even if the District Court is not assessing monetary damages, Guthrie has sought other "just and appropriate" relief. And it is plain that without the joinder of ARS PA III, any remedy related to the brokerage of the 1999 policy, be it injunctive or declaratory relief, would be unfair and prejudicial to ARS PA III.

III.

Accordingly, we conclude that the District Court did not abuse its discretion in finding that ARS PA III was an indispensable party. The order of the District Court will be AFFIRMED.

104 Fed.Appx. 218

**Briefs and Other Related Documents (Back to top)**

• 2003 WL 24031490 (Appellate Brief) Reply Brief of Appellees Aon Corporation and Aon Risk Services, Inc. of Maryland (Dec. 24, 2003)Original Image of this Document (PDF)

• 2003 WL 24031491 (Appellate Brief) Reply Brief of Appellant (Oct. 30, 2003)Original Image of this Document (PDF)

• 2003 WL 24031489 (Appellate Brief) Reply Brief of Appellee Travelers in Response to Reply of the Aon Appellees and Supplemental Appendix (page 322) not Included in Original Appendix (Oct. 13, 2003)Original Image of this Document with Appendix (PDF)

• 2003 WL 24031492 (Appellate Brief) Brief of Appealers Eon Corporation and Aon Risk Services, Inc. of Marylan (Oct. 08, 2003)Original Image of this Document (PDF)

• 2003 WL 24031493 (Appellate Brief) Brief of Appellant (Sep. 08, 2003)Original Image of this Document with Appendix (PDF)

• 02-3502 (Docket) (Sep. 19, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT C

**Westlaw.**

91 F.3d 152 (Table)
91 F.3d 152 (Table), 1996 WL 422879 (9th Cir.(Wash.))
**Unpublished Disposition**
(Cite as: 91 F.3d 152, 1996 WL 422879 (9th Cir.(Wash.)))

Page 1

**Briefs and Other Related Documents**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Ninth Circuit.
KANEKO SHOJI, LTD., a Japanese corporation, Plaintiff-Appellant,
v.
KATSURA ENTERPRISE, INC., a Washington corporation, Defendant-Appellee.
No. 95-35368.

Argued and Submission Deferred May 8, 1996.
Submitted May 22, 1996.
Decided July 29, 1996.

Appeal from the United States District Court for the Western District of Washington, No. CV-94-01152-JCC; John C. Coughenour, District Judge, Presiding.

W.D.Wash.

AFFIRMED.

Before: LAY, [FN*] CHOY, and LEAVY, Circuit Judges.

> FN* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

MEMORANDUM [FN**]

FN** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

**1 Kaneko Shoji, Ltd., a Japanese corporation, appeals the dismissal under Fed.R.Civ.P. 19 of its action against Katsura Enterprise, Inc., a Washington corporation. The district court granted the motion to dismiss for failure to join indispensable parties, whose joinder would destroy diversity.

Under Rule 19, the district court must first determine whether an absent party is "necessary" to the action; then, if that party cannot be joined, the court must determine whether the party is "indispensable" so that in equity and good conscience the action should be dismissed. *Confederated Tribes v. Lujan,* 928 F.2d 1496, 1498 (9th Cir.1991).

a. *Necessary parties*

Whether the absent party is necessary involves another two-part analysis. First, the court must consider if complete relief is possible among those parties already in the action. Second, the court must consider (a) whether the absent parties have a legally protected interest in the outcome of the action *or* (b) whether the already named parties would be (i) impeded in protecting their interests, or (ii) left subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations. *See* Fed.R.Civ.P. 19(a); *United States ex rel. Morongo Band of Mission Indians v. Rose,* 34 F.3d 901, 908 (9th Cir.1994).

The district court first determined that complete relief was possible between the two corporations without the joinder of the two individual defendants. This finding is not erroneous because the action is essentially an action to enforce a loan agreement, and complete relief on that agreement is possible.

The district court then found that the absent individuals had a legally protected interest in the suit because "the underlying factual dispute concerning both liability on the note and diversion of the proceeds concerns the alleged actions of officers and directors of the corporation." The appellant argues that this "legally protected interest" finding was in error because the absent individuals are officers and directors who lack a legally protected interest in a corporate loan agreement. We reject this argument because the two absent individuals as officers, directors, and/or shareholders in the defendant Washington corporation signed the loan agreement in dispute. The state court complaint alleges violation of fiduciary duties, conversion, and fraud by these individuals. Under Washington law, corporate officers, directors, and controlling shareholders may

91 F.3d 152 (Table)
91 F.3d 152 (Table), 1996 WL 422879 (9th Cir.(Wash.))
**Unpublished Disposition**
(Cite as: 91 F.3d 152, 1996 WL 422879 (9th Cir.(Wash.)))

Page 2

be personally liable when the corporate entity is used for an improper purpose or to evade fiduciary duties. *See, e.g., Senn v. Northwest Underwriters,* 875 P.2d 637, 639 (Wash.1994).

The district court concluded that Rule 19 discourages multiplicitous litigation, and that the possibility of collateral estoppel in the state court action was substantial. The appellant argues that the district court erred in its collateral estoppel analysis, citing extensive Washington law on "privity." We reject this argument because the complaint and affirmative defenses alleged in the federal pleadings are factually similar to the allegations in the state pleadings. We have stated that the district court "need not conclusively determine how collateral estoppel would operate in future litigation" and that "Rule 19 speaks to possible harm, not only to future harm." *Takeda v. Northwestern Nat'l Life Ins. Co.,* 765 F.2d 815, 821 (9th Cir.1985).

**\*\*2** As the final part of the district court's "necessary" party analysis, the district court concluded that there was substantial risk of the already named defendant corporation incurring inconsistent obligations. *See* Fed.R.Civ.P. 19(a)(2)(ii). This conclusion is not erroneous on the facts and is within the discretion of the district court.

b. *Indispensable parties*

Rule 19(b) sets forth four factors to be considered by the court to determine whether the action should be dismissed because the absent parties are indispensable: (1) prejudice to absent parties or those already parties; (2) whether relief may be shaped to lessen prejudice; (3) whether a judgment rendered in the parties' absence will be adequate; and (4) whether the plaintiff has an **adequate remedy** or **alternative forum** if the action is dismissed.

The district court found that the first and fourth factors--potential prejudice and the availability of an alternative forum--"weighed heavily" in favor of a finding of indispensability. The prejudice test under Rule 19(b) is essentially the same as under Rule 19(a). *See Confederated Tribes v. Lujan,* 928 F.2d at 1499. The district court did not err in its analysis of prejudice. Furthermore, the availability of the alternative forum in state court weighs heavily toward dismissal.

The district court concluded that judicial economy and the need to avoid multiplicitous litigation, *inter alia,* warranted dismissal. This conclusion was within the court's discretion. The district court's judgment dismissing the action for failure to join indispensable parties is therefore AFFIRMED.

91 F.3d 152 (Table), 1996 WL 422879 (9th Cir.(Wash.)), Unpublished Disposition

**Briefs and Other Related Documents (Back to top)**

• 1995 WL 17066241 (Appellate Brief) Reply Brief of Plaintiff-Appellant (Oct. 27, 1995)Original Image of this Document (PDF)

• 1995 WL 17066242 (Appellate Brief) Brief of Appellee (Sep. 25, 1995)Original Image of this Document with Appendix (PDF)

• 1995 WL 17070047 (Appellate Brief) Opening Brief of Plaintiff-Appellant (Aug. 16, 1995)Original Image of this Document (PDF)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.