## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETHYPHARM S.A. FRANCE & ETHYPHARM S.A. SPAIN, | ) ) ) |
| Plaintiffs | ) ) C.A. No. 04-1300 (SLR) |
| v. | ) ) **JURY TRIAL DEMANDED** |
| BENTLEY PHARMACEUTICALS, INC. | ) ) ) |
| Defendant. | ) ) ) |

## ANSWER

Defendant Bentley Pharmaceuticals, Inc. ("Bentley") answers the correspondingly numbered paragraphs of the plaintiffs' Complaint for itself, and not on behalf of its non-party subsidiary Belmac S.A. ("Belmac S.A."), as follows:

## OVERVIEW OF THIS LAWSUIT

1.  This paragraph summarizes plaintiffs' contentions and states conclusions of law that do not require a response from Bentley. To the extent a response is deemed to be required, admits that omeprazole is used in the treatment of heart burn/acid reflux, and denies the remaining allegations.

2.  Bentley lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted, and therefore denies.

3.  Bentley lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted, and therefore denies.

4.  Denies that "Bentley Corporation" is Defendant's legal name, and admits that Bentley Pharmaceuticals, Inc. is a Delaware corporation which is engaged in the pharmaceutical industry.

5.  Denies.

6.  This paragraph and its sub-paragraphs state conclusions of law that do not require a response from Bentley. To the extent a response is deemed to be required, denies as to this paragraph and subparagraphs (a)-(e).

7.  Bentley admits that Belmac S.A. manufactured omeprazole product for Ethypharm at its facility in Zaragoza, Spain. Except as stated herein, denies.

8.  Denies allegations as to the first sentence. Denies the second sentence because Bentley lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies as to the third sentence.

9.  Denies.

10. Denies.

11. Denies.

12. Denies.

13. Denies.

14. Admits as to the first sentence. Denies as to the second sentence.

15. Denies.

16. Denies.

17. Denies.

18. Denies.

19. Denies.

20. Denies.

21. Denies.

22. Denies.

23. To the extent this paragraph alleges the bases on which plaintiffs purport to bring this lawsuit, no response is required. In all other respects, denies.

## JURISDICTION AND VENUE

24. Denies based on its First Defense because Belmac S.A., a citizen of a foreign nation, is a necessary and indispensable party that has not and cannot be joined because it would destroy this Court's diversity jurisdiction.

25. Denies because plaintiffs' claims under 6 DEL. C. § 2001 et seq., the Delaware Trade Secrets Act, involve questions of state law which do not confer jurisdiction on this Court.

26. Denies because plaintiffs have no claim against Bentley and therefore venue is not proper.

## THE PARTIES

27. Denies because Bentley lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted.

28. Denies because Bentley lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted.

29. Admits, with the exception that the correct street address for Bentley's designated agent for service of process is 1209 Orange Street, Wilmington, DE 19801.

## FACTUAL ALLEGATIONS

### Corporate History of Bentley and Relationship Between Bentley and Belmac

30. Admits.

31. Denies.

32. Admits that officers of Belmac Corporation visited Spain and France and met with employees of Belmac S.A. and Ethypharm. Denies the remainder of the paragraph.

33. Denies.

34. Admits.

35. Admits.

36. Denies.

37. As to the first sentence, admits that Bentley's filings with the Securities and Exchange Commission ("SEC") include the profits of its foreign subsidiaries, including Belmac S.A., in accordance with regulations promulgated by the SEC. As to the second sentence, denies because Bentley lacks knowledge or information sufficient to form a belief as to the meaning of the phrase "[i]n recent years."

38. Denies.

39. Admits as to the first sentence. Denies as to the second sentence.

40. Admits that Bentley is domiciled in the United States and is therefore subject to United States law; otherwise denies the argumentative allegations of this paragraph.

41. As to the first sentence, denies because Bentley lacks knowledge or information sufficient to form a belief as to the meaning of the phrase "[d]uring the period relevant to this Complaint." Denies as to the second sentence. Further answering, Bentley says that during the period from 1995-2002, Belmac S.A. had two General Managers.

42. As to the first sentence, admits that occasionally the General Managers of Belmac S.A. traveled to the United States to meet with Mr. Murphy and admits that Belmac S.A.'s current General Manager, Adolfo Herrera, contacts Mr. Murphy by telephone frequently; otherwise denies. Admits as to the second sentence.

43. Denies.

44.     Admits that James Murphy corresponded in writing with Mr. Debrégeas in January 1997, which correspondence speaks for itself; otherwise denies.

45.     Denies.

46.     Denies.

### The Arrangement Between Bentley/Belmac S.A. and Ethypharm for the Manufacture of Omeprazole

47.     As to the first and second sentences, denies because Bentley lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted. As to the third sentence, denies the allegations that Bentley or Belmac S.A. stole or misappropriated Ethypharm's intellectual property, know-how and trade secrets, including those related to its pellet technology. To the extent that this paragraph alleges the bases on which plaintiffs purport to bring this lawsuit, no response is required. Should a response be deemed required, denies.

48.     Denies because Bentley lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted.

49.     Denies.

50.     Denies the first sentence. Further answering, in February 1992, Rimafar S.A. ("Rimafar") was acquired by Bentley and was subsequently renamed as Laboratorios Belmac, S.A.

51.     Denies.

52. Denies because Bentley lacks knowledge or information sufficient to form a belief as to the meaning of the phrase "[d]uring this period of time," and denies that Belmac was Bentley's agent.

53. Denies.

54. Denies.

55. Denies because lacks knowledge or information sufficient to form a belief as to the meaning of "this arrangement" and "proprietary trade secrets and intellectual property," allegedly provided by plaintiffs. Further answering, Bentley denies that plaintiffs provided any assistance, guidance, education and training to its employees.

56. Denies.

57. Denies.

58. Denies.

59. Denies.

60. Denies.

61. Denies that "Ethypharm then sold the Omeprazole to . . . Bentley's agent, Belmac S.A." Denies that Ethypharm sold the omeprazole to distributors other than Belmac S.A. because Bentley lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted.

62.    Denies as to the first and third sentences. As to the second sentence, admits that employees of Belmac S.A. signed confidentiality agreements with Ethypharm, which documents speak for themselves.

63.    Denies.

**Bentley's False, Misleading, Incomplete, and Deceptive Public Statements About the Ownership of the Machinery, Technology, Processes and Know-How Used in the Manufacture of Omeprazole**

64.    Denies.

65.    Admits that Bentley filed a Form 10-K for the fiscal year ending December 31, 1998 with the SEC, which document speaks for itself.

66.    Admits that Bentley filed Form 10-K Reports for fiscal years between 1998 and 2003 with the SEC, which documents speak for themselves; otherwise denies.

67.    As to the first sentence, Bentley admits that in 2002, omeprazole accounted for 49% of Bentley's net sales and otherwise denies. As to the second sentence, admits that Bentley filed a Form 10-K for the fiscal year ending on December 31, 2002 with the SEC, which document speaks for itself. As to the third sentence, admits that Bentley filed a Form S-3 with the SEC on February 15, 2002, which document speaks for itself; otherwise denies.

68.    Denies.

69.    Admits that Bentley filed a Form 10-K with the SEC for the fiscal year ending on December 31, 2000, which document speaks for itself. Otherwise denies.

70. Denies.

71. Denies.

72. Admits as to the factual allegations in the first sentence. As to the second sentence, denies because Bentley lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted.

73. Admits that Mr. Debrégeas wrote a letter to Mr. Murphy in April 1999, which document speaks for itself; otherwise denies.

74. Admits that Mr. Debrégeas wrote a letter to Mr. Murphy in April 1999, which document speaks for itself; otherwise denies.

75. Admits that Mr. Debrégeas wrote a letter to Mr. Murphy in April 1999, which document speaks for itself; otherwise denies.

76. Admits that Mr. Murphy responded to Mr. Debrégeas' April 1999 letter from the office of Bentley Pharmaceuticals, Inc. in New Hampshire, which document speaks for itself; otherwise denies.

77. Admits that Mr. Murphy responded to Mr. Debrégeas' letter of April 1999, which document speaks for itself; otherwise denies.

78. Denies. Further answering, Bentley states that Mr. Murphy's response to Mr. Debrégeas' letter of April 1999 speaks for itself.

79. Denies the first clause of the first sentence, and admits the remainder of the paragraph.

80. Denies.

81. Denies. Further answering, Bentley notes that it had no "correction" to make because its public statements regarding Belmac S.A.'s manufacture of omeprazole were not misleading or false.

82. Denies.

83. Denies.

### Bentley's Fraud on Ethypharm, Its Theft of Ethypharm's Customers, Its Intellectual Property and the Unlawful Use of Ethypharm's Machinery

84. Denies.

85. Denies.

86. Denies.

87. Denies.

88. Denies.

89. Denies.

90. Denies.

91. Denies.

92. Denies.

93. Denies.

94. Denies as to the first sentence. As to the second and third sentences, admits.

95. Denies.

96. Denies.

## COUNT 1
### (Fraud)

97-112. Bentley states that Count 1 was dismissed by this Court and Bentley is therefore not required to answer the allegations contained in this Count.

## COUNT 2
### (Violation of 6 Del. C. § 2001 et seq)

113. Bentley restates its responses to paragraphs 1 through 112.

114. As to the first and second sentences, denies because Bentley lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted. As to the third sentence, denies.

115. Denies because Bentley lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted.

116. Denies.

117. As to the first sentence, denies because Bentley lacks knowledge or information sufficient to form a belief as to the meaning of the phrase "trade secrets and intellectual property owned by Ethypharm." As to the second sentence, denies because

Bentley lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted.

118.   Denies.

119.   Denies.

120.   Denies because Bentley lacks knowledge or information sufficient to form a belief as to the meaning of the phrase "trade secrets and intellectual property."

121.   Denies.

122.   Denies as to the first sentence. As to the second sentence, admits that on March 23, 2002, Belmac S.A. was in possession of Ethypharm's manufacturing equipment, the omeprazole formulae, and the technical specifications for Ethypharm's alleged proprietary manufacturing process.

123.   Denies.

124.   Denies.

## COUNT 3
### (Unjust Enrichment)

125–129.   Bentley states that Count 3 was dismissed by this Court and Bentley is therefore not required to answer the allegations contained in this Count.

## COUNT 4
### (Intentional Interference with Actual and Prospective Business Relationships)

130.   Bentley restates its responses to paragraphs 1 through 129.

131. Denies because Bentley lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted.

132. Denies because Bentley lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted.

133. Denies.

134. Denies.

135. Denies.

136. Denies.

137. Denies.

### FIRST DEFENSE

Plaintiffs' Complaint fails to join a necessary and indispensable party pursuant to Rule 19(a) and (b) and must therefore be dismissed.

### SECOND DEFENSE

Count 4 of plaintiffs' Complaint is preempted by the Delaware Uniform Trade Secrets Act, 6 Del. C. § 2001 et seq.

### THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## SIXTH DEFENSE

If it is determined that Belmac S.A. was acting as Bentley's agent in its dealings with Ethypharm relevant to plaintiffs' Complaint, Bentley reserves the right to assert all defenses to which Belmac S.A. is entitled, including, but not limited to, the defense that the technology used by Belmac S.A. to produce omeprazole pellets before and after the expiry of its arrangement with Ethypharm in March 2002 was independently developed by Belmac S.A.

## SEVENTH DEFENSE

Bentley intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this case, and reserves the right to amend its answer to assert any such defense.

**JURY DEMAND**

Bentley demands a trial by jury on all claims.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: */s/ David E. Moore*

| | |
|---|---|
| Craig E. Stewart | Richard L. Horwitz (#2246) |
| Veronica C. Abreu | David E. Moore (#3898) |
| PALMER & DODGE LLP | Hercules Plaza, 6th Floor |
| 111 Huntington Avenue | 1313 North Market Street |
| Boston, MA 02199 | P.O. Box 951 |
| Telephone: (617) 239-0100 | Wilmington, DE 19899-0951 |
| | Telephone: (302) 984-6000 |
| | rhorwitz@potteranderson.com |
| Dated: August 5, 2005 | dmoore@potteranderson.com |

*Attorneys for Defendant*

704309

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on October 20, 2005, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Francis J. Murphy, Jr.
Murphy, Spadaro & Landon
1011 Centre Road
Suite 210
Wilmington, DE 19805

I hereby certify that on October 20, 2005, I have Federal Expressed the documents to the following non-registered participants:

Dwight P. Bostwick
Bruce R. Grace
Baach, Robinson & Lewis PLLC
1201 F Street, NW
Suite 500
Washington, DC 20004

                                                               By:  */s/ David E. Moore*
                                                                     Richard L. Horwitz
                                                                     David E. Moore
                                                                     Hercules Plaza, 6th Floor
                                                                     1313 N. Market Street
                                                                     Wilmington, Delaware 19899-0951
                                                                     (302) 984-6000
                                                                     rhorwitz@potteranderson.com
                                                                     dmoore@potteranderson.com

688783