UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ETHYPHARM S.A. France and<br>ETHYPHARM S.A. Spain,<br><br>           Plaintiffs,<br><br>      v.<br><br>BENTLEY PHARMACEUTICALS, INC.<br><br>           Defendant | )<br>)<br>)<br>)   C.A. No.:  04-1300 (SLR)<br>)<br>)   JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

At Wilmington this ___ day of ____ 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.      **Pre-Discovery Disclosures.**  The parties will exchange by December 9, 2005 the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2.  The pre-discovery disclosures shall be limited to disclosures regarding the issues of agency (express agency, apparent agency, and/or ratification) and Bentley Pharmaceuticals, Inc.'s ("Bentley's") alleged joint tortfeasor status except that under Rule 26(a)(1)(A), the parties shall not limit their disclosures to the issues of agency and joint tortfeasor status.  The parties shall indicate, however, which individuals identified are likely to have discoverable information that the disclosing party may use to support its position on the issues of agency (express agency, apparent agency, and/or ratification) and

295592.1

Bentley's alleged joint tortfeasor status.

   **2.   Discovery – Phases 1, 2 and 3.**

   (a)   Discovery shall be conducted in three phases.  Phase 1 discovery, except as set forth below, will be limited to the issues of agency (express agency, apparent agency, and/or ratification) and Bentley's alleged joint tortfeasor status.  For the reasons set forth in 2 (b)(ii), Phase 1 will also include requests for production of documents concerning all issues in dispute.  Phase 2 discovery comprises discovery on all remaining issues, except discovery of experts, including any additional discovery regarding any matter that is relevant to the claims or defenses of any party.  Phase 2 discovery shall not be conducted before the completion of Phase 1 discovery.  Phase 3 discovery comprises discovery concerning expert testimony, if any, and shall not be conducted before the completion of Phase 2 discovery.

   (b)   Discovery Deadlines.

   (i)   All Phase 1 discovery shall be commenced in time to be completed by <u>July 14, 2006</u>.  Unless otherwise determined after the filing of defendant's renewed motion for summary judgment regarding plaintiffs' alleged failure to join Belmac SA as a necessary party, all Phase 2 discovery shall be conducted in time to be completed by <u>December 15, 2006</u>, and all Phase 3 discovery shall be conducted in time to be completed by <u>May 7, 2007</u>.

   (ii)   The parties recognize that there are numerous documents

that must be obtained from overseas companies and subsidiaries and that many of these documents are written in Spanish or French. To avoid the unnecessary expense of conducting repeated electronic and manual searches for documents, and to permit the parties to conduct a complete search for all responsive documents early in the case, the scheduling for requests for production of documents will be as follows:

   a. <u>On or before December 9, 2005</u>. The parties will serve initial requests for production of documents on the subject of agency (express agency, apparent agency, and/or ratification) and Bentley's joint tortfeasor status.

   b. <u>On or before December 21, 2005</u>. The parties will serve requests for production of documents on all remaining subjects including matters relating to the claims or defenses of any party.

   c. <u>On or before January 20, 2006</u>. The parties will have consulted with their respective clients and consulted with each other in an effort to reach agreement on consensual standards for the conduct of e-discovery and a deadline for the due dates for production of documents. Production of documents

related to agency (express agency, apparent agency, and/or ratification) and Bentley's alleged joint tortfeasor status shall be produced early during Phase 1 of discovery and other documents shall be produced on a rolling basis early during Phase 2 of discovery on dates to be agreed on by the parties.

d. Nothing herein shall preclude a party from serving supplemental requests for production of documents, consistent with the completion of discovery as set forth below.

(c) Maximum of 50 interrogatories including all discrete subparts (a subpart to be counted as a single interrogatory, as per Local Rule 26.1(b)) by each party to any other party, including expert interrogatories, except by agreement of the parties or for good cause shown.

(d) Maximum of 30 requests for admission by each party to any other party, except by agreement of the parties or for good cause shown.

(e) Maximum of 15 depositions by plaintiff and 15 by defendant, exclusive of experts, except by agreement of the parties or for good cause shown. In the event that a witness is deposed in both Phase 1 and Phase 2 of the discovery process, this will count as a single deposition. In the event that an individual who is not under the control of the parties to this litigation and/or whose participation in the discovery process must be compelled by foreign process has information relevant to the subjects covered in Phase 1 and Phase 2 of discovery, the parties

shall work cooperatively such that all discoverable information can be obtained from this individual on a single occasion.

(f) Each deposition will be limited to a maximum of 7 hours unless extended by agreement or for good cause shown.  In the event a witness requires a translator, the deposition will be limited to 14 hours unless extended by agreement or for good cause shown.

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof shall be due by February 6, 2007.  Rebuttal expert reports shall be due by March 20, 2007.

(h) **Discovery Disputes.**  Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37.  During the course of discovery, each party is limited to two (2) Rule 37 motions.  The court shall hold conferences as needed to resolve any disputes that arise during the course of discovery, pursuant to Fed. R. Civ. P. 16.  The first such conference is scheduled for April 6, 2006 at 4:30 p.m.  The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to the entry of a protective order.

3. **Joinder of other Parties and Amendment of Pleadings and other Dates.**  Motions to join other parties and amend the pleadings shall be filed on or before September 15, 2006.

4. **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Summary Judgment Motions.**  All summary judgment motions regarding

the issue of agency and joint tortfeasor status shall be served and filed following the completion of Phase 1 discovery and with an opening brief due on or before <u>August 15, 2006</u>.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No summary judgment motion on the issue of agency and joint tortfeasor status may be filed more than ten (10) days from the above date without leave of the court.  The court shall hear oral argument on any such motions and hold a status conference on <u>September 27, 2006 at 4:30 p.m.</u>  All summary judgment motions regarding any other issue in the case shall be served and filed following the completion of Phase 3 discovery and with an opening brief due on or before <u>June 15, 2007</u>.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No such summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

     **6.**   **Applications by Motion.**  Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers.  Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.

     **7.**   **Motions in Limine.**  All motions <u>in</u> <u>limine</u> shall be filed on <u>August 15, 2007</u>.  All responses to said motions shall be filed on or before <u>August 29, 2007</u>.

     8.   **Pretrial Conference.**  A pretrial conference will be held on <u>September 12, 2007 at 4:30 p.m.</u> in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

     9.   **Trial.**  This matter is scheduled for a jury trial that is anticipated to last approximately two weeks and will commence on <u>October 1, 2007</u> in courtroom 6B,

sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge

295592.1