IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETHYPHARM S.A. FRANCE and<br>ETHYPHARM S.A. SPAIN,<br><br>        Plaintiffs,<br><br>        v.<br><br>BENTLEY PHARMACEUTICALS, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   Civ. No. 04-1300-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>STIPULATED PROTECTIVE ORDER</u>**

The parties have stipulated to the entry of a Protective Order pursuant to Fed. R. Civ. P. 26(c), and it appearing to the Court that such an order is necessary, appropriate, and will facilitate discovery;

IT IS HEREBY ORDERED that:

1. The term "Receiving Party" means any party or other person that receives Confidential, Highly Confidential, or privileged information.

2. The term "Confidential Information" means material that the party or non-party so designating ("Designating Party") in good faith believes to incorporate sensitive business information, trade secrets, know-how, proprietary data, or commercial or personal information.

3. The term "Highly Confidential Information" means Confidential Information of such a sensitive nature that the Designating Party in good faith believes that competitive injury could reasonably result from disclosure of that information.

4. All Confidential Information produced or exchanged in the course of this civil action shall be used solely for the purpose of preparing for and conducting this civil

action, including trial and any appeals therefrom, and shall not be used in any other civil actions or for any other purposes.

    5.    The following persons may have access to Confidential Information from this lawsuit but only following their execution of Acknowledgement in the form annexed hereto as Exhibit A:

    (a)    Counsel for the parties, including attorneys of record in the lawsuit, any necessary clerical staff, translators, support staff, other attorneys employed by attorneys of record in this lawsuit including foreign attorneys;

    (b)    Persons independent from any of the parties to this action who are retained by a party or by counsel for a party as an expert or a consultant; and

    (c)    The parties, including any inside counsel, officer or current employee ("Party-Representatives").  Copies of the executed Acknowledgments for a party shall be kept by counsel for that party.  The Acknowledgment forms and the identity of those who executed the Acknowledgment forms shall be disclosed to counsel for the opposing party in the event a question arises regarding the improper disclosure of Confidential Information under this Stipulated Protective Order.

    6.    The following persons may have access to Confidential Information from this lawsuit without executing Acknowledgment forms but only after they have been informed about the existence and scope of this Stipulated Protective Order:

    (a)    Independent litigation support service personnel, including copying services, imaging services, translation services and coding services;

    (b)    Court personnel (including stenographic reporters) as appropriate; and

(c)     An officer before whom a deposition is taken, including stenographic reporters, videographers and any secretarial, clerical, or other lay personnel assisting such officer.

7.     Material marked or otherwise designated as "HIGHLY CONFIDENTIAL INFORMATION" shall be treated in accordance with and subject to all provisions of this order, except that such material or any information derived therefrom shall be maintained in confidence by counsel for the party receiving such information and shall not be disclosed to the persons identified in Paragraph 5(c) without prior express written consent or consent on the record by the Designating Party. Any person to whom "Highly Confidential Information" is divulged is obligated to maintain the confidence of such material or information, and may not disclose it to any person other than a person authorized in Subparagraphs 5(a) and (b) and 6(a) through (c) above. In the following paragraphs of this Stipulated Order, unless the context otherwise requires, the term "Confidential Information" shall be understood to mean "Confidential or Highly Confidential Information."

8.     Counsel for the parties in receipt of Confidential or Highly Confidential Information shall not make it available to persons other than those individuals authorized by paragraphs 5 through 7, except that with respect to each document designated as containing Confidential or Highly Confidential Information, any person including any potential or actual witness who is indicated on the face of the document to be its originator, author, or recipient of a copy thereof or who would otherwise reasonably be expected to have had prior access to the document, may be shown the document after being advised of the existence and scope of the Stipulated Protective Order. Counsel

shall not permit such person to make notes of or retain the Confidential or Highly Confidential Information or any copy thereof outside of counsel's presence unless such person shall first execute an Acknowledgment in the form annexed hereto as Exhibit A.

9. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to or seeking advice from a Party-Representative in this action and in the course thereof relying upon such attorney's examination of material or information designated as Highly Confidential, or from showing a Party-Representative Highly Confidential Information when necessary in connection with: (i) proposing or responding to an offer of settlement; (ii) in the context of mediation; or (iii) preparing for or taking or defending the deposition of a Party-Representative or person who has prior knowledge of information designated as Highly Confidential Information. In the event that a party believes in good faith that it is necessary to show or otherwise disclose Highly Confidential Information to a Party-Representative for a purpose other than those disclosed in this paragraph, the party in receipt of such Information shall so inform the Designating Party and provide the identity of the Party-Representative to receive the Information and the purpose of the disclosure. The parties shall then meet and confer and seek to agree on such additional protections as may be reasonably necessary to prevent the improper use or disclosure of the Highly Confidential Information. Without limiting the generality of the foregoing, it is contemplated that, in the context of Phase II and III discovery, the reviewing parties may need to disclose Highly Confidential Information to witnesses to analyze technical information and trade secrets, and the parties shall meet and confer to provide for such disclosure with any appropriate additional protections.

10. Documents and other discovery materials containing Confidential Information shall be so designated as such by marking each page of each document or other discovery material with the following legend:

**[HIGHLY] CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

A physical specimen or thing containing Confidential Information shall be designated as such by marking such physical specimen or thing with a legend including the phrase "Confidential" (or "Highly Confidential") as appropriate.

11. Confidentiality of Depositions.

(a) Information, including both testimony and exhibits, disclosed at any deposition in this lawsuit may be designated as Confidential or Highly Confidential Information by indicating on the record at the deposition that the testimony and/or exhibit is subject to the provisions of this Stipulated Protective Order.

(b) A party may also designate Confidential or Highly Confidential Information disclosed at such a deposition by notifying the other parties, during the course of the deposition or by notifying the other parties in writing, within thirty (30) days after receipt of the official transcript, of the specific pages and lines of the transcript which should be treated as Confidential or Highly Confidential Information. Each transcript of a deposition taken of any party, its present or former officers, directors, employees, or agents, or of experts retained by counsel for any party for purposes of this litigation shall be treated as Highly Confidential

Information for a period of thirty (30) days after receipt of the official transcript.

(c)    Notwithstanding anything to the contrary in this Stipulated Protective Order, any deponent may review the transcript of his own deposition at any time.

12.    If a party believes that inspection, measuring, testing, sampling, or photographing of that party's processes, products, equipment, premises, or other property pursuant to Fed. R. Civ. P. 34 will reveal or disclose information that is in good faith deemed Confidential or Highly Confidential Information, that party shall advise in advance the party or parties seeking such discovery that the inspection, measuring, testing, sampling, or photographing will be permitted only on a Confidential basis and that the material discovered and any information derived from that material, shall be treated as Confidential or Highly Confidential Information in accordance with this Order. Nothing contained in this Order shall be deemed a waiver of any requirements for showing of good cause under the applicable rules of law or of any right of the producing party to seek an order from the Court regarding further conditions for any inspection of its premises.

13.    If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client privilege, work product immunity or other privilege, such production shall not be deemed a waiver of any privilege or immunity, and the Producing Party shall give notice to the Receiving Party (promptly after learning of such production) that it is asserting a claim of privilege or other immunity with respect to such document or other information and that the return of

the document or information is requested. Upon receipt of such notice, the Receiving Party shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware and immediately shall return the original and all such copies to the Producing Party, or for information or documents produced in electronic form, shall delete them to the extent possible and provide notice of deletion to the Producing Party. Within five (5) days of such notice, the producing party shall provide the Receiving Party a privilege log entry for the document(s) produced inadvertently which identifies: (a) the basis for the privilege or protection; (b) the document, including but not limited to its date; type; name and title of the authors and recipients and all other persons who participated in the preparation of the document (other than stenographic or clerical assistants); the subject matter of the document sufficient to support the claim of privilege or protection; and (c) the document request or requests to which the document is responsive. The parties shall then attempt to determine whether they can agree that there was an inadvertent production of a privileged or immune document. If agreement cannot be reached within ten (10) days from receiving the privilege log entry, the producing party shall bring the matter before the Court to establish its claim. Once the Receiving Party has received notice of the claim of inadvertent production, the Receiving Party shall not use the allegedly inadvertently produced document or information in any matter other than in connection with any disputation as to the alleged privileged status of the document or information until the issue of whether the document or information remains privileged or otherwise protected has been resolved by the parties or the Court.

14. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Stipulated Protective Order, the producing party may promptly give written notice to the Receiving Party that the document or thing produced is deemed Confidential Information and should be treated as such in accordance with the provisions of this Stipulated Protective Order. Upon receipt of the written notice, the Receiving Party shall treat information contained in said documents and things and any summaries or notes thereof as Confidential Information in accord with the provisions of the Stipulated Protective Order. Within ten (10) days of such written notice, the producing party shall provide properly marked documents. Upon receipt of properly marked documents, the Receiving Party shall return said unmarked documents and things to the extent practicable, and shall not retain copies thereof.

15. All correspondence, legal memoranda, motion papers, pleadings, and other written materials that quote or refer to the substance of any Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulated Protective Order, and the cover or first page of such documents shall be marked Confidential or Highly Confidential in accordance with paragraph 9 of this Stipulated Protective Order, unless the Court directs otherwise.

16. The parties will use reasonable care to avoid designating as Confidential or Highly Confidential any documents or information which do not fall within the definitions in paragraph 2 or 3 of this Stipulated Protective Order or which have been published or can otherwise be shown to be publicly available. The acceptance of materials or information designated as Confidential Information by a Receiving Party

shall not constitute an admission or concession or permit an inference that the material or information designated as Confidential Information is, in fact, confidential. A party shall not be obligated to challenge the confidentiality of a designation as Confidential Information at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event of a dispute with respect to the designation of any discovery material as Confidential Information, counsel shall attempt to resolve their dispute on an informal basis before presenting the matter to the Court for resolution. If a resolution cannot be reached, the party challenging the Confidential Information designation shall provide a written notice to the Producing Party: (i) identifying with particularity the challenged Confidential Information, and (ii) stating the reasons why the Confidential Information designation is being challenged. Within fifteen (15) days after service of the written notice, the Receiving Party shall move the Court for a determination as to whether the material or information is confidential and request an order to remove its designated status of Confidential Information. Until such time as the challenge is resolved, such Confidential Information shall be maintained in accordance with this Stipulated Protective Order.

17.   Unless otherwise ordered by the Court, all deposition transcripts and exhibits, written discovery requests and responses thereto, legal memoranda, motion papers, or other written materials or things submitted to the Court, which contain or quote or refer to Confidential Information, shall not be filed with the Court electronically. Instead, the party seeking to submit to the Court written materials or things which contain or quote or refer to Confidential Information shall seek by motion permission of the Court to file documents under seal and such materials shall be filed with the Court in a

sealed envelope or other appropriate sealed container which shall be endorsed with: (i) the title of this action, (ii) an indication of the nature of the contents of such sealed envelope or other container, and (iii) a statement substantially in one of the following applicable forms:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
FILED UNDER SEAL**

This envelope (or container) which is filed in this action by (name of party and, if applicable, the name of deponent) is not to be opened nor its contents displayed, copied, or revealed except by Court Order.

18.  Nothing in this Stipulated Protective Order shall prevent a party or its attorney from using any Confidential Information; (i) in interviews or at a deposition (provided the witness may only see the Confidential Information as permitted by this Stipulated Protective Order) or hearing, (ii) to prepare for and conduct discovery in this action, (iii) to support or oppose any motion made in this action, (iv) to prepare for trial, (v) during trial, or (vi) during any appeal.  Under these circumstances, each party shall take such steps as are reasonably necessary to preserve the confidentiality of the proceedings in which the Confidential Information is being used.  Without limiting the generality of the foregoing, the portion of any document or transcript designated as containing Confidential Information shall be subject to all of the provisions of this Stipulated Protective Order.

19.  Documents and things designated as containing Confidential Information and any copies or extracts thereof, shall be retained in the custody of the attorneys of record during the pendency of this action, except as reasonably necessary to provide

access to persons authorized under the provisions of this Stipulated Protective Order, or to facilitate discovery with the assistance of independent litigation support personnel.

20. Within sixty (60) days after final termination of this action, including all appeals, each party shall assemble all documents and things furnished and designated by any other party as containing Confidential Information and all copies of such materials, including information stored in computer databases or backup tapes or disks, and shall either destroy or disable access to all such materials or return them to the producing party, such election to be made by the Receiving Party. The attorneys of record for each party shall be entitled to retain copies of all pleadings, motion papers, discovery responses, depositions and trial transcripts, exhibits, legal memoranda, correspondence, attorney work product, and any other documents related to this litigation, provided said attorney and the employees of said attorney shall not disclose such information except pursuant to a written agreement with the disclosing party or as compelled by law.

21. This Stipulated protective Order is without prejudice to the right of any party to seek modification by the Court of any of the terms of this Stipulated Protective Order, or to present to the Court any matter which is the subject of this Stipulated Protective Order.

22. The terms of the Stipulated Protective Order shall survive the final termination of this lawsuit and the Court shall retain jurisdiction to enforce this Order and any disputes arising hereunder. The parties agree that this Court may redress a violation of this Stipulated Protective Order through a variety of means including, but not limited to, the imposition of sanctions, the entry of an injunction, or by holding a party liable for damages. Consistent with Paragraph 29 below, prior to the Court's approval of this

Order, the parties may seek redress of any violation of the terms of this Order through any court of competent jurisdiction.

23. A determination that information designated by another party as Confidential Information is public knowledge shall not be made unilaterally by any Receiving Party, but rather, a challenge to the propriety of a designation of Confidential Information shall be made in accordance with paragraph 16. Until a challenge is resolved in accordance with paragraph 16, the challenged information shall be treated as Confidential Information under the terms of this Stipulated Protective Order.

24. If a third party provides discovery to any party in connection with this action, and if the third party so elects, then the provisions of this protective order shall apply to such third party discovery as if such discovery were being provided by a party. Under such circumstances, the third party shall have the same rights and obligations under this protective order as held by the parties to this action; except that nothing in this Stipulated Protective Order permits the disclosure of a party's Confidential Information to a third party or counsel for a third party except in accordance with its terms.

25. If any Receiving Party is served with a document request, subpoena, court order or other legal process seeking any Confidential Information provided by a Producing Party, the Receiving Party shall provide prompt written notice to the Producing Party. In addition, the Receiving Party shall set forth the existence of this Stipulation and Order as an initial objection to production of the requested Confidential information and shall not produce the requested common interest materials until at least the fifth (5th) business day after having given notice to the Producing Party. Once timely notice has been provided to the Producing Party, no Receiving Party is required to

challenge or appeal any demand for production of Confidential Information or to subject itself to any penalties for non-compliance with any legal process, order or demand. Under these circumstances, each of the parties hereto expressly waives any objection or opposition to intervention or motion of a Producing Party in any proceeding for the purpose of asserting the Confidentiality of the information sought or any applicable privilege against disclosure of the information.

26. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on grounds of privilege, relevance, materiality, etc., and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility at trial of any evidentiary material.

27. This Order may be amended by the agreement of counsel for the parties, subject to approval of the Court, provided it is in the form of a stipulation that shall be filed with the Clerk and made part of the record in this civil action.

28. This Order shall be without prejudice to the right of any party to apply to the Court for such further protective order under the provisions of the Court rules, the Federal Rules of Civil Procedure, the Local Civil Rules, or as justice may require.

29. The parties agree forthwith to submit this Order to the Court to be "So Ordered" and further agree, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, that prior to approval by the Court, this Order shall be deemed to be a binding agreement between them, and effective in all respects as if approved.

APPROVED AS TO FORM:

March 27, 2006

| **MURPHY SPADARO & LANDON** | **EDWARDS ANGELL PALMER & DODGE LLP** |
|---|---|
| */s/ Francis J. Murphy* | */s/ John L. Reed* |
| Francis J. Murphy (DE. I.D. 223) | John L. Reed (DE I.D. 3023) |
| 1011 Centre Road, Suite 210 | 919 North Market Street, 15th Floor |
| Wilmington, DE 19805 | Wilmington, DE 19801 |
| Tel: (302) 472-8100 | Tel. (302) 777-7770 |
| Fax: (302) 472-8135 | Fax: (302) 777-7263 |
| | |
| Dwight P. Bostwick | Craig E. Stewart |
| Manuel S. Varela | Veronica C. Abreu |
| Jonathan D. Fine | Joseph P. Mingolla |
| BAACH ROBINSON & LEWIS PLLC | EDWARDS ANGELL PALMER & DODGE LLP |
| 1201 F Street, NW, Suite 500 | 111 Huntington Avenue |
| Washington, DC 20004 | Boston, MA 02199 |
| Tel: (202) 833-8900 | Tel: (617) 239-0100 |
| Fax: (202) 466-5738 | Fax: (617) 227-4420 |
| | |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |
| *Ethypharm S.A. France* | *Bentley Pharmaceuticals, Inc.* |
| *Ethypharm S.A. Spain* | |

SO ORDERED,
This ___ day of March, 2006

_____
United States District Court Judge