IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETHYPHARM S.A. FRANCE and<br>ETHYPHARM S.A. SPAIN,<br><br>        Plaintiffs,<br><br>        v.<br><br>BENTLEY PHARMACEUTICALS, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   Civ. No. 04-1300-SLR<br>)<br>)<br>)<br>)<br>) |

**STIPULATION AND ORDER CONCERNING DISCOVERY
OF ELECTRONIC DOCUMENTS ("E-DISCOVERY")**

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs Ethypharm S.A. France and Ethypharm S.A. Spain (collectively "Ethypharm" or "Plaintiffs"), and Defendant Bentley Pharmaceuticals, Inc. ("Bentley" or "Defendant"), by and through their undersigned counsel, that in order to facilitate mutual discovery of relevant electronic documents and materials, these procedures shall govern the discovery of electronic discovery materials.

1. **Scope.** This Stipulation and Order shall govern the parties' obligations in discovery concerning any documents, as defined by Fed. R. Civ. P. 34(a), that are kept, maintained, created, stored, retained, compiled, transmitted or received in electronic form, including, without limitation, e-mail, drafts, word processing files, spreadsheets, relational databases, or other files ("electronic documents"), and the production of documents, whether electronic or not, in the ordinary course of discovery. This Stipulation and Order supersedes and replaces the Court's Default Standard for Discovery of Electronic Documents.

2.  **Diligence in Searching**. In accordance with their obligations under the Federal Rules of Civil Procedure, the parties diligently shall search for relevant documents, including electronic documents, based on information in their possession that relates to where relevant documents are most likely to be located. In addition to such efforts, the parties shall follow the procedures set forth herein, with respect to conducting generalized searches of electronic media for relevant documents in electronic form.

3.  **Description of Electronic Systems.** The parties shall exchange within twelve (12) days of execution of this Stipulation and Order general description of each electronic system that is likely to contain relevant electronic documents. Such description shall include description of:

   a.  the use and purpose of each such system;

   b.  the general technical specifications of such system;

   c.  the time during which the system has been in use;

   d.  how and how often, if at all, the system's data is "backed up," what "back ups" exist, and on which media "back ups" are made;

   e.  any document retention policies that pertain to the system; and

   f.  the range of dates for documents on each system.

4.  **E-Discovery Liaison.** Each party shall designate a single individual through which all e-discovery questions, requests and responses shall be made. Said designee shall be familiar with her or his respective party's electronic systems and capabilities and shall be prepared to participate in e-discovery dispute resolutions. Plaintiffs hereby identify Jonathan Fine, Esq., as their e-discovery liaison. Defendant

hereby identifies Veronica C. Abreu, Esq., as its e-discovery liaison. A party that changes its designee shall give prompt notice of the change of designation.

    5.    **E-Discovery Problems.** The parties shall provide prompt notice of any problems that arise in connection with e-discovery including, but not limited to, inadvertently destroyed media and identification of electronic documents of limited accessibility. Electronic documents of limited accessibility may include those created or used by electronic media no longer in use or those for which retrieval involves substantial, unanticipated costs.

    6.    **Search Methodology.** Each party, in light of the particularities of its electronic systems, shall develop and use its own search methodology that is calculated to be effective in locating all relevant electronic documents. Each party shall develop and implement its search methodology in good faith and using best efforts to comply with the letter and the spirit of the Federal Rules of Civil Procedure. The parties' search methodology may include the following:

    a.    "keywords": The parties may search relevant electronic systems for keywords;

    b.    "custodian searches": The parties may search relevant electronic systems by document custodians;

    c.    "document types": The parties may limit the document types for which they will search, in order, for example, to exclude system or program files that are not likely to include relevant documents;

    d.    "manual searches": The parties may manually identify paths and files or "folders" to be reviewed on relevant electronic systems; and

e.   "date restrictions":  The parties may use date restrictions for certain searches, if appropriate.

While calculated to reveal all relevant electronic documents, the use of a search methodology may result in the inadvertent failure to discover relevant electronic documents.  However, no party shall fail to produce relevant documents of which it is aware because such documents do not fall within the scope of a search conducted pursuant to its search methodology.

7.   **Disclosure of Search Methodology.** Within twelve (12) days of execution of this order, each party shall disclose to the other a description of the party's own search methodology.  The description shall be reasonably calculated to afford opposing parties an understanding of the search methodology to be used and the systems to be searched.  The description shall, at a minimum, include with specificity: (i) identification of relevant electronic systems (including back-up tapes) subject to searching; (ii) the particular method (e.g., keywords, document types), for searching each system, including, if applicable, keywords and their combinations used (including wildcards or fuzzy limiters), custodians, document types, other criteria for manual searches, or date restrictions; and (iii) for back-up tapes, the date(s) on which the back-ups were made, the systems they backed up, and the tapes searched.

8.   **Modifying Search Methodology.**  Within seven (7) days following receipt of disclosure of an opposing party's search methodology, a party may request from the disclosing party modifications to the disclosing party's search methodology.  The parties shall meet and confer in good faith to resolve any requests to modify a search

methodology, and shall approach the Court only if they are unable to resolve their differences following a good faith effort to do so.

9. **Production Method.** All documents shall be produced to the requesting party on either CD/DVD or to an electronic repository as electronic multi-page text-embedded .pdf images. Electronic documents shall also be produced along with the following metadata fields in a CSV, DAT, DII, XLS or TXT metadata load file:

  a. "To";

  b. "From";

  c. "Date created";

  d. "Date received";

  e. "Date modified"; and

  f. "Body"

Documents that were originally hard copy, paper, or non-electronic in form shall be produced without the above-noted metadata fields. Nothing in this Stipulation and Order shall prevent a party from requesting and receiving an explanation if any of the above-noted metadata fields is missing from a production, where it might otherwise be expected to have been produced.

10. **Production Timing.** As contemplated in the Court's Scheduling Order of November 29, 2005, documents shall be produced on a rolling basis. The parties shall begin producing documents for Phase I on or before March 31, 2006, and shall complete production for Phase I to allow sufficient time for preparation for and completion of depositions and other discovery by July 14, 2006, as set out in the Court's Order of November 29, 2005. The timing of the commencement and completion of rolling

document production for Phases II and III of discovery shall be agreed upon by the parties at the beginning of each of those phases.

11. **Preservation and Document Integrity**. The producing party shall preserve the integrity of each electronic document's contents, i.e., the original formatting of the document, its metadata and, where applicable, its revision history. A requesting party must demonstrate particularized need, and good cause, to obtain electronic documents in their native format.

12. **On-site Inspections**. On-site inspections of electronic media shall not be permitted under Fed. R. Civ. P. 34(b) absent exceptional circumstances, where good cause and specific need have been demonstrated.

13. **Privilege.** Electronic documents that contain privileged information or attorney work product shall be returned immediately to the producing party and/or deleted from the requesting party's electronic document review and/or repository facility, system, or tool if the documents appear on their face to have been inadvertently produced or timely notice is given of inadvertent production. The requesting party shall provide prompt notice of its discovery of such documents and shall provide notice of the return and/or deletion of such documents to the producing party. If a receiving party wishes to challenge whether the documents are in fact privileged, it shall do so under the terms of the parties' stipulation on confidentiality and shall treat the documents in question as privileged until the parties agree otherwise, or the Court so orders.

14. **Costs.** Generally, the costs of discovery shall be borne by each party. However, the court will apportion the costs of electronic discovery upon a showing of good cause.

15.     **Effect on Discovery Obligations.**  Nothing in this Stipulation and Order shall be deemed to waive or modify any right that a party may have to obtain information, or to oppose the production of documents or information on any ground. Nor shall anything in this Stipulation and Order be construed to relieve a party of producing any electronic documents that it knows concern any matter, not privileged, that is relevant to the claim or defense of any party, the production of which is duly requested in this action.  Nothing in this stipulation order shall be construed to limit the obligations of the parties under the Federal Rules of Civil Procedure, the local rules of this Court, the orders of

this Court, or stipulations of the parties otherwise agreed in this action.

Dated:  March 27, 2006

| **MURPHY SPADARO & LANDON** | **EDWARDS ANGELL PALMER & DODGE LLP** |
|---|---|
| /s/ Francis J. Murphy | /s/ John L. Reed |
| Francis J. Murphy (DE I.D. 223) | John L. Reed (DE I.D. 3023) |
| 1011 Centre Road, Suite 210 | 919 North Market Street, 15th Floor |
| Wilmington, DE  19805 | Wilmington, DE  19801 |
| Tel: (302) 472-8100 | Tel. (302) 777-7770 |
| Fax: (302) 472-8135 | Fax: (302) 777-7263 |
| | |
| Dwight P. Bostwick | Craig E. Stewart |
| Manuel S. Varela | Veronica C. Abreu |
| Jonathan D. Fine | Joseph P. Mingolla |
| BAACH ROBINSON & LEWIS PLLC | EDWARDS ANGELL PALMER & DODGE LLP |
| 1201 F Street, NW, Suite 500 | 111 Huntington Avenue |
| Washington, DC  20004 | Boston, MA  02199 |
| Tel: (202) 833-8900 | Tel: (617) 239-0100 |
| Fax: (202) 466-5738 | Fax: (617) 227-4420 |
| | |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |
| *Ethypharm S.A. France and* | *Bentley Pharmaceuticals, Inc.* |
| *Ethypharm S.A. Spain* | |

SO ORDERED,
This ___ day of March, 2006.

_____
United States District Judge