IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETHYPHARM S.A. FRANCE and ETHYPHARM S.A. SPAIN,<br><br>Plaintiffs,<br><br>v.<br><br>BENTLEY PHARMACEUTICALS, INC.,<br><br>Defendant. | Civ. No. 04-1300-SLR |

### DEFENDANT BENTLEY PHARMACEUTICALS, INC.'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL UNDER RULE 19 FOR FAILURE TO JOIN AN INDISPENSABLE PARTY

Pursuant to Rule 19 and Rule 56 of the Federal Rules of Civil Procedure, defendant Bentley Pharmaceuticals, Inc. ("Bentley") respectfully moves for summary judgment and dismissal of all remaining counts of the Complaint in this action for failure to join an indispensable party.

In its September 26, 2005 Memorandum Opinion, this Court ruled that Bentley's wholly-owned Spanish subsidiary, Laboratorios Belmac S. A. ("Belmac"), was a "necessary and indispensable party" pursuant to Rule 19 of the Federal Rules of Civil Procedure. Belmac is not a party to this action, nor can it be joined without eliminating the basis of this Court's diversity jurisdiction.

This Court granted Plaintiffs Ethypharm S.A. France and Ethypharm S.A. Spain (collectively, "Ethypharm") the opportunity to conduct discovery with respect to the issue of whether Bentley directed Belmac to engage in the infringing activities alleged in Ethypharm's Complaint. Nearly a year of discovery has confirmed that it was Belmac,

not Bentley, that engaged in the alleged wrongful conduct, and that while Bentley had (and has) sufficient oversight over its subsidiary to fulfill its obligations under the Securities and Exchange Commission's regulations, it neither directed Belmac's activities about which Ethypharm complains, nor did it provide Belmac with actual or apparent authority to engage in the alleged wrongful conduct at issue on behalf of Bentley.

Plaintiffs are unable to show that Bentley either directed or controlled the specific actions of Belmac that resulted in the alleged wrongful conduct, or that Belmac had actual or apparent authority from Bentley to take those actions as Bentley's agent. There are no genuine issues of material fact and Bentley is entitled to judgment as a matter of law.

The grounds for this motion are set forth more fully in Defendant Bentley Pharmaceuticals, Inc.'s Opening Brief in Support of its Motion for Summary Judgment, and are supported by the declarations and documents in the accompanying Appendix and by the deposition testimony set forth in the accompanying Joint Appendix of Deposition Transcripts.

WHEREFORE, Bentley requests the Court to dismiss the Complaint with prejudice, to award Bentley all costs and fees to which it may be entitled, and for such other relief as the Court may deem just.

DATED: August 25, 2006          **EDWARDS ANGELL PALMER & DODGE LLP**

                                            */s/ Joseph B. Cicero*
John L. Reed (I.D. 3023)
Denise Seastone Kraft (I.D. 2778)
Joseph B. Cicero (I.D. 4388)
919 N. Market Street, 15th Floor
Wilmington, DE 19801
302.777.7770
302.777.7263
jreed@eapdlaw.com
dkraft@eapdlaw.com
jcicero@eapdlaw.com

**OF COUNSEL**:

Craig E. Stewart
Veronica C. Abreu
**EDWARDS ANGELL PALMER & DODGE LLP**
111 Huntington Avenue
Boston, MA 02199
617.239.0100