6947-EX004002218

A-325

EP 002041

30

DETAILS OF BELMAC'S FACILITIES (as per Clause 2.4)

BETWEEN BELMAC S.A. AND ETHYPHARM S.A. (SPAIN)

ANNEX C TO THE AGREEMENT

BELMAC/ETHYPHARM
JU 010531





LABORATORIOS BELMAC S.A.
Teide, 4 Planta Baja
Parque Empresarial "La Marina"
28700 SAN SEBASTIAN DE LOS REYES
(Madrid)
SPAIN

Saint Cloud, March 21, 2002

Via e-mail and Facsimile : 00 34 91 652 01 44

For the attention of Mr HERRERA

Dear Mr Herrera,

We acknowledge good receipt of your counterproposal which, unfortunately reached us only today, 21st of March, 2002, by e-mail.

We have slightly revised this document which, we understand, would enable you to manufacture, as subcontractor, our products at your Zaragoza premises. Your draft does not reflect all the aspects discussed during our meeting of February 21st, 2002 and mentioned in our initial proposal.

As you know, we view this as a most important matter and are asking our US attorney to review it.

As you must understand, if we cannot resolve this matter, it will result in actions in the USA as we discussed in our meeting.

We trust that a prompt and satisfactory solution to both parties can be found rapidly and are looking forward to hearing from you by return e-mail and fax.

Yours Sincerely,

Gérard LEDUC
General Manager

Direction Scientifique et Commerciale : 194, Bureaux de la Colline - Bâtiment D - 92213 Saint-Cloud Cedex - France
TEL. : + 33 - 1 41 12 17 20 - FAX : + 33 - 1 41 12 17 30 - Visioconférence : + 33 - 1 41 12 00 75 - Site Web : http://www.ethypharm.com
Siège Social et Fabrication : 21, rue Saint Matthieu - 78550 Houdan - France - TEL. : + 33 - 1 30 88 17 20 - FAX + 33 - 1 30 68 17 30
Site de Fabrication : Chemin de la Poudrière - B.P. 117 - 76121 Le Grand Quevilly Cedex - France - TEL + 33 - 2 35 18 24 64 - FAX + 33 - 2 35 18 24 61
S.A. au capital de 8 000 000 F - RCS Versailles B 319 868 023 - APE 244 C - Siret 319 868 023 00052



EP 004844

A-326

34

## CONTRATO DE <u>FABRICACION Y SUMINISTRO</u>

En Madrid, a............... de .................... de 2002.
<u>ENTRE</u>

<u>Compañía LABORATORIOS BELMAC, S.A (en adelante, BELMAC ), con domicilio en la calle Julio Palacios, 29-6, D, 28029, Madrid, Spain representada por su Director General : el Señor Adolfo HERRERA MALAGA</u>

_____ Por una parte

Y

<u>Compañía LABORATORIOS ETHYPHARM INDUSTRIES S.A ( en adelante, ETHYPHARM ), con domicilio en 21 RUE Saint Matthieu – 78550 HOUDAN (Francia) representada por su Presidente : el Señor Gérard LEDUC</u>

_____ Por otra parte

Ambas partes reconociéndose mutuamente capacidad jurídica y de obrar suficiente para el otorgamiento del presente contrato,

### EXPONEN

I.      Que BELMAC <u>está registrado en la Agencia Española del Medicamento con el numero 3.150-E para la fabricación y comercialización de productos farmacéuticos y que por lo tanto, puede fabricar los productos farmacéuticos que se describen en Anexo 1 (en adelante, LOS PRODUCTOS) según las</u>

Deleted: REUNIDOS¶
DE UNA PARTE,¶
Don ......................... , mayor de edad, casado/ soltero, con domicilio
en ........................................
calle...................................
núm. ............... y con DNI/NIF
núm................. ,¶
¶
DE OTRA PARTE,¶
Don ........................... ,
mayor de edad, casado/ soltero, con domicilio en
calle ..................................
núm. ................... con DNI
núm. .....................¶
¶
INTERVIENEN¶

Deleted: El primero en nombre y representación de la

Deleted: constituida en escritura pública otorgada el
día ....................ante el Notario
de .......................Don ........
........................ con
fecha ...............Tomo ...........
Folio ......................Hoja ......
............y con CIF ...............
cuyas facultades representativas resultan de la Escritura Pública
de ......................................
autorizada por el Notario
de .......................................
Don ........................... en
fecha ...........

Deleted: El segundo en nombre y representación de la

Deleted: Marqués de la Ensenada 16, 28004, Madrid constituida en escritura pública otorgada el
día ..................ante el Notario
de ...................Don ............
...................con
fecha ...............Tomo ...........
Folio ......................Hoja ......
...........y con CIF ...............
núm...........................cuyas facultades representativas
resultan de la Escritura Pública
de .......................................
autorizada por el Notario
de .......................Don .........
........................ en
fecha ...........

1

CONFIDENTIAL
EP 008593

A-327

especificaciones del dosier correspondiente y las instrucciones tecnicas transmitidas por ETHYPHARM.

*Deleted: dispone de la tecnología y conocimientos necesarios para la fabricación del producto farmacéutico que se describe en el Anexo 1 (en adelante, EL PRODUCTO)*

II.   Que ETHYPHARM está registrado en la Agencia Espanola del Medicamento con el numero 3,328-E como titular de autorizaciones de medicamentos.

III.   Que ETHYPHARM está interesado en obtener la fabricacion y el suministro de determinadas cantidades de LOS PRODUCTOS fabricados por BELMAC segun los terminos del presente contrato, durante un tiempo determinado.

*Deleted: ¶*

IV   Que BELMAC está interesada en fabricar y suministrar LOS PRODUCTOS en conformidad con las especificaciones y los dosieres tecnicos de ETHYPHARM.

V.   Que ambas partes convienen otorgar el presente contrato de suministro de conformidad con las siguientes

*Formatted: Bullets and Numbering*

CLAUSULAS

PRIMERA. Objeto del contrato

BELMAC se obliga a fabricar y suministrar a ETHYPHARM LOS PRODUCTOS, en la condiciones y pactos establecidos en este contrato, de acuerdo con las normas de buena fabricacion, segun la Ley 25/1990 del 20 de Diciembre (Ley del Medicamento) y el Real Decreto 1564/1992 del 18 de Diciembre y en conformidad con las especificaciones y los dosieres tecnicos de LOS PRODUCTOS recibidos de ETHYPHARM.

*Deleted: el PRODUCTO*

SEGUNDA. Procedimiento de suministro

ETHYPHARM enviará a BELMAC los pedidos de LOS PRODUCTOS con, al menos, 90 días naturales de antelación a la fecha de entrega por correo electronico (e-mail), incluyendo las condiciones del pedido, cantidades y fecha de entrega. BELMAC comunicará al cabo de 7 días por escrito la aceptación, en su caso, de las órdenes en cuantia y plazo.

*Deleted: el PRODUCTO*
*Deleted: fax y confirmado por*
*Deleted: carta*

Las condiciones de entrega serán ex-works Zaragoza.

Desde el momento de la comunicación de disponibilidad conforme a las especificaciones analíticas de LOS PRODUCTOS, ETHYPHARM se hace plena y exclusivamente responsable de la utilización de LOS PRODUCTOS suministrados.

*Deleted: EL PRODUCTO*
*Deleted: el producto*

Una vez comunicada la disponibilidad y de la conformidad de LOS PRODUCTOS, ETHYPHARM dispondrá de un plazo de 30 días hábiles para formular a BELMAC cuantas reclamaciones considere pertinentes por defectos de calidad o cantidad de cada envío suministrado.

*Deleted: el PRODUCTO*

En el supuesto de que ETHYPHARM observara en el citado plazo defectos en LOS PRODUCTOS recibidos, se lo notificará a BELMAC inmediatamente, con indicación del lote de producto y de los motivos de la devolución. En el plazo de 7 días BELMAC realizará los controles y análisis necesarios para confirmar ó no los motivos de la reclamación, utilizando para ello muestras d LOS PRODUCTOS así como de la muestroteca. Si no hubiera conformidad entre los resultados analíticos efectuados por los partes, ambas partes tratarán de llegar aun acuerdo de buena fe.

*Deleted: el producto*

BELMAC certifica que ha contratado, y mantendra en vigor durante el periodo del presente Contrato todos los seguros necesarios para cubrir sus obligaciones y

2

CONFIDENTIAL
EP 008594

A-328

responsabilidades en la fabricacion y analisis de LOS PRODUCTOS, y contestar a toda reclamacion de terceros a ETHYPHARM en relacion con la fabricacion de LOS PRODUCTOS por BELMAC. BELMAC transmitira a ETHYPHARM copia de dicho seguro.

BELMAC conservara y pondra a disposicion de ETHYPHARM los protocolos de Produccion, asi como las muestras de referencia y todos los datos relevantes a la hora de evaluar la calidad de LOS PRODUCTOS en caso de reclamacion o sospecha de algun defecto y por necesidades propias de ETHYPHARM. Igualmente, ambas partes se obligan a guardar secreto de toda la informacion que puedan intercambiar o haber intercambiado antes de la firma del presente contrato, en relacion con esta fabricacion. Ademas, BELMAC se compromete a no utilizar las informaciones recibidas de ETHYPHARM para fabricar LOS PRODUCTOS para terceros o  para si mismo sin previa autorizacion escrita de ETHYPHARM.

BELMAC permitira a ETHYPHARM a acceder a sus instalaciones cuando sea preciso para los temas relacionados con el  presente contrato de acuerdo con la Ley, previa notificacion, estando de acuerdo en la fecha ambas partes.

**TERCERA. Cantidades a suministrar**

En los 15 primeros dias de cada año de vigencia del presente contrato, ETHYPHARM deberá comunicar a BELMAC las cantidades estimativas a entregar durante ese año, periodificadas mensualmente.

En caso de que BELMAC no pueda asegurar la fabricacion de LOS PRODUCTOS en los plazos confirmados, BELMAC se compromete en informar ETHYPHARM cuanto antes y por lo menos con 15 dias de antelacion a encontrar una solucion sin demora. En el caso de retraso en la fabricacion de LOS PRODUCTOS de mas de 15 dias, ETHYPHARM se reserva el derecho de tomar las acciones pertinentes si lo estimase oportuno.

**CUARTA. Precios**

Los precios unitarios de LOS PRODUCTOS se fijarán por mutuo acuerdo de las partes en documento aparte anexado al presente Contrato, siendo revisados anualmente con tres meses de antelación a cada vencimiento de acuerdo con la evolucion del Indice del Convenio Colectivo de la Industria Quimica farmaceutica.

A estos precios que se consideran netos, se aplicarán los impuestos legalmente establecidos.

**QUINTA. Facturación**

BELMAC emitirá una factura comprensiva de LOS PRODUCTOS a ETHYPHARM, la cual será pagadera, a la cuenta bancaria que BELMAC indique, al plazo improrrogable de 90 días naturales desde la fecha de emisión de la factura.

**SEXTA. Impagados**

3

CONFIDENTIAL
EP 008595

A-329

BELMAC podrá interrumpir el suministro, sin incurrir en responsabilidad alguna, por la tenencia de recibos referentes a facturas cuyo plazo de antigüedad sea superior a ~~sesenta días desde su vencimiento.~~ ···· [ Deleted: treinta ]

**SÉPTIMA. Duración**

El presente contrato tendrá una duración de un (1) año prorrogable tácitamente por períodos de un (1) año, salvo aviso expreso con cuatro (4) meses de antelación a su vencimiento por cualquiera de las partes.

~~En cualquier caso de terminación del presente Contrato, BELMAC devolverá a ETHYPHARM todos los documentos y informaciones recibidas de ETHYPHARM en relación con la fabricación de LOS PRODUCTOS y BELMAC se compromete a no hacer directa o indirectamente cualquier uso de dichos documentos e informaciones. Las obligaciones de confidencialidad quedarán en vigor a la terminación del presente Contrato.~~

**OCTAVA. Sometimiento a Fuero**

~~Las partes se someten a los Juzgados y Tribunales de Madrid-Capital en cuanto no pudiera ser resuelto de forma amistosa cualquier litigio en relación con el presente Contrato.~~ ···· [ Deleted: Con renuncia expresa del fuero que por derecho les corresponda, ] [ Deleted: f ]

**NOVENA. Régimen del contrato**

Este contrato tiene carácter mercantil y se regirá por sus propias cláusulas y en lo que en ellas no estuviere previsto, por la legislación española.

Y para que así conste, se firma el presente contrato en ............... a ..................

ETHYPHARM INDUSTRIES S.A.                    LABORATORIOS BELMAC S.A.

Gérard LEDUC                                        Adolfo HERRERA MALAGA
Presidente                                             Director General ···· [ Deleted: ¶ ]

CONFIDENTIAL
EP 008596

**A-330**

## ANEXO

1.  Microgranulos de OMEPRAZOL según patente Nº 9207249 de Ethypharm
2.  Microgranulos de Indometacina
3.  Microgranulos de Piroxicam
4.  Microgranulos de Aspirina
5.  Microgranulos de Lanzoprazole

*BELMAC podrá suministrar, según los requisitos de ETHYPHARM y en conformidad con las especificaciones transmitidas por ETHYPHARM, LOS PRODUCTOS a ETHYPHARM, como productos semielaborados (microgranulos), a granel (capsulas), productos envasados en frasco o aluminio y como productos terminados, siempre que previamente, se hayan obtenido las Autorizaciones Sanitarias necesarias.*

5

CONFIDENTIAL
EP 008597

A-331

# <u>MANUFACTURING AND</u> SUPPLYING AGREEMENT

Adopted in Madrid, on _____, _____, 2002

<u>BY</u>:

--the company *LABORATORIOS BELMAC, S.A.* (referred to hereinafter as *BELMAC*), whose address is *Calle Julio Palacios 29-6, D*, 28029, Madrid, Spain, <u>and whose representative is its General Manager, Mr. Adolfo HERRERA MALAGA,</u>

<u>--as the first party;</u>

**and**

--the company *LABORATORIOS ETHYPHARM INDUSTRIES, S.A.* (referred to hereinafter as *ETHYPHARM*), whose address is <u>21 Rue Saint Matthieu, 78550, Houdan (France) and whose representative is its President, Mr. Adolfo Gerard LEDUC</u>

<u>--as the second party</u>.

With both parties mutually acknowledging sufficient legal capacity and sufficient capacity to proceed with adoption of the present Agreement,
--THEY ARE STATING:

I.     That *BELMAC* <u>possesses Registration Number 3,150-E from the Spanish Drug Agency for manufacturing and marketing pharmaceutical products and that it can therefore manufacture pharmaceutical products which are described within Attachment 1 (referred to hereinafter as PRODUCTS), according to specifications contained within the</u>

**CONFIDENTIAL**
**EP 008593**

Rough translation for use by Attorneys During Depositions
May not be Submitted to Court without Permission of Edwards Angell Palmer & Dodge, LLP

A-332

respective file and technical instructions issued by *ETHYPHARM*.

    II.    That *ETHYPHARM* possesses Registration Number 3,328-E from the Spanish Drug Agency as the registrant for authorizations pertaining to drugs.

    III.    That *ETHYPHARM* is interested in obtaining manufacturing and supplying of specific amounts of PRODUCTS manufactured by *BELMAC* according to the terms of the present Agreement, during a specific period of time

    IV.    That *BELMAC* is interested in manufacturing and supplying PRODUCTS in accordance with specifications and technical files originating from *ETHYPHARM*.

    V.    That both parties have agreed to adopt the present Supply Agreement in accordance with the following **STIPULATIONS:**

**FIRST CLAUSE: Purpose of the Agreement**

*BELMAC* promises to manufacture and to supply PRODUCTS subject to terms and commitments contained within the present Agreement, in accordance with good manufacturing standards, according to Statute Number 25/1990, which was enacted on December 20 [1990] (Statute concerning Drugs), and Royal Decree Number 1564/1992, which was issued on December 18 [1992], and in accordance with specifications and technical files received from ETHYPHARM in relation to PRODUCTS.

**SECOND CLAUSE: The Supply Process**

*ETHYPHARM* shall send orders for PRODUCTS to *BELMAC* by means of electronic mail (E-mail) at least 90 calendar days prior to the delivery date, with inclusion of terms for orders, amounts, and delivery dates. In applicable situations, *BELMAC* shall indicate acceptance of orders in terms of amounts and periods at the end of 7 days and in written form.

Delivery terms shall be *ex-works* in Zaragoza.

From the point of being notified concerning availability in accordance with analytical specifications for PRODUCTS, *ETHYPHARM* shall assume full and sole responsibility for use of PRODUCTS which are being supplied.

Upon being notified with respect to availability and acceptability of PRODUCTS, *ETHYPHARM* shall be allowed a period of 30 business days for submitting any claims to *BELMAC* which it may consider pertinent as a result of defects in quality or quantity in relation to each shipment being provided.

In the event that *ETHYPHARM* may encounter defects in PRODUCTS which it shall receive during the previously cited period, *BELMAC* must be notified immediately, with indication of product batches and reasons for returning products. Within a period of 7 days, *BELMAC* shall perform necessary tests and analyses for confirming or not confirming the reasons for a given claim, with use of samples of PRODUCTS for this purpose, as well as the collection of samples. If consistency between analytical results obtained by the parties does not exist, both parties must attempt to reach agreement in good faith.

**CONFIDENTIAL**
**EP 008594**

Rough translation for use by Attorneys During Depositions
May not be Submitted to Court without Permission of Edwards Angell Palmer & Dodge, LLP

*BELMAC* attests that it has obtained all necessary insurance for covering its obligations and responsibilities for manufacturing and analysis of PRODUCTS, and for responding to claims against *ETHYPHARM* from third parties in relation to manufacturing of PRODUCTS by *BELMAC* and that said insurance must remain in force during the term of the present Agreement. *BELMAC* shall send copies of insurance policies to *ETHYPHARM*.

*BELMAC* shall retain Production protocols, as well as reference samples and all relevant data, and it shall render them available to *ETHYPHARM* on occasions when the quality of PRODUCTS must be evaluated in the event of claims or suspicions concerning any defects or as a result of *ETHYPHARM*'s own needs. Similarly, both parties promise to maintain confidentiality with respect to any information in relation to manufacturing which may be exchanged or may have been exchanged prior to adoption of the present Agreement. Moreover, *BELMAC* promises that it shall not use information received from *ETHYPHARM* for manufacturing PRODUCTS for third parties or for itself without prior written permission from *ETHYPHARM*.

*BELMAC* shall allow *ETHYPHARM* to obtain access to its facilities when access may be necessary for matters pertaining to the present Agreement in accordance with the law, subject to prior notification and with both parties reaching agreement concerning the respective date.

### THIRD CLAUSE: Amounts to Be Supplied

During the first 15 days of each year of validity of the present Agreement, *ETHYPHARM* must inform *BELMAC* in relation to estimated amounts which are to be delivered during the respective year, with monthly periodization.

In the event that *BELMAC* may be unable to ensure manufacturing of PRODUCTS according to confirmed periods, BELMAC promises to notify *ETHYPHARM* beforehand and at least 15 days in advance, in order for a solution to be adopted without delay. In the event of delays of more than 15 days with respect to manufacturing PRODUCTS, *ETHYPHARM* shall retain the right to adopt pertinent measures if doing so were to be deemed appropriate.

### FOURTH CLAUSE: Prices

Unit prices for PRODUCTS are to be determined by mutual agreement between the parties in separate documents which are to be appended to the present Agreement, with yearly adjustments three months prior to each expiration date, according to changes in the Collective Agreement Index for the Pharmaceutical Chemicals Industry.

Legally defined taxes shall be applicable to these prices, which are to be regarded as net prices.

### FIFTH CLAUSE: Billing

*BELMAC* shall issue comprehensive bills to *ETHYPHARM* for PRODUCTS, and these bills shall be payable to the bank account indicated by *BELMAC*, within an inalterable period of 90 calendar days from the date when a given bill is issued.

**CONFIDENTIAL**
**EP 008594**

Rough translation for use by Attorneys During Depositions
May not be Submitted to Court without Permission of Edwards Angell Palmer & Dodge, LLP

**SIXTH CLAUSE: Nonpayment**

*BELMAC* shall be able to interrupt supplying of products without incurring any form of liability as a result of possession of receipts pertaining to bills whose period of collectibility may exceed <u>sixty days</u> beyond their due dates.

**SEVENTH CLAUSE: Duration**

The present Agreement shall possess a duration of one (1) year which is to be extendable by tacit agreement for periods of one (1) year, except in the event of explicit notification from either party four (4) months prior to its expiration.

<u>In any situation involving termination of the present Agreement, *BELMAC* shall return all documents and information to *ETHYPHARM* when these documents and information shall have been received from *ETHYPHARM* in relation to manufacturing of PRODUCTS, and *BELMAC* promises that it shall not directly or indirectly engage in use of said documents and information. Obligations in terms of confidentiality shall remain applicable upon termination of the present Agreement.</u>

**EIGHTH CLAUSE: Acceptance of Jurisdiction**

<u>The parties shall accept the jurisdiction of Courts within Madrid, the capital city, insofar as it may be impossible for amicable resolution of any disputes pertaining to the present Agreement to be achieved.</u>

**NINTH CLAUSE: Principles Governing the Agreement**

The present Agreement shall be of a commercial nature, and it shall be governed by its own Clauses and by Spanish law for any aspects which may not have been indicated therein.

In confirmation thereof, the present Agreement is being signed in _____, on _____

*ETHYPHARM INDUSTRIES, S.A.*          *LABORATORIOS BELMAC, S.A.*

Gerard LEDUC                                     Adolfo HERRERA MALAGA
President                                             General Manager

CONFIDENTIAL
EP 008596

Rough translation for use by Attorneys During Depositions
May not be Submitted to Court without Permission of Edwards Angell Palmer & Dodge, LLP

A-335

## ATTACHMENT

1.  OMEPRAZOL microgranules in accordance with *Ethypharm's* Patent Number 9207249.
2.  Indomethacin microgranules
3.  Piroxicam microgranules
4.  Aspirin microgranules
5.  Lanzoprazole microgranules

According to ETHYPHARM's requests and in accordance with technical specifications provided by *ETHYPHARM, BELMAC* shall be able to supply PRODUCTS to *ETHYPHARM* as semi-finished products (microgranules), bulk products (capsules), packaged products in bottles or aluminum packaging, and as finished products, provided that the necessary Health Authorizations shall have been obtained beforehand.

CONFIDENTIAL
EP 008597

Rough translation for use by Attorneys During Depositions
May not be Submitted to Court without Permission of Edwards Angell Palmer & Dodge, LLP

A-336

[EP008595]:
**Deleted:** [Paragraph symbol]
[Paragraph symbol]
[Paragraph symbol]
**Deleted:** [Paragraph symbol]
[Paragraph symbol]
**Deleted:** the products
**Deleted**
**Deleted:** the PRODUCT

[EP008596]:
**Deleted:** thirty
**Deleted:** with explicit waiving of jurisdictions which may be attributable by law.
**Deleted:**
**Deleted:** [Paragraph symbol]

[EP008597]:
**Formatted:** Bullets and Numbering

Rough translation for use by Attorneys During Depositions
May not be Submitted to Court without Permission of Edwards Angell Palmer & Dodge, LLP

Case 1:04-cv-01300-SLR    Document 71-5    Filed 09/15/2006    Page 14 of 30

Doc rec. de: #916520144
77. Ene. 2006  9:15

27/01/06   09:38   Pag  4
N° 3960   P. 4

## ACUERDO DE PRODUCCION

En Madrid, a veintisiete de Febrero de mil novecientos noventa y siete, emitimos este contrato.

Entre

LABORATORIOS BELMAC, S.A., domiciliado en c/ Monteragón 9, 28033 MADRID, y fábrica en Polígono Malpica, c/ C4, 50016 Zaragoza, debidamente representado por D. Clemente González Azpeitia, Director General, quien firma este contrato, más adelante llamado LABORATORIOS BELMAC.

y

LABORATORIO PHARMALLIANCE, domiciliado 25, Rue Mustapha Chergou, BELFORT EL HARRACH-ARGELIA, debidamente representado por Dña. Amal Lamari, Gerente, quien firma este contrato, más adelante llamado PHARMALLIANCE.

Ambas partes acuerdan lo siguiente:

ARTICULO 1.- LABORATORIOS BELMAC llenará por encargo de PHARMALLIANCE cápsulas Nº 2 (color azul/ naranja), conteniendo microgránulos con 20 mg de Omeprazol, acondicionadas en frasco de vidrio con tapón pilfer-proof provisto de silicagel.

ARTICULO 2.- Por indicación de PHARMALLIANCE, los microgránulos serán fabricados por LABORATORIOS BELMAC aplicando la tecnología ETHYPHARM S.A.

ARTICULO 3.- Los frascos serán entregados a PHARMALLIANCE por LABORATORIOS BELMAC envasados siguiendo las indicaciones de PHARMALLIANCE, y acompañadas con el correspondiente certificado de análisis.

ARTICULO 4.- PHARMALLIANCE deberá realizar su propio control analítico para verificar que el producto cumpla los requerimientos sanitarios de su país. Para tal efecto, LABORATORIOS BELMAC enviará una muestra a parte para el análisis a su llegada a Argelia.

ARTICULO 5.- PHARMALLIANCE declara tener registrado en ARGELIA el producto referenciado anteriormente con el nombre PROTON y número C/035/10A001/97.

ARTICULO 6.- El presente acuerdo tiene una duración indefinida, y cada parte tendrá derecho de poner fin al mismo, dando aviso con antelación mínima de 6 meses a la fecha en que quiera darse el contrato por finalizado.

LABORATORIOS BELMAC.                         PHARMALLIANCE
D. Clemente González Azpeitia                Dña. Amal Lamari



LABORATORIOS BELMAC S.A.

CONFIDENTIAL

EXHIBIT
HERRERA
4
7/21/04to   SeB

BEL006193

A-339

[illegible] Received from 916528144          Jan/27/06 [?]
[illegible] January 2005  9:15                Nbr. 3960 p. 4

## PRODUCTION AGREEMENT

In Madrid, on the twenty [illegible] day of February, nineteen hundred and ninety seven, we issue this contract.

By and between

LABORATORIOS BELMAC, S. A., domiciled at Montearagon 9, 28033 MADRID, with a plant at Poligono Malpies, c/ C4, 50016 Zaragossa, duly represented by Mr. Clemente Gonzalez Azpetia, Director General, who signs this contract below, hereinafter LABORATORIOS BELMAC.

And

LABORATORIO PHARMALLIANCE, domiciled at 25 Rue Mustapha Chergou, BELFORT EL HARRACH, ALGERIA, duly represented by Mrs. Amal Lamari, Manager, who signs this contract, hereinafter PHARMALLIANCE

The parties agree the following:

Clause 1 – LABORATORIOS BELMAC, shall fill as per the order of PHARMALLIANCE No. 2 capsules (blue/orange color), containing microgranules with 20 mg. of Omeprazol, packaged in glass bottles with pilfer-proof top with silicagel.

Clause 2 – As per instructions of PHARMALLIANCE, the microgranules shall be fabricated by LABORATORIOS BELMAC applying ETHYPHARM S. A. technology.

Clause 3 – The bottles shall be delivered to PHARMALLIANCE by LABORATORIOS BELMAC, filled according to the instructions of PHARMALLIANCE, and be accompanied by the certificate of analysis corresponding thereto.

Clause 4 – PHARMALLIANCE shall undertake its own control analysis to verify that the product meets the health requirements of its country. For that purpose, LABORATORIOS BELMAC shall send a separate sample to be analyzed upon its arrival in Algeria.

Clause 5 – PHARMALLIANCE states that it has registered in Algeria the aforementioned product under the name PROTON and under the number C/035/10A001/97.

Clause 6 – This agreement has an undefined term and each party shall be entitled to terminate same by providing a minimum of 6 months advance notice from the date on which it wished to terminate said contract.

LABORATORIOS BELMAC                PHARMALLIANCE
Mr. Clemente Gonzalez Azpetia      Mrs. Amal Lamari
[illegible signature]              [illegible signature]

[Stamp] Laboratorios Belmac        [Stamp] Pharmalliance
                                      21 Rue Mustapha Chergou
                                   Algiers – Algeria

CONFIDENTIAL          [Stamp]  Exhibit [illegible]  BEL006193

Rough Translation for use by Attorneys During Depositions
May not be Submitted to Court without Permission of Edwards Angell Palmer & Dodge, LLP  **A-339A**

27/01/06   09:30   Pg: 11
Nº3960   P 11

Doc rec. de: +916528144
27 Ena. 2006  9:17
07 NIE 10:55 FAX 3199159          ETHYPHARM S/A.                    @002

## ACUERDO DE PRODUCCION

En Madrid a veintiseis de Marzo de mil novecientos noventa y siete, emitimos este contrato.

Entre

LABORATORIOS BELMAC,S.A. domiciliado en c/Montearagón 9,28033 Madrid y fábrica en Polígono Malpica calle C, C4, 50016 Zaragoza, debidamente representado por D.Clemente González Azpeitia, Director General,quien firma este contrato, más adelante llamado LABORATORIOS BELMAC.

Y

LECIVA a.s., Dolní Mecholupy 130, 10237 PRAHA10, REPUBLICA CHECA, representada por su Director General Mr. Jirí Michal, más adelante llamado LECIVA.

Ambas partes acuerdan lo siguiente:
ARTICULO 1.- LABORATORIOS BELMAC llenará por encargo de LECIVA cápsulas nº 3 (rojo/marrón claro) conteniendo microgránulos con 20 mg de omeprazol. Dichos microgránulos han sido fabricados bajo la patente y tecnología de ETHYPHARM,S.A.

ARTICULO 2.- LABORATORIOS BELMAC llenará las cápsulas según las indicaciones de LECIVA y entregará estas con su certificado de análisis.

ARTICULO 3.- LECIVA deberá realizar su propio control analítico para verificar que el producto cumpla los requerimientos sanitarios de su país.

ARTICULO 4.- LECIVA declara tener registrado en la REPUBLICA CHECA el producto referenciado anteriormente con el nombre de HELICID y número de registro.............. ҒАR.4449/92 (48 2/40)

ARTICULO 5.- El presente acuerdo tiene una duración indefinida y cada parte tendrá derecho a poner fin al mismo, dando aviso con antelación mínima de 6 meses a la fecha en que quiera darse el contrato por finalizado.

LABORATORIOS BELMAC, S.A.
LABORATORIOS BELMAC
D.Clemente González Azpeitia



Fdo: Clemente González Azpeitia

CONFIDENTIAL



EXHIBIT
HERRERA
3
7/31/06   SLB

BEL006200

A-340

Document Received from 916528144                    Jan/27/06 09:28  pg. 11
27 January 2005  9:17                               Nbr. 3960 p. 14 [?]
07 MIE 10:33 Fax 3199156 [?]          ETHYPHARM S.A.

[illegible signature]

## PRODUCTION AGREEMENT

In Madrid, on the twenty six day of March, nineteen hundred and ninety seven, we issue this contract.

By and between

LABORATORIOS BELMAC, S. A., domiciled at Montearagon 9, 28033 MADRID, with a plant at Poligono Malpies, c/ C4, 50016 Zaragossa, duly represented by Mr. Clemente Gonzalez Azpetia, Director General, who signs this contract below, hereinafter LABORATORIOS BELMAC.

And

LECIVA a.s., Dolui Mecholupy 130, 10237 PRAGUE 10, CZECK REPUBLIC, represented by its General Director, Mr. Jiri Michal, hereinafter LECIVA

The parties agree the following:

Clause 1 – LABORATORIOS BELMAC, shall fill as per the order of LECIVA No. 3 capsules (red/light brown color), containing microgranules with 20 mg. of Omeprazol. Said microgranules have been manufactured under the ETHYPHARM S. A. patent and technology.

Clause 2 – LABORATORIOS BELMAC shall fill the capsules according to LECIVA instructions and shall deliver them with a certificate of analysis.

Clause 3 – LECIVA shall undertake its own control analysis to verify that the product meets the health requirements of its country.

Clause 4 – LECIVA states that it has registered the Czech Republic the aforementioned product under the name HELECID and under the registration number [h.w.] HAR. 1449/97 (153/10)

Clause 5 – This agreement has an undefined term and each party shall be entitled to terminate same by providing a minimum of 6 months advance notice from the date on which it wished to terminate said contract.

[LOGO] LABORATORIOS BELMAC S. A.                    [stamp and signature]
[stamp]LABORATORIOS BELMAC                          [illegible except ] LECIVA, a.s.
Mr. Clemente Gonzalez Azpetia
[illegible signature]                                          Azpetia

CONFIDENTIAL          [Stamp] Exhibit HERRERA              BEL006200
                                             [illegible numbers and] 7/21/06

Rough Translation for use by Attorneys During Depositions
May not be Submitted to Court without Permission of Edwards Angell Palmer & Dodge, LLP  A-340A

Doc rec: No: 916520134
27. Ene. 2006  9:17

2220106   09:30   Pg. 12
N°3960   P. 12

## PRODUCTION AGREEMENT

In Madrid, on the 19ᵗʰ November 1999, we issue this contract

Between

**LABORATORIES BELMAC** (Spain), Montearagón,9 28033 Madrid, duly represented by Mr.Adolfo Herrera, General Manager who signs this contract,
Hereinafter called BELMAC.

And

**LECIVA a.s.**, Dolni Mecholupy 130, 10237 PRAHA 10, CZECK REPUBLIC,
Duly represented by, Mr.Jiri Michal General Manager who signs this contract,
Hereinafter called LECIVA.

Both parties agreed as follows:

ARTICLE 1. BELMAC will manufacture on behalf of LECIVA, the product CAPSULES OF OMEPRAZOLE 10mg PELLETS. This pellets are manufactured with the technology of Ethypharm,S.A.

ARTICLE 2.   The CAPSULES will be delivered by BELMAC following indications of LECIVA.

ARTICLE 3. The export of the product should be accompanied with the correspondent certificate of analysis for each batch manufactured. Nevertheless, LECIVA should make their own analytical controls to comply with the health requirements of the country.

ARTICLE 4. The product is registered in CZECK REPUBLIC by LECIVA with the number 09/342/99-C and commercial name HELECID 10mg.

ARTICLE 5. The present agreement has an indefinite duration, and either party will have the right to terminate it upon six months notice give prior to the date they want the agreement expires.

Duly signed by:

BELMAC
Mr.Adolfo Herrera

LECIVA
Mr.Jiri Michal

CONFIDENTIAL

EXHIBIT
HERRERA
5
1/21/06   SEB
PENGAD 800-631-6989

BEL006201

A-341

**CONFIDENTIALITY AGREEMENT**

This CONFIDENTIALITY AGREEMENT is made and effective as of this first day of November 14Th, 2001, between **LABORATORIOS BELMAC S.A.** (the "Disclosing Party ") and **PHARMALLIANCE.** (The "Receiving Party").

The Disclosing Party intends to disclose to the Receiving Party certain information, ideas, tangible material, and other knowledge concerning technical studies over the processing of PELLETS OF OMEPRAZOL, procedures, galenic formulation on pharmaceutical drugs, Bioequivalences Studies and in particular, any information given during the relations between the companies.

Any information given to the other company relative to PELLETS OF OMEPRAZOL will be considered as " **Confidential Information** ".

All of which the Disclosing Party considers to be trade secrets and / or confidential information owned by the Disclosing Party .The Receiving Party wants to receive the Confidential Information to evaluate whether to enter into a business transaction with the Disclosing Party.

THEREFORE, intending to be legally bound and in consideration of the mutual covenants contained herein, Disclosing Party and Receiving Party agree as follows:

1. –Confidential Information shall be subject to the terms of this Agreement when
(a) it is marked " Confidential ", if disclosed in written form ; or
(b ) it is identified by the Disclosing Party as confidential at the time it is disclosed, if disclosed in oral , written, visual or tangible form; or
(c) the Receiving Party has reason to believe that the Disclosing Party considers the information confidential at the time it is disclosed.

2. -The Receiving Party shall not use the Confidential Information, directly or indirectly, for any purpose other than evaluating whether to enter into a business transaction with the Disclosing Party. The Receiving Party shall obtain the prior written consent of the Disclosing Party prior to disclosing any of the Confidential Information to any third party.

3. -The confidentiality and non disclosure obligations set forth herein shall not apply to:
(a) information which the Receiving Party can prove by suitable written documentation was already developed by or on behalf of the Receiving Party , or was in its possession prior to receipt from the Disclosing Party ; or
(b) information which the Receiving Party can show was received by it without restriction from a third party which is lawfully in possession of such information and is not in breach of any agreement or any confidential relationship with the Disclosing Party; or
(c) information which the Receiving Party can prove by suitable written documentation is or becomes public through no fault of the Receiving Party or third parties who received such information from the Receiving Party.



1

CONFIDENTIAL

BEL000493

A-342

4. -Upon request of the Disclosing Party, the Receiving Party shall return to the Disclosing Party all Confidential Information supplied by the Disclosing Party hereunder in written or other tangible form including all copies thereof, and all documents which contain Confidential Information, and PHARMALLIANCE use its best endeavours to ensure return of any copies given to third parties pursuant to paragraph 2 of the Agreement

5. -Nothing in this Agreement shall be deemed by implication or otherwise to convey to the Receiving Party any proprietary, intellectual property, ownership or other right, title or interest in any Confidential Information of the Disclosing Party.

Nothing in this Agreement shall prevent the Disclosing Party from entering into any relationship with any third party, nor prevent the Disclosing Party from proceeding independently of the Receiving Party, in connection with the Confidential Information.

6. -This Agreement may only be amended by a written document signed by the Disclosing Party and the Receiving Party .The failure of either party to enforce any term of this Agreement shall not constitute a waiver of such term or any breach of such term, and shall not affect the right to require compliance with such term in the future. All waivers of any terms or breaches of this Agreement must be in writing and signed by the party against whom such waiver is asserted .The enforceability and interpretation of this Agreement shall be governed by Spanish law, without regard to principles of choice of law.

7. -The Receiving party hereby represents and warrants that it is permitted to enter into this Agreement and perform all of the obligations contemplated herein, and that this Agreement and its terms and obligations are not inconsistent with, or in violation of, any other obligation, contractual or otherwise, which it may have.

8. -A judicial determination that any term of this Agreement is unenforceable or invalid in whole or in part shall not affect the validity or enforceability of those terms not found to be unenforceable or invalid.

9. -The Disclosing Party may assign any of its rights or obligations under this Agreement. The Receiving Party shall not assign any of its right or obligations under this Agreement without the prior written consent of the Disclosing Party, and any purported assignment or transfer without such prior written consent shall be void.

10. -The Receiving Party hereby agrees and acknowledges that the disclosure of confidential information without the express written permission of the Disclosing Party will cause the Disclosing Party irreparable harm, and that any breach of threatened breach of this Agreement by the Receiving Party will entitle the Disclosing Party to injunctive relief, in addition to any other legal remedies available to the Disclosing Party, in any court of competent jurisdiction.

2

CONFIDENTIAL

BEL000494

A-343

11. -The confidentiality and nondisclosure obligations set forth in Paragraph 2 of this Agreement shall expire five (10) years after the date of this Agreement. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior agreements and understandings, oral or written, between the parties relating to the subject matter hereof.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first set forth above.

**DISCLOSING PARTY :**                           **RECEIVING PARTY :**

**LABORATORIOS BELMAC S. A.**                    **PHARMALLIANCE**
C Teide 4, Planta Baja                            63 Rue Boudjema Moghni
Polígono Empresarial La Marina                    Hussein-Dey, Alger
28700 Madrid SPAIN                                ALGERIA

By: **Adolfo Herrera Malaga**                     By:  **Amal Lamari**
    **General Manager**                                **General Manager**

CONFIDENTIAL

3

BEL000495

A-344

11/    34 1 3199159  ETHYPHARM    P: 11.02.91   17:45

 **ethypharm**

**FAX NO:** 237

**FECHA/DATE:** 8 en February 1,991

**A/TO:** ~~illegible~~ and te-   **CIA/FIRM:** Ethypharm
**COPIA A/COPY TO:** due.

**DE/FROM:** A. de Basilio    **CIA/FIRM: Ethypharm (España).**
                             Marqués de la Ensenada, 16.
**PAGS/NO./PAGES: 1  +   1**   28004 Madrid. Fax: 3199159.

### TEXTO/TEXT:

I had a meeting today with Mr. Pérez de Ayala and several –
points.   of the manufacturing of our products in their faci-
lities were discussed:

1. I handled a copy translated into Spanish of the conclusions
of my meeting with P. Oury in HOUDAN.

2. A strict confidentiality agreement has to be signed with the
responsible of the laboratory and the operator. Mr. Pérez de
Ayala is on his side very interested in this point to avoid
some competitor to come and take away this worker.

3. I informed him about the availability of official funds at
a rate of 11% to be returned in 6 years. I will put him in –
touch with the appropiate people only if we reach an agreement.

4. A draft contract will be sent for discussion.

5. I told him about the visit of P. Oury and M. Duval after-
reception of machinery and other materials.

6. I let him know that we will accept prices of capsule filling
around 9/10 FF, for  our margins  are very low and I told him
not to expect too interesting prices in manufacturing.
They are interested to work with us because they have to fill
necessarily a gap in their production.



CONFIDENTIAL
EP 006670

A-345

 **éthypharm**

They would accept also to manufacture for us if we licence a
product to RIMAFAR and/ or if we let them   buy MHB pelets
from Andrómaco.

Best regards

Adolfo de Basilio

CONFIDENTIAL
EP 006671

A-346



### ethypharm

FAX NO: 669                          FECHA/DATE: 20.6.91.

A/TO: P.DEBREGEAS /G.LEDUC          CIA/FIRM: ETHY-F.
COPIA A/COPY TO:

DE/FROM: A.BASILIO                  CIA/FIRM: Ethypharm (España).
                                    Marqués de la Ensenada,16.
PAGS/NO.PAGES: 1 + 1                 28004 Madrid.Fax:3199152.

RE/A:   Rimafar's production

TEXTO/TEXT

    Please find a copy of the fax sent by RIMAFAR saying we can go
    ahead. This is as result of my question about preinstallation of
    capsule filling machines and pans. Mr.Pérez de Ayala wants to
    start as soon as possible.
    I will inform MG2 Spain of this confirmation.

    Please comment.

                                        Best regards.

                                        [signature]
                                        Adolfo de Basilio

Rogamos llamen al 3085681 si hay problemas de recepción.
Please phone (1)3085681 if recepion problems.

POSTE APPELE:

CONFIDENTIAL
EP 006658

EXHIBIT
DEBREGEAS
No 3

A-347



TRANSMISION POR FAX

FECHA: 20 de Junio de 1.991
PARA: ETHYPHARM SA –
ATT: Dr. de Basilio
DE: RIMAFAR SA
PAG. (INCLUIDA ESTA): 1

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

ASUNTO:

Muy Sres. nuestros:

De acuerdo con la conversación telefónica mantenida en el
de ayer, les confirmamos nuestro propósito de instalar la maqu
y las pailas que nos han comentado a fin de aumentar la producc
microgranulados.

Atentamente,

CONFIDENTIAL
EP 006659

A-348

TRANSMISSION BY FAX

Date: June 20, 1991

To: ETHYPHARM SA

Att: Dr. de Basilio

FROM: RIMAFAR SA

Pages: (including cover): 1

---

As per our telephone conversation yesterday, we confirm our proposal to install

[illegible] that you spoke to us about in order to increase the production of microgranules.

CONFIDENTIAL
EP006659
Rough Translation for use by Attorneys During Depositions
May not be Submitted to Court without Permission of Edwards Angell Palmer & Dodge, LLP

A-349





**Laboratorios Belmac, S.A.**

### ASUNTO: REUNION LABORATORIOS BELMAC – ETHYPHARM

Por Ethypharm: Mr. Igonet/ Dr. de Basilio

Por Belmac:    Sr. Pérez de Ayala

Reunidos ambas partes, para examinar la propuesta de facturación por fabricación de microgránulos, hecha por Belmac a Ethypharm se concluye en lo siguiente:

Ethypharm considera que el precio de facturación aplicado por Belmac desde primero de Enero de 1993 rompe sus esquemas presupuestarios y que representa un aumento exagerado sobre la facturación del año anterior.

Por otra parte, Belmac considera que la referencia al año 1992 no es válida, por cuanto que la facturación en dicho período ha sido muy inferior a las expectativas de negocio de Belmac en la producción de microencapsulados.

Finalmente, se acuerda elevar a sus respectivos Comites Directivos la siguiente propuesta:

1º   La facturación de 1993 se reducirá a 31.200.000 Ptas. más IVA, prorrateados entre 11 meses.

2º   Incluir en el equipo básico propuesto por Belmac en su fax de fecha 3 de Febrero, un operario más para producción durante todo el año y, a partir del primero de Julio, destinar un analista de control exclusivamente para la producción a Ethypharm.

3º   Por vía de compensación por la reducción propuesta, Ethypharm facilitará a Laboratorios Belmac dossier de registro de Verapamilo Retard en sus presentaciones comerciales y la licencia correspondiente, con un cargo de Ethypharm a Belmac de 2.500.000 más IVA.

Estos términos serán estudiados por ambas partes a los que darán respuesta antes de 31 Marzo actual y, en caso de confirmación, formalizarán el correspondiente documento oficial de manera inmediata.

Madrid, 4 de Marzo de 1993

Dr. de Basilio            Mr. Igonet            Sr. Pérez de Ayala
Ethypharm                 Ethypharm            Laboratorios Belmac

**BELMAC**   P.º de la Castellana, 149. 28046 MADRID · Tel.: 572 06 62 · Fax: 572 13 39
Fábrica: Polígono Malpica, c/C, 4. 50016 ZARAGOZA · Tel.: (976) 57 17 84



EP 004721

A-350



Laboratorios Belmac, S.A.

| TELEFAX | Fecha: 4-2-93 |
|---|---|
| N.º de Fax: 0213, | N.º de hojas: 2 |
| A: M. Debregeas et Igonet de: A.BASILIO | |
| EMPRESA: | Empresa: |
| DEPARTAMENTO: | Departamento: |

Post-it™

PARA:      Dr. de Basilio

EMPRESA:   ETHYPHARM

DE:        Sr. Pérez de Ayala

Nº FAX:    319.91.59

FECHA:     Febrero 3, 1993

ASUNTO:

Número total de páginas, incluyendo esta portada:  2
Si no recibe el documento completo, por favor llame al (34-1)
572.06.62 y pregunte por Cristina.

Estimado Adolfo:

De acuerdo con nuestro último planteamiento, te comunico que
nuestro presupuesto de facturación mensual de Belmac a Ethypharm,
en 1 turno diario de 8 horas, con cinco días laborables de
trabajo semanales, de Lunes a Viernes, y excluyendo el mes de
Agosto como período vacacional es de Pesetas 3.324.000,- por once
meses para el año 1993.

Este precio incluye:

    - Soporte industrial

    - Soporte legal

    - Soporte técnico farmacéutico de Análisis y Control

    - Almacenes y servicios comunes

    - Suministros (agua, luz, etc..)

    - Gestión de compras y administración

    - Mantenimiento de maquinaria e instalaciones

    - Limpieza

**BELMAC**   C/ de la Castellana, 149, 28046 MADRID - Tel. 572 06 62 - Fax 572 13 39
Fábrica: Polígono Malpica, s/C: 4 50016 ZARAGOZA. Tel. (976) 57 11 44

EP 004722

A-351

[Emblem]       [Illegible handwritten notations]…
*Laboratorios Belmac, S.A.*   Document of [Illegible date] is attached
            to this document.

### SUBJECT: *LABORATORIOS BELMAC-ETHYPHARM* MEETING

Representing *Ethypharm*: Mr. Igonet, Dr. de Basilio
Representing *Belmac*: Mr. Perez de Ayala

  With the parties having met in order to examine *Belmac*'s proposal to *Ethypharm* in relation to billing for manufacturing microgranules, the following conclusions have emerged:

  It is *Ethypharm*'s opinion that the billing price applied by *Belmac* since January 1, 1993 is inconsistent with its budget parameters and that this price represents an excessive increase in relation to billing during the preceding year.

  On the other hand, *Belmac* believes that the reference to the year 1992 is not valid, inasmuch as billing during the previously cited period was considerably lower than *Belmac*'s expectations in terms of production of microcapsules.

  Lastly, it was agreed that the following proposal should be submitted to the companies' respective Management Committees:

1. 1993 billing shall be reduced to 31,200,000 *Pesetas* plus the Value Added Tax, with prorating for an 11-month period.

2. An additional production worker should be included throughout the entire year for the basic team which *Belmac* proposed in its February 3 fax, and, beginning on July 1, a control analyst shall be exclusively assigned to production for *Ethypharm*.

3. As a means of compensating for the proposed reduction, *Ethypharm* shall release the *Verapamilo Retard* registration file to *Laboratorios Belmac* for its marketing presentations and for the respective license, with a charge of 2,500,000 *Pesetas* plus the Value Added Tax being applied to *Belmac* by *Ethypharm*.

  The preceding terms are to be examined by both parties, and responses must be provided before March 31 during the current year, with the respective official document being adopted immediately in the event of confirmation.

  Madrid, March 4, 1993

| [Illegible signature] | [Illegible signature] | [Illegible signature] |
|---|---|---|
| Dr. de Basilio | Mr. Igonet | Mr. Perez de Ayala |
| *Ethypharm* | *Ethypharm* | *Laboratorios Belmac* |

***BELMAC,*** *Plaza de la Castellana 149*, 28046, Madrid. Telephone: 572 06 62.
Fax: 572 13 39. Plant: *Poligono Majorca, c/C 4*, 50016, Zaragoza. Telephone: (976) 57 17 84.

EP 004721

Rough translation for use by Attorneys During Depositions
May not be Submitted to Court without Permission of Edwards Angell Palmer & Dodge, LLP

A-352

[Emblem]                              [Illegible handwritten notations]…
*Laboratorios Belmac, S.A.*

|  |  |
|---|---|
| TELEFAX: | Date: 2/4/93 |
| Fax Number: <u>0213</u> | Number of pages: <u>2</u> |
| To: Messrs. Debregeas and Igonet | From: A. Basilio |
| Company: | Company: |
| Department: | Department: |

To: Dr. de Basilio
Company: *ETHYPHARM*
Manager: Mr. Perez de Ayala
Fax Number: 319 91 59
Date: February 3, 1993
In regard to: Total number of pages, including this cover sheet: <u>2</u>
If you do not receive the complete document, please call (34-3)-572-06-62 and ask for
Cristina.

Dear Adolfo:

In keeping with our most recent proposal, I wish to inform you that our budget for
monthly billing of *Ethypharm* by *Belmac,* according to one eight-hour shift per day with
five weekly work days, from Monday to Friday, and with the month of August being
excluded as a vacation period, is 3,324,000 *Pesetas* for eleven months during the year
1993.

This price shall include:
--Manufacturing support
--Legal support
--Technical-pharmaceutical support for Analysis and Control
--Warehouses and Common Services
--Utilities (water, electric power, etc.)
--Purchasing and administrative management
--Maintenance of equipment and systems
--Cleaning

*BELMAC, Plaza de la Castellana 149*, 28046, Madrid.  Telephone: 572 06 62.
Fax: 572 13 39.  Plant: *Poligono Majorca, c/C 4,* 50016, Zaragoza.  Telephone:
(976) 57 17 84.

**EP 004722**

Rough translation for use by Attorneys During Depositions
May not be Submitted to Court without Permission of Edwards Angell Palmer & Dodge, LLP