can plead in the alternative and the common law theories for recovery would apply if the information is ultimately found not to be a trade secret); Burbank Grease Services v. Sokolowski, 693 N.W.2d 89, 101-02 (Wis. Ct. App. 2005) (construing the displacement provision to preempt common law claims for unauthorized use of confidential information that does not meet the statutory definition of trade secret as well as common law claims based on allegations or evidence of misappropriation of a trade secret).

The issue then becomes whether counts one, three and four of plaintiffs' complaint are "founded on allegations of trade secret misappropriation." Leucadia, 755 F.Supp. at 637. The issue has been stated as whether the failure of the misappropriation claim would doom the common law claim. Smithfield Ham and Products Co. v. Portion Pac, Inc., 905 F.Supp. 346, 350 (E.D. Va. 1995). If so, the common law claim would be barred by the trade secret statute. Id. A claim will be preempted if it is "grounded in the same facts which purportedly support the Misappropriation of Trade Secrets claim." Savor, 2001 WL 541484, *4 (Del. Super. 2001). The court concludes that the claims for fraud and unjust enrichment are preempted by the DUTSA. However, the motion with respect to the intentional interference count is denied, without prejudice to renew if determined to be grounded only on the misappropriation facts at the conclusion of discovery.

14

A-502

Count one of the complaint alleges fraud. Plaintiffs assert that defendant and Belmac wrongly used plaintiffs' intellectual property and trade secrets and, while secretly doing so, defendant and Belmac were outwardly assuring plaintiffs that they would never do anything to harm plaintiffs' interests. Plaintiffs assert that these false statements, assurances and omissions resulted in plaintiffs permitting defendant and Belmac continued access to plaintiffs' trade secrets and not taking immediate legal proceedings in response to defendant and Belmac's "theft, misuse and misappropriation" of plaintiffs' intellectual property and trade secrets. This claim is clearly grounded in the same facts which support any misappropriation. The DUTSA specifically identifies misrepresentation as an improper means of obtaining trade secrets. 6 Del. C. § 2001. Thus, the claim must be analyzed under the DUTSA. See Auto Channel, Inc. v. Speedvision Network, 144 F.Supp.2d 784, 793 (W. D. Ky. 2001) (holding a claim of misrepresented facts to induce the production of trade secrets must be analyzed under the KUTSA); Weins v. Sporleder, 605 N.W.2d 488, (S.D. 2000) (finding a fraud claim was necessarily a part of the misappropriation of a trade secret claim).

The third count of the complaint alleges unjust enrichment. Plaintiffs allege that Belmac's misappropriation of plaintiffs' technology, trade secrets and other intellectual property allowed

15

Belmac to "enter the marketplace and compete on equal footing with plaintiffs and others, without incurring the considerable expense of developing an efficient and effective manufacturing process of its own." In addition, plaintiffs assert that Belmac's actions deprived plaintiffs of the opportunity to benefit from their own production process. This claim is based entirely on the same facts which purportedly support the misappropriation of trade secrets and, thus, is displaced by the DUTSA.[7]

The final count in the complaint alleges intentional interference with actual and prospective business relationships. This claim is not preempted by the DUTSA. While some of the same facts that support the misappropriation claim are alleged in the intentional interference count, the intentional interference claim is not necessarily "grounded" in those facts. See, e.g., Smithfield Ham & Products Co., Inc. v. Portion Pac, Inc., 905 F.Supp. at 349. In the Smithfield case, the court concluded that plaintiff's intentional interference claim could stand on its own regardless of whether the misappropriation claim succeeded. Plaintiff in Smithfield alleged that defendant's imitation product (a barbecue sauce) was a result of misappropriation of

---

[7] In Total Care Physicians v. O'Hara, the Superior Court of Delaware dismissed an unjust enrichment claim based on the finding that plaintiffs had an adequate remedy at law under the DUTSA. Total Care Physicians v. O'Hara, 2002 WL 31667901, *10 (Del. Super. 2002).

16

trade secrets. The court reasoned that even if the fact finder concluded the imitation sauce was independently made by defendant, the fact finder could still conclude that defendant intentionally interfered with plaintiff's contractual relationship by approaching a known customer of plaintiff with an offer to sell the imitation sauce. Id. at 347.

The same holds true for plaintiffs in this case. In Delaware, a claim of intentional interference with contractual relations requires a plaintiff to establish the following elements: "(1) a contract (2) about which defendant knew and (3) an intentional act that is a significant factor in causing the breach of such contract (4) without justification (5) which causes injury." Lipson v. Anesthesia Servs., P.A., 790 A.2d 1261, 1284 (Del. Super. 2001) (citing Irwin & Leighton, Inc. v. W.M. Anderson Co., 532 A.2d 983, 992 (Del. Ch. 1987)). A claim for intentional interference with prospective contractual relations requires a showing of: "(a) the reasonable probability of a business opportunity, (b) the intentional interference by defendant with the opportunity, (c) proximate causation, and (d) damages, all of which must be considered in light of defendant's privilege to compete or protect his business interests in a fair and lawful manner . . . ." Lipson, 790 A.2d at 1285 (citing DeBonaventura v. Nationwide Mut. Ins., 419 A.2d 942, 947 (Del. Super. 1980)). While plaintiffs have not yet fully developed the

17

claim at this early stage of the proceedings, it is too early to dismiss the claim as preempted. Plaintiffs assert in the complaint that they worked to cultivate relationships with companies to sell Omeprazole and entered into economic relationships with customers who wished to purchase the drug. Plaintiffs assert that defendant knew of these relationships. Plaintiffs also assert that defendant interfered in these relationships by stealing and using certain information and this caused plaintiffs' injury. Even if the theft of the information does not rise to the level of misappropriation of trade secrets, the acts may still satisfy the elements in an intentional interference claim. Thus, count four is not dismissed. However, if the claim, once developed, is grounded on the same facts as the misappropriation claim, it will be displaced by the DUTSA.

## V. CONCLUSION

For the above stated reasons, defendant's motion to dismiss for failure to join an indispensable party is denied pending discovery on the issue of agency. Defendant's motion to dismiss counts one and three is granted, but defendant's motion to dismiss count four is denied. An appropriate order shall issue.

18