UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETHYPHARM S.A. France and ETHYPHARM S.A. Spain,<br><br>Plaintiffs,<br><br>v.<br><br>BENTLEY PHARMACEUTICALS, INC.<br><br>Defendant | C.A. No.: 04-1300 (SLR) |

## DECLARATION OF JONATHAN D. FINE

**JONATHAN D. FINE**, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an attorney with the firm of Baach Robinson & Lewis PLLC. I am admitted to practice law in the District of Columbia, and pursuant to this Court's docket order of February 16, 2006, I am admitted *pro hac vice* to represent Ethypharm S.A. France and Ethypharm S.A. Spain (collectively "Ethypharm" or "Plaintiffs") in the above-captioned civil action. I have worked on the instant civil action, and have been in frequent communication for counsel for Bentley relating to this action, since 2005. I have personal knowledge of the facts stated in this declaration. I submit this declaration in support of Plaintiffs' Motion for Sanctions and Other Appropriate Relief.

2. Ethypharm served its requests for documents relating to the issues of agency and joint tortfeasor status on December 9, 2005 (a true and correct copy of which is attached hereto as Exhibit L), December 21, 2005 (a true and correct copy of which is attached hereto as Exhibit M), and June 23, 2006 (a true and correct copy of which is attached hereto as Exhibit N), and Ethypharm served its interrogatories on the same subjects on December 9, 2005 (a true and correct copy of which is attached hereto as Exhibit Q).

3. During the week of September 11 through 15, 2006, I participated in at least six communications with the firm of Edwards Angell Palmer & Dodge LLP in Boston with counsel named on Defendant Bentley Pharmaceuticals, Inc.'s ("Bentley") motion for summary judgment, dated August

25, 2006. The communications included at least one telephone discussion and emails. At least three of those communications took place on September 12, 2006; at least two of those communications took place on September 13; and at least one of those communications took place on the afternoon of Friday, September 15. I understand that there also were other communications between counsel for Bentley and attorneys at this firm on September 15, 2006. In none of those communications — or at any other time before the delivery of materials on September 16, 2006 — did counsel for Bentley indicate to me or any other attorney at my law firm that any documents relating to Phase I discovery (agency and joint tortfeasor status) had yet to be produced.

    4.    At approximately 9:00 pm on Friday September 15, 2006, I served, via email, a copy of Ethypharm's brief in opposition to Bentley's motion for summary judgment on counsel for Bentley, and at approximately 9:30 pm, I confirmed that the law firm of Murphy Spadaro & Landon had filed Ethypharm's opposition with the Court.

    5.    On the morning of Monday, September 18, 2006, I arrived at the offices of Baach Robinson & Lewis, and discovered a Federal Express package from Edwards Angell Palmer & Dodge LLP, marked for Saturday delivery. The package contained a cover letter (a true and correct copy of which is attached hereto as Exhibit A), enclosing approximately 95 pages of documents relating to the issues of agency and joint tortfeasor status in electronic form. In particular, this late production includes:

    a.    <u>An employment contract for Clemente Gonzales Azpetia, a former General Manager of Bentley's subsidiary, Laborotorios Belmac SA, signed by James Murphy as the Chairman of Belmac Corporation</u> (the former name of Bentley) (a true and correct copy of which is attached hereto as Exhibit B); and

    b.    <u>A document relating to the date of separation, and terms of severance, of another former General Manager of Laborotorios Belmac, Angel Perez de Ayala</u> (a true and correct copy of which is attached hereto as Exhibit C).

**A80**

2

6. My discovery of the package was the first indication that Ethypharm's attorneys had of the existence of the documents relating to Phase I discovery (agency and joint tortfeasor status) enclosed therein.

7. I reviewed the tracking information for the Federal Express package (Number 911692955353) that I discovered on Monday morning. That information indicates that the package was picked up on Friday September 15, at 8:02 pm in Boston, and Federal Express delivered the package to the guard station in the building where Baach Robinson & Lewis PLLC has offices, in Washington, DC, at 11:50 am on Saturday, September 16, 2006.

8. On previous occasions, despite repeated requests from Ethypharm, Bentley has produced highly relevant documents in an untimely manner, including:

   a. <u>Two faxed communications between the General Manager of Bentley's subsidiary, Laborotorios Belmac SA, Adolfo Herrera, and the Chairman and CEO of Bentley, James Murphy, relating to the November 14, 2001, notice of termination sent to Ethypharm</u> (true and correct copies of which are attached hereto as Exhibit D). These documents were first requested on December 9, 2005, and as is clear from the cover letter enclosing them (a true and correct copy of which is attached hereto as Exhibit E), the documents were received by Ethypharm's attorneys on August 2, 2006, after the depositions of both Adolfo Herrera (General Manager of Laborotorios Belmac) and James Murphy (CEO of Bentley and President of Laborotorios Belmac), among approximately 30,000 pages discovery material unrelated to the issues of agency and joint tortfeasor status. These documents were identified as relevant to those issues only on August 4, 2006, one day before the close of discovery.

   b. <u>Monthly time allocation reports indicating the amount of time spent by Bentley executives managing the business of Laborotorios Belmac SA</u> (true and correct copies of which are attached hereto as Exhibit F). Despite repeated requests,

these documents were first produced via email (a true and correct copy of which is attached hereto as Exhibit G) after the close of discovery on the issues of agency and joint tortfeasor status on August 10, 2006, even though Bentley produced underlying management agreements in Spanish in April 2006.

c. <u>Monthly invoices between Bentley and Laborotorios Belmac SA for management fees owed to Bentley from Laborotorios Belmac relating to the time allocation reports discussed above</u> (true and correct copies of which are attached hereto as Exhibit H). Despite repeated requests, these documents were first produced on August 10, 2006, after the close of discovery on the issues of agency and joint tortfeasor status, *See* Exhibit G, even though Bentley had earlier produced other invoices between one of its wholly-owned U.S. subsidiaries, Pharma de Espana, and Laborotorios Belmac.

9. In response to the untimely production of documents on August 10, 2006, a partner of this firm, Dwight Bostwick, sent an email to counsel for Bentley (a true and correct copy is attached hereto as Exhibit I), reserving Ethypharm's rights with respect to Bentley's untimely production.

10. On Monday, September 18, 2006, Mr. Bostwick sent a letter (a true and correct copy of which is attached hereto as Exhibit J) to counsel for Bentley, requesting an explanation for the untimely production of the documents received on September 16, 2006, and received an emailed response from Mr. Stewart on Tuesday, September 19 (a true and correct copy of which is attached hereto as Exhibit K).

11. Ethypharm has repeatedly sought production of the documents that have been produced in an untimely manner, including in its served document requests, in correspondence (true and correct copies of which are attached as as Exhibit O), and during depositions (excerpts of the transcript of Michael Price are attached hereto as Exhibit P).

Dated: Washington, D.C.
September 21, 2006

_____
Jonathan D. Fine

4    **A82**