# EXHIBIT L

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ETHYPHARM S.A. France and | ) | |
| ETHYPHARM S.A. Spain, | ) | |
| | ) | **C.A. No.: 04-1300-SLR** |
| Plaintiffs, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| BENTLEY PHARMACEUTICALS, INC. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**
**OF DOCUMENTS LIMITED TO THE ISSUES OF**
**AGENCY AND JOINT TORTFEASOR STATUS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's

November 29, 2005 Scheduling Order, Plaintiffs Ethypharm S.A. France and Ethypharm

S.A. Spain, through undersigned counsel, hereby submit their First Request for

Production of Documents Limited to the Issues of Agency and Joint Tortfeasor Status

("Document Requests") upon Defendant Bentley Pharmaceuticals, Inc. by service of this

Request upon defendant's counsel. Defendant is requested to respond to these Document

Requests, in writing, and to produce for Plaintiffs' inspection and copying any and all

documents called for by this Request within thirty (30) days of the date hereof, at the

offices of Baach Robinson & Lewis, unless some other location is agreed by counsel.

## DEFINITIONS

The following definitions apply to these Discovery Requests:

A.    <u>Document</u>.    The term "document" is defined to be synonymous in

meaning and equal in scope to the usage of this term in Rule 34 of the Federal Rules of

Civil Procedure. The term "document(s)" shall include, without limitation, the original

(or, when the original is not in your possession, custody or control, a carbon or other identical copy) and any nonidentical copy (e.g., different from the original because of attachments, notes or markings) of all written, printed, typed, recorded, or visually or aurally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, letters, e-mail or other electronic communications, notes, memoranda, books, records, lists, profiles, summaries, minutes, bills, contracts, agreements, orders, receipts, drawings or sketches, advertisements or promotional literature, marketing materials, business plans, manuals, newsletters, telegrams, tapes, discs, computer tapes, hard drives, films or other recordings, test data and reports prepared by any person.

      B.    <u>Communication</u>. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise, in writing, orally, electronically or otherwise.

      C.    <u>Concerns or Concerning</u>. The term "concerning" means relating to, referring to, describing, evidencing or constituting. For example, a document request that seeks "All documents concerning" a specified subject requires production of any document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, contradicts, is inconsistent with or is in anyway pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

      D.    <u>Refer or Relate</u>. A document or documents that "refer(s) or relate(s) to" any specified subject means any document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, contradicts, is inconsistent with or is in anyway pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

2

**A216**

E.     The "Complaint" or "Plaintiffs' Complaint".  The Complaint or Plaintiffs' Complaint shall mean the Complaint filed by the Plaintiffs in this action on September 27, 2004.

F.     "Ethypharm" or "Plaintiffs".  For purposes of these Document Requests, the term Ethypharm or Plaintiffs shall mean either Ethypharm S.A. France or Ethypharm S.A. Spain as defined more specifically in paragraphs 27 and 28 of Plaintiffs' Complaint. For example, a Document Request that seeks communications with Ethypharm calls for the production of any communication with Ethypharm S.A. France or Ethypharm S.A. Spain either alone or in combination.

G.     "Bentley", Defendant", "You" or "Your."  Bentley shall mean the Defendant in this action, Bentley Pharmaceuticals, Inc., as well as all its predesssors (including Belmac Corporation), its agents, employees, owners, representatives, accountants and attorneys, its parents, affiliates, divisions, controlled companies, subsidiaries, and other related entities, the agents, employees, representatives, accountants and attorneys of those entities and all other persons or entities acting, purporting to act, on its behalf.

H.     "Bentley's Spanish subsidiaries".  For purposes of these Document Requests, the term Bentley's Spanish subsidiaries shall mean Laboratorios Belmac, S.A.; Laboratorios Rimafar, SL; Laboratorios Davur, SL and Pharma de Espana (and their predecessors) as well as any and all offices or plants of any of these entities including but not limited to the Laboratorios Belmac plant in Zaragoza, Spain and its offices in Madrid. For example, a Document Request that seeks "All documents concerning communications between Bentley and its Spanish subsidiaries" calls for the production of

3

any communication between Bentley and any of the subsidiaries identified in this paragraph either alone or in combination.

I. "Belmac". Belmac shall mean "Laboratorios Belmac, S.A., a wholly owned Spanish subsidiary of Bentley, and all of its predecessors, agents, employees, owners, representatives, accountants, attorneys and all other persons or entities acting or purporting to act, on its behalf.

J. The "James Murphy Declaration". The James Murphy Declaration shall mean the Declaration of James R. Murphy filed in support of Defendant Bentley Pharmaceuticals, Inc.'s Motion to Dismiss.

K. The "Adolfo Herrera Declaration". The Adolfo Herrera Declaration shall mean the Declaration of Adolfo Herrera filed in support of Defendant Bentley Pharmaceuticals, Inc.'s Motion to Dismiss.

## INSTRUCTIONS

The following instructions (as well as the requirements of Rule 34 of the Federal Rules of Civil Procedure) apply to these Document Requests:

1. These Document Requests are directed to the issues of agency (express agency, apparent agency, and/or ratification) and Bentley's alleged joint tortfeasor status. In addition to setting forth specific document requests relating to the issues of agency and joint tortfeasor status, many of the document requests also provide specific examples of the types of documents called for as an aid to the defendants and to the Court. These examples are illustrative and are not meant to limit the full scope of any particular document request.

4

**A218**

2.    Defendant should produce any and all documents requested as they are kept in the ordinary course of business and should produce or identify the file or subfile in which the responsive document was located.

3.    Each Document Request should be responded to separately and fully under oath, unless it is objected to, in which event the objecting party should state the reasons for the objection and should respond to the extent the Discovery Request is not objectionable.

4.    All grounds for an objection to a Document Request should be stated with specificity.

5.    These Document Requests are continuing.  Defendant should promptly supply, by way of the production of additional documents that may become discovered or become available prior to the resolution of this action.

6.    In responding to these Document Requests, Defendant shall produce all responsive electronic mail or messages ("e-mail"), either in hard copy form or on disk, including any e-mail which has been deleted from a workstation but still can be retrieved from a server, or any archive, including the archive for a workstation or a server, or any backup tape, including the backup tape for any workstation or server.

7.    Unless stated otherwise in a particular Document Request, these Requests call for the identification and production of information or documents generated, forwarded or received between January 1, 1991 and the present.

8.    Whenever any document is required to be produced pursuant to this discovery request and that document has been destroyed, set forth the contents of the document, the date of destruction, the name of the person who ordered or authorized such

destruction, and identify the document fully and produce any other related documents
which refer to the destroyed document.

## CLAIMS OF PRIVILEGE

If you refuse to respond to any discovery request, or subpart, thereof, on the
ground of privilege, as to each request identify:

i.    The nature of the privilege, including work
      product;

ii.   If the privilege is being asserted in connection with a claim
      or defense governed by state law, the state's privilege rule
      being invoked;

iii.  With respect to each document withheld on
      the basis of privilege:

      (a)    the type of document,

      (b)    the general subject mater of the document,

      (c)    the date of the document,

      (d)    the author of the document,

      (e)    the addressee(s) of the document, and

      (f)    where not apparent, the
             relationship of the author and
             addressee to each other;

iv.   With respect to each oral communication:

      (a)    the name of the person making the communication,

      (b)    the name of the persons receiving the communication or
             present while the communication is made,

      (c)    where not apparent, the relationship of the person making
             the communication, the person receiving the
             communication or the person present while the
             communication is made,

6

**A220**

(d)    the date and place of the communication, and,

(c)    the general subject matter of the communication.

## DOCUMENT REQUESTS

In accordance with the above Instructions and Definitions, Defendant is requested to produce for inspection and copying the following documents from the files in the possession, custody or control of Bentley and/or Bentley's Spanish subsidiaries:

### Request for Documents No. 1

All documents concerning communications between Bentley and its Spanish subsidiaries specifically limited to any contemplated or actual written or oral arrangement with Ethypharm regarding the manufacture, production and/or sale of Omeprazole.

Your response to this request shall include, but shall not be limited to, all documents concerning communications between Bentley and its Spanish subsidiaries regarding:

- The oral contractual arrangement identified in paragraphs 12 and 13 of the Adolpho Herrera Declaration;
- Any oral or written contractual arrangements with Ethypharm entered into by Adolpho Herrera or Belmac's prior general managers, Angel Perez de Ayala and Clemente Gonzalez Azpeitia, that are referenced in paragraph 23 of the Adolpho Herrera Declaration; and

7

**A221**

• Any contemplated, written or oral confidentiality and nondisclosure agreements, the March 2000 Manufacturing Agreement, and the March 2000 Letter of Purchase of Undertaking that are identified in paragraphs 15, 18 and 19 of the Adolpho Herrera Declaration.

**Request for Documents No. 2**

All documents concerning communications between Bentley and its Spanish subsidiaries specifically limited to the decision in or around 2000 or 2001 to discontinue the longstanding written and/or oral arrangements with Ethypharm regarding the manufacture, production and/or sale of Omeprazole.

Your response shall include, but shall not be limited to, all documents concerning communications between Bentley and its Spanish subsidiaries regarding the November of 2001 determination not to renew Belmac's Manufacturing Agreement with Ethypharm that is referenced in paragraph 20 of the Adolpho Herrera Declaration.

**Request for Documents No. 3**

All documents concerning communications between Bentley and its Spanish subsidiaries specifically limited to the use of Ethypharm's (or what Ethypharm alleges to be its) trade secrets, know-how, proprietary process, specifications, studies, procedures, confidential formulae, customer lists and/or machinery to produce, manufacture and/or market Omeprazole, Lanzsoprazole or any other pharmaceutical products.

8

Your response shall include, but shall not be limited to, all documents concerning communications between Bentley and its Spanish subsidiaries regarding:

- The business arrangement described in paragraphs 5 through 11 of the Complaint;

- The business arrangement referenced in paragraph 13 of the Adolpho Herrera Declaration;

- Any contemplated, written or oral confidentiality or non-disclosure agreements with Ethypharm; and/or

- Belmac's continued use or return of Ethypharm's machinery and equipment from Belmac's factory in 2002 or 2003 referenced in paragraph 22 of the Adolpho Herrera Declaration.

**Request for Documents No. 4**

All documents concerning communications between Bentley and its Spanish subsidiaries specifically limited to the supply of Omeprazole to customers that had or were purchasing Omeprazole from Ethypharm ("Ethypharm's customers").

Your response shall include, but shall not be limited to, all documents concerning communications between Bentley and its Spanish subsidiaries regarding:

- The negotiation or execution of third party contracts with Ethypharm's customers; and

9

**A223**

- Belmac's continued supply of Omeprazole to Ethypharm's customers in 2002 or 2003 referenced in paragraph 21 of the Adolpho Herrera Declaration.

**Request for Documents No. 5**

All documents that refer or relate to any suggestion, policy or requirement that any employee of Belmac (including Belmac's general manager) contact, consult with, report to, or receive authorization from Bentley, the Bentley Board of Directors, James Murphy and/or Michael Price, either as a general matter or in connection with any aspect of Belmac's relationship with Ethypharm and/or the manufacture, production or sale of Omeprazole.

Your response shall include, but shall not be limited to:

- All documents relating to Belmac's relationship with Ethypharm that concern "major issues that exceed the powers delegated" to any Belmac general manager such that the signature or approval of James Murphy was required (as described in paragraph 12 of the James Murphy Declaration); and

- Any instance where a general manager or employee of Belmac has sought or received the suggestion, authorization, ratification or direction of James Murphy or anyone else at Bentley in the context of Belmac's dealings with Ethypharm.

10

**A224**

**Request for Documents No. 6**

All documents concerning any trips, telephone calls or other contacts made by James Murphy, Michael Price or any other Bentley employee or agent to Bentley's Spanish subsidiaries from 1991 to the present specifically limited to those trips, telephone calls or other contacts that, in whole or in part, referred or related to Belmac's dealings with Ethypharm and/or the manufacture, production and/or sale of Omeprazole for Ethypharm.

Your response shall include, but shall not be limited to, all documents concerning communications between Bentley and its Spanish subsidiaries regarding those trips and contacts generally described in paragraph 12 of the James Murphy Declaration and shall include documents evidencing which company paid for business travel, lodging and expenses for these trips, telephone calls and communications.

**Request for Documents No. 7**

All documents concerning any trips, telephone calls or other contacts made by Adolpho Herrera or any Belmac employee including, but not limited to, Belmac's prior general managers, Angel Perez de Ayala and Clemente Gonzalez Azpeitia, to contact James Murphy or Bentley from 1991 to the present specifically limited to those trips, telephone calls or other contacts that, in whole or in part, referred or related to Belmac's dealings with Ethypharm and/or the manufacture, production and/or sale of Omeprazole for Ethypharm.

11

**A225**

Your response shall include, but shall not be limited to, documents evidencing what company paid for business travel, lodging and expenses for these trips, telephone calls and communications.

**Request for Documents No. 8**

All documents generated by Bentley and/or Bentley's Spanish subsidiaries, specifically limited to business plans, strategies, marketing plans or materials, business goals, sales projections regarding the manufacture, production and/or sale of Omeprazole for Ethypharm or its customers.

Your response shall include, but shall not be limited to, all documents concerning communications between James Murphy and any officer of Belmac regarding the discussion of "general strategies" relating to Ethypharm and the manufacture, production and/or sale of Omeprazole for Ethypharm or its customers as referenced generally in paragraph 12 of the James Murphy Declaration.

**Request for Documents No. 9**

All documents concerning any direct communications between any employee of Bentley Pharmaceuticals, Inc. (including but not limited to James Murphy) or Bentley's Spanish subsidiaries and Ethypharm (including but not limited to communications with Patrice Debregeas, Gerard Leduc or Adolpho de Basilio).

12

**A226**

Your response shall include, but shall not be limited to, all drafts or versions of the January 1997 correspondence between James Murphy and Patrice Debregeas that is referenced in paragraphs 44 and 45 of Plaintiffs' Complaint as well as any communications Bentley had with its Spanish subsidiaries regarding this correspondence.

**Request for Documents No. 10**

All documents (including notes, records, minutes or any relevant portions thereof) from Board Meetings of Bentley and/or its Spanish subsidiaries that refer or relate to Ethypharm and/or the manufacture, production or sale of Omeprazole for Ethypharm or its customers including, but not limited to, to any decisions made by, approved by, ratified by or discussed with James Murphy or Michael Price or any Bentley employee or Board member.

**Request for Documents No. 11**

All documents generated by or for Bentley or its Spanish subsidiaries that describe any contemplated or actual arrangement with Ethypharm regarding the manufacture, production and/or sale of Omeprazole, including but not limited to SEC statements, SEC Filings and Press Releases.

**Request for Documents No. 12**

All documents that refer or relate to the identity of the members of Belmac's Board of Directors and the identity of the general managers of Belmac from 1991 to the present including, but not limited to, all documents evidencing what role Bentley and/or

13

**A227**

James Murphy played in the selection of these members of the Belmac Board of Directors and the selection of Belmac's general managers.

## Request for Documents No. 13

All documents that formally set forth or formally describe the corporate status of Bentley Pharmaceuticals, Inc.; Pharma de Espana; Laboratorios Belmac, S.A.; Bentley API, SL; Laboratorios Rimafar, SL; and Laboratorios Davur, SL., as well as the nature of the corporate relationships between and among these entities.

Documents responsive to this request will include, but will not be limited to, articles of incorporation, formal descriptions of corporate status, internal charts, organizational charts or diagrams, or marketing materials describing or graphically depicting the nature of the corporate relationship between the entities.

## Request for Documents No. 14

All documents that refer or relate to the powers delegated to the Belmac general managers from 1991 to the present (including limitations on such delegation of powers) and all documents that refer or relate to any communications or consultations that are required by any corporate policy, procedures or custom between and among Belmac general managers and Bentley when the delegation of responsibility is exceeded as referenced in paragraphs 11 and 12 of the James Murphy Declaration. Your response shall include, but shall not be limited to, any documents concerning Ethypharm.

14

**A228**

**Request for Documents No. 15**

All documents from either Bentley or Bentley's Spanish subsidiaries that refer or relate to Bentley's participation in, authorization of, or knowledge of any of the following:

- Any contemplated or actual written or oral arrangement with Ethypharm regarding the manufacture, production and/or sale of Opmeprazole;

- The decision in or around 2000 or 2001 to discontinue the longstanding written and/or oral arrangements with Ethypharm regarding the manufacture, production and/or sale or Omeprazole;

- The use of Ethyphram's trade secrets, know-how, proprietary process, specification, studies, procedures, confidential formulae, customer lists and/or machinery to produce, manufacture and/or market Omeprazole, Lanzsoprazole or any other pharmaceutical products; or

- The supply of Omeprazole to Ethypharm's customers.

15

**A229**

Dated:  December 9, 2005                    Respectfully submitted,

                                            MURPHY SPADARO & LANDON

                                            _Fank Murphy (by DPB)_

                                            Francis J. Murphy, Esq. (No. 223)
                                            1011 Centre Road, Suite 210
                                            Wilmington, DE 19805
                                            Tel: (302) 472-8100
                                            Fax: (302) 472-8135
                                            E-Mail: Fmurphy@msllaw.com

                                            BAACH ROBINSON & LEWIS PLLC

                                            _Dwight P. Bostwick_

                                            Dwight P. Bostwick, Esq. (D.C. No. 427758)
                                            Manuel S. Varella, Esq.  (D.C. No. 461331)
                                            Jonathan D. Fine, Esq. (D.C. No. 491185)
                                            1201 F Street, NW, Suite 500
                                            Washington, DC 20004
                                            Tel: (202) 833-8900
                                            Fax: (202) 466-5738

16

**A230**

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Defendant's Rule 26 Initial Disclosure to be served this 9th day of December 2005, via e-mail and first class mail, to the following counsel of record:

Craig E. Stewart, Esq.
Veronica C. Abreu, Esq.
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
Telephone: (617) 239-0100

Richard L. Horwitz, Esq.
David E. Moore, Esq.
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000


Dwight P. Bostwick, Esq.
BAACH, ROBINSON & LEWIS PLLC
1201 F Street, NW, Suite 500
Washington, DC 20004
Tel: (202) 833-8900
Fax: (202) 466-5738

**A231**