# EXHIBIT N

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETHYPHARM S.A. France and<br>ETHYPHARM S.A. Spain,<br><br>   **Plaintiffs,**<br><br>  v.<br><br>BENTLEY PHARMACEUTICALS, INC.<br><br>   **Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

    **C.A. No.: 04-1300-SLR**

    **JURY TRIAL DEMANDED**

**PLAINTIFFS' SECOND SUPPLEMENTAL FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS LIMITED TO THE ISSUES OF
AGENCY AND JOINT TORTFEASOR STATUS**

   Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's November 29, 2005 Scheduling Order, Plaintiffs Ethypharm S.A. France and Ethypharm S.A. Spain, through undersigned counsel, hereby submit this Second Supplemental First Request for Production of Documents Limited to the Issues of Agency and Joint Tortfeasor Status ("Supplemental Requests" or "Document Requests") by service upon counsel for Defendant Bentley Pharmaceuticals, Inc. ("Bentley"). By serving these Supplemental Requests, Ethypharm does not concede that production of any of the documents requested herein has not been requested previously, by *inter alia*, Document Request 13 of Plaintiffs' First Request for Production of Documents Limited to the Issues of Agency and Joint Tortfeasor Status, dated December 9, 2005. Defendant is requested to respond to these Supplemental Requests in writing and to produce for Plaintiffs' inspection and copying any and all documents called for by this

**A244**

Request within thirty (30) days of the date hereof, at the offices of Baach Robinson & Lewis, unless some other location is agreed by counsel.

## DEFINITIONS

The following definitions apply to these Supplemental Requests:

A.    <u>Document</u>.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34 of the Federal Rules of Civil Procedure.  The term "document(s)" shall include, without limitation, the original (or, when the original is not in your possession, custody or control, a carbon or other identical copy) and any nonidentical copy (e.g., different from the original because of attachments, notes or markings) of all written, printed, typed, recorded, or visually or aurally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, letters, e-mail or other electronic communications, notes, memoranda, books, records, lists, profiles, summaries, minutes, bills, contracts, agreements, orders, receipts, drawings or sketches, advertisements or promotional literature, marketing materials, business plans, manuals, newsletters, telegrams, tapes, discs, computer tapes, hard drives, films or other recordings, test data and reports prepared by any person.

B.    <u>Communication</u>.    The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise, in writing, orally, electronically or otherwise.

C.    <u>Concerns or Concerning</u>.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.  For example, a document request that seeks "All documents concerning" a specified subject requires production of any document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, contradicts, is

2

**A245**

inconsistent with or is in anyway pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

D.    Refer or Relate.  A document or documents that "refer(s) or relate(s) to" any specified subject means any document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, contradicts, is inconsistent with or is in anyway pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

E.    The "Complaint" or "Plaintiffs' Complaint".    The Complaint or Plaintiffs' Complaint shall mean the Complaint filed by the Plaintiffs in this action on September 27, 2004.

F.    "Ethypharm" or "Plaintiffs".    For purposes of these Document Requests, the term Ethypharm or Plaintiffs shall mean either Ethypharm S.A. France or Ethypharm S.A. Spain as defined more specifically in paragraphs 27 and 28 of Plaintiffs' Complaint.  For example, a Document Request that seeks communications with Ethypharm calls for the production of any communication with Ethypharm S.A. France or Ethypharm S.A. Spain either alone or in combination.

G.    "Bentley", "Defendant", "You" or "Your."  Bentley shall mean the Defendant in this action, Bentley Pharmaceuticals, Inc., as well as all its predecessors (including Belmac Corporation), its agents, employees, owners, representatives, accountants and attorneys, its parents, affiliates, divisions, controlled companies, subsidiaries, and other related entities, the agents, employees, representatives, accountants and attorneys of those entities and all other persons or entities acting, purporting to act, on its behalf.

H.    "Bentley's Spanish subsidiaries".  For purposes of these Document Requests, the term Bentley's Spanish subsidiaries shall mean Laboratorios Belmac, S.A.; Laboratorios

Rimafar, SL; Laboratorios Davur, SL and Pharma de Espana (and their predecessors) as well as any and all offices or plants of any of these entities including but not limited to the Laboratorios Belmac plant in Zaragoza, Spain and its offices in Madrid.   For example, a Document Request that seeks "All documents concerning communications between Bentley and its Spanish subsidiaries" calls for the production of any communication between Bentley and any of the subsidiaries identified in this paragraph either alone or in combination.

I.      "Belmac".  Belmac shall mean "Laboratorios Belmac, S.A.," a wholly owned Spanish subsidiary of Bentley, and all of its predecessors, agents, employees, owners, representatives, accountants, attorneys and all other persons or entities acting or purporting to act, on its behalf.

J.      The "James Murphy Declaration".  The James Murphy Declaration shall mean the Declaration of James R. Murphy filed in support of Defendant Bentley Pharmaceuticals, Inc.'s Motion to Dismiss.

K.      The "Adolfo Herrera Declaration".  The Adolfo Herrera Declaration shall mean the Declaration of Adolfo Herrera filed in support of Defendant Bentley Pharmaceuticals, Inc.'s Motion to Dismiss.


## INSTRUCTIONS

The following instructions (as well as the requirements of Rule 34 of the Federal Rules of Civil Procedure) apply to these Document Requests:

1.      These Document Requests are directed to the issues of agency (express agency, apparent agency, and/or ratification) and Bentley's alleged joint tortfeasor status.  In addition to setting forth specific document requests relating to the issues of agency and joint tortfeasor

4

status, many of the document requests also provide specific examples of the types of documents called for as an aid to the defendants and to the Court.  These examples are illustrative and are not meant to limit the full scope of any particular document request.

2.      Defendant should produce any and all documents requested as they are kept in the ordinary course of business and should produce or identify the file or subfile in which the responsive document was located.

3.      Each Document Request should be responded to separately and fully under oath, unless it is objected to, in which event the objecting party should state the reasons for the objection and should respond to the extent the Discovery Request is not objectionable.

4.      All grounds for an objection to a Document Request should be stated with specificity.

5.      These Document Requests are continuing.  Defendant should promptly supply, by way of the production of additional documents that may become discovered or become available prior to the resolution of this action.

6.      In responding to these Document Requests, Defendant shall produce all responsive electronic mail or messages ("e-mail"), either in hard copy form or on disk, including any e-mail which has been deleted from a workstation but still can be retrieved from a server, or any archive, including the archive for a workstation or a server, or any backup tape, including the backup tape for any workstation or server.

7.      Unless stated otherwise in a particular Document Request, these Requests call for the identification and production of information or documents generated, forwarded or received between January 1, 1991 and the present.

8.    Whenever any document is required to be produced pursuant to this discovery request and that document has been destroyed, set forth the contents of the document, the date of destruction, the name of the person who ordered or authorized such destruction, and identify the document fully and produce any other related documents which refer to the destroyed document.

### CLAIMS OF PRIVILEGE

If you refuse to respond to any discovery request, or subpart, thereof, on the ground of privilege, as to each request identify:

    i.    The nature of the privilege, including work product;

    ii.    If the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked;

    iii.    With respect to each document withheld on the basis of privilege:

        (a)    the type of document,

        (b)    the general subject matter of the document,

        (c)    the date of the document,

        (d)    the author of the document,

        (e)    the addressee(s) of the document, and

        (f)    where not apparent, the relationship of the author and addressee to each other;

    iv.    With respect to each oral communication:

        (a)    the name of the person making the communication,

        (b)    the name of the persons receiving the communication or present while the communication is made,

6

(c)     where not apparent, the relationship of the person making the communication, the person receiving the communication or the person present while the communication is made,

(d)     the date and place of the communication, and,

(e)     the general subject matter of the communication.

## DOCUMENT REQUESTS

In accordance with the above Instructions and Definitions, Defendant is requested to produce for inspection and copying the following documents from the files in the possession, custody or control of Bentley and/or Bentley's Spanish subsidiaries:

### Second Supplemental Request for Documents No. 1:

All documents concerning internal communications at Bentley, Belmac or communications between the two entities relating to Omeprazole and/or Ethypharm.

### Second Supplemental Request for Documents No. 2:

All documents concerning meetings or discussions relating to Ethypharm or Omeprazole, such as documents relating to the December 2001 meeting between Bentley and Belmac personnel in the U.S.

### Second Supplemental Request for Documents No. 3:

All documents concerning Bentley's and or Belmac's business plans, projections, financial and/or risk/benefit analyses relating to Omeprazole.

7

**A250**

**Second Supplemental Request for Documents No. 4:**

All documents concerning any registrations or patents for Omeprazole, especially around the time of the termination of the relationship with Ethypharm.

**Second Supplemental Request for Documents No. 5:**

All documents concerning whether and how to contact existing Omeprazole customers about any changes in the relationship with Ethypharm and/or changes in the Omeprazole product.

**Second Supplemental Request for Documents No. 6:**

All documents relating to any bank accounts or credit lines Bentley opened for the benefit of Bentley's Spanish subsidiaries, including the account authorized by the Bentley Board of Directors in or around October 2000.

**Second Supplemental Request for Documents No. 7:**

All documents relating to the increase in capital around March 2004 that took place in consideration for a loan to or line of credit for Belmac in excess of US $5 or $6 million.

**Second Supplemental Request for Documents No. 8:**

All documents relating to any compensation, bonuses, stock or other benefits that Bentley authorized or gave to any Belmac employees.

8

A251

**Second Supplemental Request for Documents No. 9:**

All draft or final press releases and public statements relating to Omeprazole and/or

Ethypharm.

Dated:  June 23, 2006                                    Respectfully submitted,

                                                        MURPHY SPADARO & LANDON


                                                        _/s/ Francis J. Murphy_____
                                                        Francis J. Murphy (No. 223)
                                                        1011 Centre Road, Suite 210
                                                        Wilmington, DE 19805
                                                        Tel: (302) 472-8100
                                                        Fax: (302) 472-8135
                                                        E-Mail: Fmurphy@msllaw.com

**OF COUNSEL:**

Dwight P. Bostwick (D.C. No. 427758)
Jonathan D. Fine (D.C. No. 491185)
BAACH ROBINSON & LEWIS PLLC
1201 F Street, NW, Suite 500
Washington, DC 20004
Tel: (202) 833-8900
Fax: (202) 466-5738

9

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Plaintiffs' Second Supplemental First Request for Production of Documents Limited to the Issues of Agency and Joint Tortfeasor Status to be served this 23rd day of June 2006, via e-mail, to the following counsel of record:

Craig E. Stewart, Esq.
Veronica C. Abreu, Esq.
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
Telephone: (617) 239-0100

John L. Reed (I.D. 3023)
Denise Seastone Kraft (I.D. 2778)
Joseph B. Cicero (4388)
EDWARDS ANGELL PALMER & DODGE LLP
919 N. Market Street, 15th Floor
Wilmington, DE 19801
302.777.7770
302.777.7263
jreed@eapdlaw.com
dkraft@eapdlaw.com
jcicero@eapdlaw.com

Jonathan D. Fine
BAACH, ROBINSON & LEWIS PLLC
1201 F Street, NW, Suite 500
Washington, DC 20004
Tel: (202) 833-8900
Fax: (202) 466-5738

10

A253