# EXHIBIT Q

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETHYPHARM S.A. France and<br>ETHYPHARM S.A. Spain,<br><br>          Plaintiffs,<br><br>    v.<br><br>BENTLEY PHARMACEUTICALS, INC.<br><br>          Defendant | C.A. No.: 04-1300-SLR<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES LIMITED TO THE ISSUES OF AGENCY AND JOINT TORTFEASOR STATUS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's November 29, 2005 Scheduling Order, Plaintiffs Ethypharm S.A. France and Ethypharm S.A. Spain, through undersigned counsel, hereby submit their First Set of Interrogatories Limited to the Issues of Agency and Joint Tortfeasor Status ("Interrogatory Requests") upon Defendant Bentley Pharmaceuticals, Inc by service of this Request upon its counsel. Defendant is requested to respond to these Interrogatory Requests, in writing, and to produce for Plaintiffs' inspection and copying any and all documents called for within thirty (30) days of the date hereof, at the offices of Baach Robinson & Lewis, unless some other location is agreed by counsel.

### DEFINITIONS

The following definitions apply to these Interrogatory Requests:

A.    <u>Document</u>. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34 of the Federal Rules of Civil Procedure. The

term "document(s)" shall include, without limitation, the original (or, when the original is not in your possession, custody or control, a carbon or other identical copy) and any nonidentical copy (e.g., different from the original because of attachments, notes or markings) of all written, printed, typed, recorded, or visually or aurally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, letters, e-mail or other electronic communications, notes, memoranda, books, records, lists, profiles, summaries, minutes, bills, contracts, agreements, orders, receipts, drawings or sketches, advertisements or promotional literature, marketing materials, business plans, manuals, newsletters, telegrams, tapes, discs, computer tapes, hard drives, films or other recordings, test data and reports prepared by any person.

    B.    <u>Communication</u>. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise, in writing, orally, electronically or otherwise.

    C.    <u>Concerns or Concerning</u>. The term "concerning" means relating to, referring to, describing, evidencing or constituting. For example, an interrogatory request that seeks information concerning a specified subject requires a full description of any information that refers or relates in any way to that subject.

    D.    <u>Refer or Relate</u>. The term "refer(s) or relate(s) to" means describing, evidencing or constituting. For example, an interrogatory request that seeks information that refers or relates to a specified subject requires a full description of any information that in any way concerns that subject.

    E.    <u>The "Complaint" or "Plaintiffs' Complaint"</u>. The Complaint or Plaintiffs' Complaint shall mean the Complaint filed by the Plaintiffs in this action on September 27, 2004.

2

F. "Ethypharm" or "Plaintiffs". For purposes of these Interrogatory Requests, the term Ethypharm or Plaintiffs shall mean either Ethypharm S.A. France or Ethypharm S.A. Spain as defined more specifically in paragraphs 27 and 28 of Plaintiffs' Complaint. For example, an Interrogatory Request that seeks information regarding communications with Ethypharm calls for information regarding any communication with Ethypharm S.A. France or Ethypharm S.A. Spain either alone or in combination.

G. "Bentley", Defendant", "You" or "Your." Bentley shall mean the Defendant in this action, Bentley Pharmaceuticals, Inc., as well as all its predesssors (including Belmac Corporation), its agents, employees, owners, representatives, accountants and attorneys, its parents, affiliates, divisions, controlled companies, subsidiaries, and other related entities, the agents, employees, representatives, accountants and attorneys of those entities and all other persons or entities acting, purporting to act, on its behalf.

H. "Bentley's Spanish subsidiaries". For purposes of these Interrogatory Requests, the term Bentley's Spanish subsidiaries shall mean Laboratorios Belmac, S.A.; Laboratorios Rimafar, SL; Laboratorios Davur, SL and Pharma de Espana (and their predecessors) as well as any and all offices or plants of any of these entities including but not limited to the Laboratorios Belmac plant in Zaragosa, Spain and its offices in Madrid. For example, an Interrogatory Request that seeks information concerning communications between Bentley and its Spanish subsidiaries calls for information regarding any communication between Bentley and any of the subsidiaries identified in this paragraph either alone or in combination.

I. "Belmac". Belmac shall mean "Laboratorios Belmac, S.A., a wholly owned Spanish subsidiary of Bentley, and all of its predecessors, agents, employees, owners, representatives, accountants, attorneys and all other persons or entities acting or purporting to act, on its behalf.

3

J.  <u>The "James Murphy Declaration"</u>. The James Murphy Declaration shall mean the Declaration of James R. Murphy filed in support of Defendant Bentley Pharmaceuticals, Inc.'s Motion to Dismiss.

K.  <u>The "Adolfo Herrera Declaration"</u>. The Adolfo Herrera Declaration shall mean the Declaration of Adolfo Herrera filed in support of Defendant Bentley Pharmaceuticals, Inc.'s Motion to Dismiss.

## INSTRUCTIONS

The following instructions (as well as the requirements of Rule 33 of the Federal Rules of Civil Procedure) apply to these Interrogatory Requests:

1.  Each answer should first set forth verbatim the Interrogatory Request to which it is responsive.

2.  Each Interrogatory Request and subpart of each Interrogatory Request should be answered separately and fully in writing, under oath, unless it is objected to, in which event the objecting party should state the reasons for the objection and should answer to the extent the Interrogatory Request is not objectionable.

3.  Interrogatory Requests or subparts thereof should not be combined for the purpose of supplying a common answer. The answer to an Interrogatory Request or subpart should not be supplied by referring to the answer to another Interrogatory Request or subpart unless the Interrogatory Request or subpart referred to supplies a complete and accurate answer to the Interrogatory Request or subpart being answered.

4.  **Requests to Identify**. Whenever an Interrogatory Request asks for the identity (or to identify) a person, or whenever the same is required in the description of an entity,

document or thing, the answer shall state the full name of such person, his or her present address and telephone number (or, if unknown, the last known address and telephone number), the name and address of his or her last known place of employment, dates of employment and job titles with the Defendant, if applicable, and, if known, the person's social security number.

5.  **Requests to Describe**. Whenever an Interrogatory Requests asks for the description (or to describe) a particular set of circumstances, the answer shall state each and every fact so as to provide all information pertinent to the matter to which the inquiry relates.

6.  All grounds for an objection to an Interrogatory Request should be stated with specificity.

7.  These Interrogatory Requests are continuing. Defendant should promptly supply, by way of written supplemental answers, any additional responsive information that may become known prior to the resolution of this action.

8.  Unless stated otherwise in a particular Interrogatory Request, these Requests call for the identification and production of information that took place, was generated, forwarded or received between January 1, 1991 and the present.

## CLAIMS OF PRIVILEGE

If you refuse to respond to any Interrogatory Request, or subpart, thereof, on the ground of privilege, as to each request identify:

i.  The nature of the privilege, including work product;

ii. If the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked;

5

**A275**

iii. With respect to each document withheld on the basis of privilege:

 (a) the type of document,

 (b) the general subject mater of the document,

 (c) the date of the document,

 (d) the author of the document,

 (e) the addressee(s) of the document, and

 (f) where not apparent, the relationship of the author and addressee to each other;

iv. With respect to each oral communication:

 (a) the name of the person making the communication,

 (b) the name of the persons receiving the communication or present while the communication is made,

 (c) where not apparent, the relationship of the person making the communication, the person receiving the communication or the person present while the communication is made,

 (d) the date and place of the communication, and,

 (e) the general subject matter of the communication.

## INTERROGATORY REQUESTS

In accordance with the above Instructions and Definitions, Defendant is requested to provide answers to the following interrogatories:

### Interrogatory No. 1.

Identify every officer, director, employee or agent of Bentley that has communicated with any officer, director, employee or agent of any of Bentley's Spanish subsidiaries regarding any of the following subjects:

a) Any contemplated or actual written or oral arrangement with Ethypharm regarding the manufacture, production and/or sale of Omperazole;

b) The decision in or around 2000 or 2001 to discontinue the longstanding written and/or oral arrangements with Ethypharm regarding the manufacture, production and/or sale of Omeprazole;

c) The use of Ethypharm's trade secrets, know-how, proprietary process, specifications, studies, procedures, confidential formulae, customer lists and/or machinery to produce, manufacture and/or market Omeprazole, Lanzsoprazole or any other pharmaceutical products;

d) The supply of Omeprazole to customers that had or were purchasing Omeprazole from Ethyphram ("Ethypharm's custormers").

**Interrogatory No. 2.**

Identify every officer, director, employee or agent of any of Bentley's Spanish subsidiaries that has communicated with any officer, director, employee or agent of Bentley regarding any of the following subjects:

a) Any contemplated or actual written or oral arrangement with Ethypharm regarding the manufacture, production and/or sale of Omperazole;

b) The decision in or around 2000 or 2001 to discontinue the longstanding written and/or oral arrangements with Ethypharm regarding the manufacture, production and/or sale of Omeprazole;

c) The use of Ethypharm's trade secrets, know-how, proprietary process, specifications, studies, procedures, confidential formulae, customer lists and/or machinery to produce, manufacture and/or market Omeprazole, Lanzsoprazole or any other pharmaceutical products;

d) The supply of Omeprazole to Ethypharm's customers.

**Interrogatory No. 3**

Describe the circumstances of each contact, communication or discussion identified in Interrogatory Nos. 1 and 2.

**Interrogatory No. 4**

Identify every officer, director, employee or agent of Bentley that has traveled to Europe or elsewhere for a trip, that in whole or in part, referred or related to Belmac's

8

dealings with Ethypharm and/or the manufacture, production and/or sale of Omeprazole for Ethypharm and fully describe the circumstances of each trip.

**Interrogatory No. 5**

Identify every officer, director, employee or agent of any of Bentley's Spanish subsidiaries that has traveled to the United States or elsewhere for a trip, that in whole or in part, referred or related to Belmac's dealings with Ethypharm and/or the manufacture, production and/or sale of Omeprazole for Ethypharm and fully describe the circumstances of each trip.

**Interrogatory No. 6**

Identify every member of the following boards of directors from 1991 to the present, including any and all additional corporate affiliations, jobs, duties, employment, or involvements they may have: Bentley Pharmaceuticals, Inc.; Laboratorios Belmac, S.A.; Pharma de Espana; Bentley API, SL; Laboratorios Rimafar, SL; and Laboratorios Davur, SL.

**Interrogatory No. 7**

From 1991 to the present, describe the process used and the specific facts and circumstances surrounding each occasion where each general manager and Board Member for Bentley's Spanish subsidiaries has been hired and fired.

**Interrogatory Request No. 8**

Identify all "previous general managers" of Belmac referenced by paragraph 10 of the James Murpy Declaration and describe the "delegation of powers" referenced in the same paragraph granted with respect to each of the previous managers from 1991 to the present.

**Interrogatory No. 9**

Paragraph 11 of the James Murphy Declaration states that "Mr. Herrera need not consult with Belmac's board or Bentley unless he will exceed the delegation of responsibility." Describe all occasions when any general manager of Belmac has consulted with or sought suggestions, authorization or direction from anyone at Bentley (including James Murphy) regarding Belmac's business relationship with Ethypharm from 1991 to the present regardless of whether the delegation of responsibility was exceeded.

**Interrogatory No. 10**

With regard to paragraph 3 of the Adolfo Herrera Declaration, which states that "Belmac elects its own board of directors during its general shareholders' meeting," please identify the "sharcholders" of Belmac from 1991 to the present, and the number of votes each may cast in electing Belmac's directors.

10

**Interrogatory No. 11**

Identify and describe any direct communications between any employee of Bentley Pharmaceuticals, Inc. (including but not limited to James Murphy) and Ethypharm (including but not limited to communications with Patrice Debregeas, Gerard Leduc or Adolpho de Basilio).

**Interrogatory No. 12**

Identify each individual that formally or informally assisted in the oral or written translation of documents, instructions, or communications between and among Bentley and Bentley's Spanish subsidiaries from 1991 to the present.

Dated: December 9, 2005

Respectfully submitted,

MURPHY SPADARO & LANDON

*/s/ Francis Murphy (by DPB)*
Francis J. Murphy, Esq. (No. 223)
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel: (302) 472-8100
Fax: (302) 472-8135
E-Mail: Fmurphy@msllaw.com

BAACH ROBINSON & LEWIS PLLC

*/s/ Dwight P. Bostwick*
Dwight P. Bostwick, Esq. (D.C. No. 427758)
Manuel S. Varella, Esq. (D.C. No. 461331)
Jonathan D. Fine, Esq. (D.C. No. 491185)
1201 F Street, NW, Suite 500
Washington, DC 20004
Tel: (202) 833-8900
Fax: (202) 466-5738

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Defendant's Rule 26 Initial Disclosure to be served this 9th day of December 2005, via e-mail and first class mail, to the following counsel of record:

        Craig E. Stewart, Esq.
        Veronica C. Abreu, Esq.
        PALMER & DODGE LLP
        111 Huntington Avenue
        Boston, MA 02199
        Telephone: (617) 239-0100

        Richard L. Horwitz, Esq.
        David E. Moore, Esq.
        POTTER ANDERSON & CORROON LLP
        Hercules Plaza, 6th Floor
        1313 North Market Street
        P.O. Box 951
        Wilmington, DE 19899-0951
        Telephone: (302) 984-6000

        /s/ Dwight P. Bostwick
        Dwight P. Bostwick, Esq.
        BAACH, ROBINSON & LEWIS PLLC
        1201 F Street, NW, Suite 500
        Washington, DC 20004
        Tel: (202) 833-8900
        Fax: (202) 466-5738